## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |  |
|---|---|---|---|
| **GERALD FARMER, POMPEY HICKS,** | : | **CIVIL ACTION** | |
| **and ANTWON WILLIAMS, individually,** | : | | |
| **and on behalf of all others similarly** | : | FILED: JULY 11, 2008 | |
| **situated,** | : | 08CV3962 | |
| **Plaintiffs,** | : | JUDGE ST. EVE | |
| **v.** | : | **NO.** MAGISTRATE JUDGE VALDEZ | |
| | : | YM | |
| **DIRECTSAT USA, LLC, a/k/a UNITEK** | : | | |
| **USA,** | : | | |
| **Defendant.** | : | | |
| | : | | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1441, *et seq.*, Defendant DirectSat USA, LLC ("DirectSat") hereby files this Notice of Removal from the Circuit Court of Cook County, Illinois, in which it is now pending, to the United States District Court for the Northern District of Illinois. In support of removal, DirectSat avers as follows:

1.     Plaintiffs initiated the instant action on or about June 11, 2008 by filing a Complaint in the Circuit Court of Cook County, Illinois. A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit "A."

2.     DirectSat's first notice that this action was removable to this Court was no earlier than on or about June 13, 2008; however, DirectSat was not properly served until June 19, 2008.

3.     This Notice of Removal is timely filed within thirty (30) days (as calculated under applicable law and court rules) of DirectSat's first notice that the claim was removable to this Court. 28 U.S.C. §1446(b).

4.     Venue is properly laid in this district because a substantial part of the events giving rise to Plaintiffs' purported claim allegedly occurred in this district, and DirectSat is deemed to reside in this district. 28 U.S.C. §1391(b).

5.      This matter is removable to this Court pursuant to 28 U.S.C. §1441(b) and (c), because the Complaint purports to set forth a claim or cause of action for violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*   *See* Exhibit "A" at pp. 10-11 (Count V).

6.      Thus, Plaintiffs' claims arise, if at all, under the laws of the United States.  As such, the claims are within the original jurisdiction conferred on the district courts of the United States by 28 U.S.C. §1331 and §1343.

7.      To the extent Plaintiffs also purport to allege claims under Illinois law, including Illinois wage and overtime requirements, 820 ILCS §105, *et seq.*, this entire case is nonetheless removable, *see* 28 U.S.C. §1441(c), and this Court may exercise supplemental jurisdiction over any such state law  claims, if any.

8.      The present lawsuit is also removable from the state court to this Court pursuant to 28 U.S.C. §1441, *et seq.*, because the Complaint involves a class action in which at least one plaintiff is a citizen of a state different than DirectSat, and the aggregate amount in controversy for all Plaintiffs exceeds $5,000,000.00.  *See* 28 U.S.C. §1332.  Accordingly, removal is proper on this basis as well.

9.      The present lawsuit is removable from state court to this Court pursuant to 28 U.S.C. §1441(a), because the Complaint attempts to set forth causes of action against DirectSat that are within the original jurisdiction conferred on the District Courts of the United States by 28 U.S.C. §1332(d).

10.      There is complete diversity of citizenship in the instant action because, pursuant to Plaintiffs' Complaint, Plaintiffs Gerald Farmer, Antwon Williams, and Pompey Hicks are citizens of Illinois.  *See* Exhibit "A" at ¶¶ 1-3.

11.      DirectSat is a limited liability company organized under the laws of the State of Delaware with its principle place of business in the Commonwealth of Pennsylvania.  *Id.* at ¶ 5.

12.      The sole member of DirectSat is Unitek USA, LLC ("Unitek"), which is a Delaware limited liability company with a principal place of business located in Pennsylvania. The sole member of Unitek is Unitek Acquisition Corporation, which is a Delaware Corporation.

13.     Pursuant to Plaintiffs' Complaint, Plaintiffs are citizens of Illinois, and DirectSat is a citizen of Delaware.  28 U.S.C. §1332.

14.     Additionally, the proposed class exceeds 200 members.  *See* Plaintiffs' Motion for Class Certification, a true and correct copy of which is attached hereto as Exhibit "B" at ¶ 5.

15.     Further, the aggregate amount in controversy exceeds the sum of $5,000,000.00. Plaintiffs demand compensatory damages, interest, liquidated damages; and reasonable attorney's fees for each member of the class.  *See* Exhibit "A" at *ad damnum* clauses at pp. 11-12.

16.     Because this is a class action with complete diversity of citizenship and the aggregate amount in controversy exceeds the sum of $5,000,000.00, this case is properly removed to this Court.

17.     The present lawsuit is also removable from the state court to this Court pursuant to 28 U.S.C. §1441, *et seq.*, because the Complaint involves parties of diverse citizenship and the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. §1332.  Accordingly, removal is proper on this basis as well.

18.     The matter in controversy exceeds the sum of seventy five thousand dollars ($75,000.00) for each Plaintiff.  Plaintiffs demand compensatory damages, interest, liquidated damages; and reasonable attorney's fees.  *See* Complaint at *ad damnum* clauses at pp. 11-12.

19.     Because there is complete diversity of citizenship and the amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00) for each Plaintiff, this case is properly removed to this Court.

20.     Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the State Court and served upon the Plaintiff.

WHEREFORE, the above-captioned action, now pending in the Circuit Court of Cook County, Illinois, is removed therefrom to this Honorable Court.

Respectfully submitted,

/s/ Ursula A. Taylor

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA  19422
(215) 977-1000

Counsel for Defendant
DirectSat USA, LLC

Dated:  July 11, 2008

423042v3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

GERALD FARMER, POMPEY HICKS,                )
and ANTWON WILLIAMS, individually,          )    JURY DEMANDED
and on behalf of all others similarly        )
situated,                                    )    Case No.
                                             )
                    Plaintiffs,              )    08CH 20896
                                             )
        v.                                   )
                                             )
DIRECTSAT USA, LLC, a/k/a UNITEK            )
USA,                                         )
                                             )
                    Defendant.               )
                                             )

## COMPLAINT

Plaintiffs, GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS,

individually and on behalf of all other similarly situated employees, by and through their

counsel of record, bring their claims as a class action pursuant to the Illinois Code of

Civil Procedure, 735 ILCS §5/2-801 and §5/2-802 and in accordance with Illinois state

wage and hour law against Defendant, and allege, upon personal belief as to themselves

and their own acts, and as for all other matters upon information and belief, and based

upon the investigation made by their counsel, as follows:

## PARTIES

1.      Plaintiff Gerald Farmer is a resident of Cook County, Illinois and worked as an

hourly non-exempt service technician for Defendant located in the County of Cook, State

of Illinois, during the applicable statute of limitations period.



2.      Plaintiff Pompey Hicks is a resident of Cook County, Illinois and worked as an hourly non-exempt service technician for Defendant located in the County of Cook, State of Illinois, during the applicable statute of limitations period.

3.      Plaintiff Antwon Williams is a resident of Kankakee County, Illinois and worked as an hourly non-exempt service technician for Defendant located in the County of Cook and State of Illinois, during the applicable statute of limitations period.

4.      Plaintiffs bring this case on behalf of themselves and others who currently work, or who worked as a non-exempt service technician, production technician or other similarly titled position for the Defendant in the State of Illinois at any time during the three-year period immediately preceding the filing of the original complaint (hereinafter "Violation Period")

5.      Defendant, DirectSat USA, LLC, a/k/a Unitek USA ("Defendant") is a LLC with its headquarters located at 1777 Sentry Park West, Ste. 302, Blue Bell, Pennsylvania and doing business in the state of Illinois.

6.      Defendant's Illinois registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Dr., Springfield, Illinois.

7.      Defendant is in the business of installing and servicing satellite dishes throughout the state of Illinois. Defendant has maintained offices in South Holland, Illinois, Elmwood Park, Illinois and Sugar Grove, Illinois.[1] Defendant's technicians service customers located throughout Cook County and the state of Illinois.

---

[1] Defendant may have relocated some of its offices. For example, Plaintiffs believe that Defendant relocated its Sugar Grove office to Bolingbrook, Illinois.

2

## FACTUAL BACKGROUND

8.    Plaintiffs are individuals who were employed by Defendant as service technicians, production technicians or other similarly titled positions during the statutory period. Plaintiffs all shared similar job titles, compensation plans, job descriptions and job requirements.

9.    Defendant managed Plaintiffs' work, including the amount of hours worked by its technicians. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

10.   Plaintiffs were classified by Defendant as non-exempt under Illinois state wage and hour laws and paid an hourly rate. The amount of Plaintiffs' hourly rate varied and was contingent on the amount of jobs completed by each technician on a weekly basis.

11.   Defendant provided Plaintiffs with work orders on a daily basis. Plaintiffs traveled to customers' homes to install or service satellites and complete their work orders. At the close of each job, Plaintiffs were required to use their company issued Nextel radio to call dispatch and inform them that the job had been completed.

12.   Defendant suffered and permitted Plaintiffs to regularly work more than 40 hours per week without proper overtime compensation. Plaintiffs routinely worked in excess of eight hours per day six or seven days per week driving to customers' homes and completing work orders.

13.   Defendant provided Plaintiffs with handwritten time sheets that they were to complete each week. However, Defendant trained and directed its technicians to record less time than they actually worked. Upon information and belief, the actual time

3

worked by technicians completing work orders can be identified via call logs, other records maintained by Defendant and Plaintiffs' testimony.

14.    Defendant also encouraged Plaintiffs to begin work before the start of their route and continue to perform work after completing their last work order thereby requiring them to work unpaid time "off-the-clock." Plaintiffs performed a variety of work off the clock including, but not limited to receiving work orders at their homes via facsimile, mapping out directions for their service calls, receiving calls from dispatch on their Nextel radios, preparing satellite dishes, loading satellites and other equipment into their vehicles and unloading the same materials from their vehicles at the end of each day, completing paperwork regarding completed work orders and attending weekly meetings.

15.    Defendant failed to accurately record actual hours worked by its technicians. Rather, Defendant willfully encouraged its technicians to perform tasks and work additional time, including overtime, while off-the-clock.

16.    Defendant knew and was aware at all times that its production technicians routinely worked more than 40 hours per week.    Nonetheless, Defendant failed to properly pay its production technicians for all overtime hours actually worked.

17.    Defendant's practices violated the provisions of Illinois wage and hour law. As a result of Defendant's unlawful practice, the Defendant benefited from reduced labor and payroll costs.

18.    Plaintiffs were all subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the

requirements of Illinois wage and hour laws, Plaintiffs suffered lost wage and other damages.

## CLASS ALLEGATIONS

19.    Representative Plaintiff brings claims for relief on his own and as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802. The class is defined as:

> "All individuals who were employed by the one or more of the Defendant, its subsidiaries or affiliated companies, in the state of Illinois as service technicians or other similarly titled positions at any time during the relevant statute of limitations."

20.    This action is properly maintainable as a class action under §2-801 because:

    a.    The class is so numerous that joinder of all members is impracticable,

    b.    There are questions of law or fact that are common to the class,

    c.    The claims or defenses of the representative parties are typical of the claims or defenses of the class, and,

    d.    The Representative Plaintiffs will fairly and adequately protect the interests of the class.

### Numerosity

21.    The total number of putative class members represents approximately several hundred individuals. The exact number of class members may be determined from Defendant's records.

### Commonality

22.    There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

    e.    Whether Defendant failed to keep true and accurate time records for all hours worked;

5

    f.   Whether Defendant's records of hours worked are reliable where Defendant failed its duty to maintain true and accurate time records;

    g.   Whether Defendant failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

    h.   Whether Defendant failed to compensate class members for all work performed in excess of 40 hours per workweek with overtime premium wages;

    i.   Whether Defendant engaged in a pattern, practice or policy encouraging class members to work "off-the-clock" and failing to pay class members for such hours worked "off-the-clock;" and,

    j.   Whether the Defendant willfully failed to comply with state wage and hour laws.

23.    Plaintiffs anticipate that Defendant will raise defenses that are common to the class.

### Adequacy

24.    The Representative Plaintiffs will fairly and adequately protect the interests of the class. They have retained experienced counsel that is competent in the prosecution of complex litigation.

### Typicality

25.    The claims asserted by the Representative Plaintiffs are typical of the class members they seek to represent. The Representative Plaintiffs have the same interests and suffer from the same injuries as the class members.

26.    Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class

member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

### Superiority

27.    A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

### COUNT I

### VIOLATION OF ILLINOIS WAGE AND OVERTIME REQUIREMENTS

28.    Plaintiffs incorporate by reference all preceding paragraphs.

29.    Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

30.    Defendant is "employer" and Plaintiffs and class members are "employees" under Illinois statute 820 ILCS §§105 *et seq.*

31.     Illinois Statutes 820 ILCS §§105 *et seq.* requires employers to pay employees minimum wages for all hours worked. Section 105/4(a) requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week. Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

32.     Defendant violated Illinois Statutes 820 ILCS §§105 *et seq.* by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

33.     Defendant also willfully failed to pay overtime pay and other benefits to Plaintiffs.

34.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

35.     Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of these statutory provisions and other appropriate class-wide injunctive relief for the Illinois state sub-class.

## COUNT II

### UNJUST ENRICHMENT

36.     Plaintiffs incorporate by reference all preceding paragraphs.

37.     The performance of work by Plaintiffs and others similarly situated as set forth above conveyed a benefit to Defendant which it knowingly received.

8

38.    Defendant is not entitled to this benefit without payment and to retain such benefits without payment would be unjust to named Plaintiffs and the Plaintiff class. As a matter of equity, Defendant should not be allowed to prosper at the expense of Plaintiffs and others similarly situated.

39.    Plaintiffs and others similarly situated are entitled to recover the reasonable value of the benefit conveyed to Defendant by Plaintiffs' performance of work described herein.

## COUNT III

### QUANTUM MERUIT

40.    Plaintiffs incorporate by reference all preceding paragraphs.

41.    The performance of work by Plaintiffs and others similarly situated as set forth above conveyed a benefit to Defendant which it knowingly received.

42.    Plaintiffs and others similarly situated are entitled to recover the reasonable value of the benefit conveyed to Defendant by Plaintiffs' performance of work described herein.

## COUNT IV

### BREACH OF IMPLIED CONTRACT

43.    Plaintiffs incorporate by reference all preceding paragraphs.

44.    Defendant entered into an implied contract with Plaintiffs and others similarly situated to pay them for wages for all work done and time spent for Defendant's benefit.

45.    Defendant breached this implied contract by failing to pay Plaintiffs and others similarly situated all the wages due for the benefits provided to Defendant.

46.    Plaintiffs and others similarly situated were all "at will" employees.  The law implies that a contract for payment of wages existed by the very nature of the employee/employer relationship.

47.    Defendant used a common scheme which caused Plaintiffs and others similarly situated not to be paid for all work performed and other wages due.  Defendant's common course of conduct constituted a breach of implied contract.

48.    Plaintiffs and others similarly situated were injured by Defendant's breach of implied contract to pay wages due.

49.    Defendant's actions were intentional, willful, malicious and in reckless disregard for the rights of Plaintiffs and others similarly situated.

<u>**COUNT V**</u>

**FAIR LABOR STANDARDS ACT**

50.    Plaintiffs incorporate by reference all preceding paragraphs.

51.    Individual Plaintiffs assert claims for unpaid overtime pursuant to 29 U.S.C. 201 *et seq.*, commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

52.    At any and all times relevant hereto, Defendant were each an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203 (s).

53.    At any and all times relevant hereto, Defendant was each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

54.    At any and all times relevant hereto, GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS were each an "employee" as defined by Sec. 3(e) of the FLSA, 29 U.S.C. 203(e).

55.    Between April 1, 2005 and the present, plaintiffs GERALD FARMER, POMPEY

HICKS, and ANTWON WILLIAMS were not paid for all hours worked in excess of 40

in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C.

207(a).

56.    At all times relevant hereto the action of Defendant to not pay premium pay for

all hours worked over 40 in a week was willful in that among other things:

> k.  Defendant knew that the FLSA required it to pay time and one-half for all
>     hours worked over 40 in a week.
>
> l.  Defendant failed to maintain true and accurate time records.
>
> m.  Defendant encouraged plaintiffs to not record all hours worked.

57.    As a direct and proximate result thereof, Plaintiffs are due unpaid back wages and

liquidated damages, pursuant to 29 U.S.C. 216.


### PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, GERALD FARMER, POMPEY HICKS, and

ANTWON WILLIAMS, individually and on behalf of all others similarly situated, by

and through their attorneys demand judgment against the Defendant and in favor of the

Plaintiffs and all others similarly situated, for a sum that will properly, adequately and

completely compensate Plaintiffs for the nature, extent and duration of their damages, the

costs of this action and as follows:

> A.  Certify a class of individuals for Counts I, II, III and IV who were
>     employed by Defendant as service technicians or other similarly titled
>     positions in the State of Illinois at any time during the relevant statute of
>     limitations period;
>
> B.  Declare and find that the Defendant committed one or more of the
>     following acts:

11

     i.   Violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.* by failing to pay overtime wages to Plaintiffs; and,

    ii.   Willfully violated overtime provisions of the Illinois Wage Payment and Collection Act, 820 ILCS §115 *et seq.*, the Illinois Minimum Wage Law, 820 ILCS §105 *et seq.*

C.    Award compensatory damages, including all overtime pay owed, in an amount according to proof;

D.    Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

E.    Award liquidated damages on all overtime compensation due to all plaintiffs in Count V brought under the FLSA;

F.    Award all costs and reasonable attorney's fees incurred prosecuting this claim;

G.    Grant leave to amend to add claims under applicable state and federal laws;

H.    Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and,

I.    For such further relief as the Court deems just and equitable.

Dated: June 11, 2008              Respectfully submitted,

                        GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, individually, and on behalf of all others similarly situated,

                        By: _____

                        One of Plaintiffs' Attorneys

JAC A. COTIGUALA & ASSOCIATES          STEPHAN ZOURAS, LLP
431 South Dearborn Street, Suite 606       205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60605               Chicago, Illinois 60601
Telephone: 312-939-2100            Telephone: 312-233-1550
Attorney Code No.: 18353           Attorney No. 43734

**JAC A. COTUGUAL A & ASSOCIATES**
431 SOUTH DEARBORN STREET
SUITE 606
CHICAGO, ILLINOIS 60605

To:    Illinois Corporation Service C
Registered Agent for DirectSat USA, LLC
801 Adlai Stevenson Dr.
Springfield, IL 62703

FILED-3

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

CIRCUIT COURT OF COOK
COUNTY, ILLINOIS

| | |
|---|---|
| GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, individually and on behalf of all others similarly situated, | ) ) ) ) ) |
| | ) JURY DEMANDED |
| | ) |
| | ) Case No. |
| Plaintiffs, | ) **08CH 20998** |
| | ) |
| v. | ) |
| | ) |
| DIRECTSAT USA, LLC, a/k/a UNITEK USA, | ) ) |
| | ) |
| Defendant. | ) |
| | ) |

## NOTICE OF MOTION

To:    Illinois Corporation Service C
       Registered Agent for DirectSat USA, LLC
       801 Adlai Stevenson Dr.
       Springfield, IL 62703

PLEASE TAKE NOTICE that on _7/30_, 2008 at _9:30_ A.M. or as soon thereafter as counsel may be heard, the undersigned shall appear before the Honorable Judge _NOVAK_ or any other judge sitting in his/her stead that day, in Room _2405_ of the Richard J. Daley Center, Chicago, Illinois, and then and there present **Plaintiffs' Motion for Class Certification**, a copy of which is hereby served upon you.

By _[signature]_
One of Plaintiffs' Attorneys

JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street
Suite 606
Chicago, Illinois  60605
Telephone:  312-939-2100
Attorney Code No.: 18353

**EXHIBIT**
B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, individually, and on behalf of all others similarly situated, | ) ) ) ) | JURY DEMANDED |
| | ) | Case No. |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| DIRECTSAT USA, LLC, a/k/a UNITEK USA, | ) ) ) | |
| Defendant. | ) ) ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

NOW COME the Plaintiffs, GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, and all others similarly situated, pursuant to 735 ILCS 5/2-801, and herewith moves the court to certify this suit as a class action under the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq., "ILMWL" (Count I) and common law (Counts II, III and IV) to recover unpaid wages. The class action procedure has been found appropriate in cases under the ILMWL. Roger Wenthold, et al. v. AT&T Technologies, Inc., et al., 142 Ill. App.3d 612 (1st Dist. 1986).

### I.    INTRODUCTION

1.    Plaintiffs filed their Class Complaint requesting relief on behalf of a class of all workers who, at any time during the relevant statute of limitations period (referenced herein as the "class period"), were employed by Defendant in Illinois as service technicians, production technicians or other similarly titled positions and were not paid proper wages and overtime compensation.

## II.    DEFINITION OF THE CLASS

2.    The Plaintiff class may be defined as follows:

"All individuals who were employed by the one or more of the Defendant, its subsidiaries or affiliated companies, in the state of Illinois as service technicians or other similarly titled positions at any time during the relevant statute of limitations."

3.    The representative plaintiffs can meet each of the requirements for maintaining a class action under state law.  The Illinois Code of Civil Procedure provides:

§2-801. Pre-requisites for the maintenance of a class action. An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:

(1)    The class is so numerous that joinder of all members is impracticable.

(2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3)    The representative parties will fairly and adequately protect the interest of the class.

(4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy. P.A. 82-280, §2-801, eff. July 1, 1982.

4.    Plaintiffs can meet each of the statutory requirements for maintenance of this suit as a class action.  The class action device is ideally suited for the collection of overtime wage claims.  Roger Wenthold, et al. v. AT&T Technologies, Inc., et al., 142 App.3d 6112 (1st Dist. 1986).

## III.    NUMEROSITY OF THE CLASS

5.    The class of Plaintiffs is so numerous that joinder of all members is impracticable. The precise number in the class cannot be determined until payroll records, and

2

employment lists are obtained from Defendant. However, it is believed there are well over 200 aggrieved employees. Once Defendant's records are obtained, the Court will know the precise number of persons affected.

## IV.   COMMON QUESTIONS OF FACT OR LAW

6.     There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

    a.   Whether Defendant failed to keep true and accurate time records for all hours worked;

    b.   Whether Defendant's records of hours worked are reliable where Defendant failed its duty to maintain true and accurate time records;

    c.   Whether Defendant failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

    d.   Whether Defendant failed to compensate class members for all work performed in excess of 40 hours per workweek with overtime premium wages;

    e.   Whether Defendant engaged in a pattern, practice or policy encouraging class members to work "off-the-clock" and failing to pay class members for such hours worked "off-the-clock;" and,

    f.   Whether the Defendant willfully failed to comply with state wage and hour laws.

7.     The common question of law to all of the class members is that each class member is protected by the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* for the overtime work not properly paid.

8.     Plaintiffs anticipate that Defendant will raise defenses that are common to the class.

3

## V.    ADEQUACY OF REPRESENTATION

9.    The Plaintiffs, GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, and their attorneys, JAC A. COTIGUALA & ASSOCIATES and STEPHAN ZOURAS, LLP, will fairly and adequately protect the interests of the class. Plaintiffs, GERALD FARMER, POMPEY HICKS and ANTWON WILLIAMS were employed by Defendant during the class period. They are former hourly paid employee owed compensation for all hours worked over 40 in a week and they have the incentive to request their back wages. Their attorneys, JAC A. COTIGUALA & ASSOCIATES and STEPHAN ZOURAS, LLP, are highly experienced and recognized attorneys in wage and hour law and have been designated as class counsel in other class actions in the state court. JAC A. COTIGUALA & ASSOCIATES has been designated as class counsel in other class actions in state and federal courts. See e.g. Boldini v Bice, 99 CH 10919 (J. Foreman), Vazquez v. Lynch Dental Center, 03 CH 15282 (Cook County, Ill., J. Jaffe), Robinson, et al. v. Tellabs, Inc., 02 CH 2860 (Cook County, Ill., J. Billik), Polk v. Chernins Shoe Outlet, LLC, 05 CH 3376 (Cook County, Ill., J. Kinnaird), Bell, et al. v. United Parcel Service, Inc., 94 CH 1658 (Cook County, Ill., J. Hett), Johnson, et al. v. CHA, 94 C 7692 (N.D. Ill., J. Plunkett), Ladegaard, et al. v. Hard Rock Concrete Cutters, Inc., 00 C 5755 (N.D. Ill., J. Lefkow),  and O'Brien, et al., v. Encotech Construction Services, Inc., 00 C 1133 (N.D. Ill., J. Gottschall). JAC A. COTIGUALA & ASSOCIATES and STEPHAN ZOURAS, LLP have the ability and the resources to manage this lawsuit.

4

## VI.  APPROPRIATENESS OF CLASS ACTION METHOD

10.    A class action would be an appropriate method for the fair and efficient adjudication of this controversy, rather than bringing individual suits which could result in inconsistent determinations and unjust results.  The Appellate Court of Illinois has recognized this.  <u>Roger Wenthold, et al. v. AT&T Technologies, Inc., et al.</u>, 142 App.3d 612 (1st Dist. 1986).

## VII.  CONCLUSION

11.    For all of the foregoing reasons, the court should issue an order of class certification and authorize the sending of notice, to each of the class members, at the plaintiffs' expense.

Respectfully submitted,

GERALD FARMER, POMPEY HICKS,
and ANTWON WILLIAMS, individually,
and on behalf of all others similarly situated,

By: _____
One of Plaintiffs' Attorneys

JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street
Suite 606
Chicago, Illinois 60605
Telephone:  312-939-2100
Attorney Code No.: 18353

STEPHAN ZOURAS, LLP
205 N. Michigan Avenue, Suite 2560
Chicago, Illinois 60601
Telephone: 312-233-1550
Attorney Code No.: 43734

## CERTIFICATE OF SERVICE

To:    Illinois Corporation Service C
       Registered Agent for DirectSat USA, LLC
       801 Adlai Stevenson Dr.
       Springfield, IL 62703

I, Jac A. Cotiguala, an attorney, hereby certify that a true and correct copy of the within and foregoing pleading was served by first class mail and certified mail, with proper postage fully pre-paid, on June 11, 2008, at or before 5:00 p.m., from the U.S. Postal depository at 431 South Dearborn Street, Chicago, Illinois, 60605, upon the above entity at the above listed address.

Jac. A. Cotiguala

2