**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **GERALD FARMER, POMPEY HICKS,** | : | **CIVIL ACTION** |
| **and ANTWON WILLIAMS, individually,** | : | |
| **and on behalf of all others similarly** | : | |
| **situated,** | : | |
| **Plaintiffs,** | : | |
| **v.** | : | **NO. 08CV3962** |
| | : | **MAGISTRATE JUDGE VALDEZ** |
| **DIRECTSAT USA, LLC, a/k/a UNITEK** | : | **YM** |
| **USA,** | : | |
| **Defendant.** | : | |
| | : | |

**DEFENDANT DIRECTSAT USA, LLC'S ANSWER WITH**
**AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant DirectSat USA, LLC ("DirectSat"), by and through its undersigned counsel, hereby respectfully submits the following Answer with Affirmative Defenses to Plaintiff's Complaint and states:

**PARTIES**

1.     Plaintiff Gerald Farmer is a resident of Cook County, Illinois and worked as an hourly non-exempt service technician for Defendant located in the County of Cook, State of Illinois, during the applicable statute of limitations period.

**ANSWER:**     Admitted in part; denied in part.  DirectSat admits only that Plaintiff Farmer worked as a technician for it in Illinois.  DirectSat denies all remaining averments.

2.     Plaintiff Pompey Hicks is a resident of Cook County, Illinois and worked as an hourly non-exempt service technician for Defendant located in the County of Cook, State of Illinois, during the applicable statute of limitations period.

1

**ANSWER:**  Admitted in part; denied in part.  DirectSat admits only that Plaintiff Hicks worked as a technician for it in Illinois.  DirectSat denies all remaining averments.

3.    Plaintiff Antwon Williams is a resident of Kankakee County, Illinois and worked as an hourly non-exempt service technician for Defendant located in the County of Cook, State of Illinois, during the applicable statute of limitations period.

**ANSWER:**  Admitted in part; denied in part.  DirectSat admits only that Plaintiff Williams worked as a technician for it in Illinois.  DirectSat denies all remaining averments.

4.    Plaintiffs bring this case on behalf of themselves and others who currently work, or who worked as and worked as a non-exempt service technician, production technician or other similarly titled position for the Defendant in the State of Illinois, at any time during the three-year period immediately preceding the filing of the original complaint (hereinafter "Violation Period").

**ANSWER:**  Denied.

5.    Defendant DirectSat USA, LLC a/k/a Unitek USA ("Defendant") is a LLC with its headquarters located at 1777 Sentry Parkway West, Suite 302, Blue Bell, Pennsylvania and doing business in the state of Illinois.

**ANSWER:**  Admitted in part, denied in part.  DirectSat admits only that it is a limited liability company with its headquarters located at 1777 Sentry Parkway West, Suite 302, Blue Bell, PA, and it does business in the State of Illinois.  DirectSat denies all remaining averments.  By way of further answer, DirectSat specifically denies that it is also known as Unitek USA.

6.    Defendant's Illinois registered agent is Illinois Corporation Service C, 801 Adlai Stevenson Dr. Springfield, Illinois.

**ANSWER:**  Admitted.

7.    Defendant is in the business of installing and servicing satellite dishes throughout the state of Illinois.  Defendant has maintained offices in South Holland, Illinois, Elmwood Park, Illinois and Sugar Grove, Illinois.[1]  Defendant's technicians service customers located throughout Cook County, and the state of Illinois.

**ANSWER:**  Admitted.

## FACTUAL BACKGROUND

8.    Plaintiffs are individuals who were employed by Defendant as service technicians, production technicians or other similarly titled positions during the statutory period.  Plaintiffs all shared similar job titles, compensation plans, job descriptions and job requirements.

**ANSWER:**  Admitted in part; denied in part.  DirectSat admits only that named Plaintiffs have been employed by DirectSat as technicians.  DirectSat denies all remaining averments.

9.    Defendant managed Plaintiffs' work, including the amount of hours worked by its technicians.  Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

**ANSWER:**  Admitted in part; denied in part.  DirectSat admits only that named Plaintiffs have been employed by DirectSat as technicians.  DirectSat denies all remaining averments.

10.    Plaintiffs were classified by Defendant as non-exempt under Illinois state wage and hour laws and paid an hourly rate.  The amount of Plaintiffs' hourly rate varied and was contingent on the amount of jobs completed by each technician on a weekly basis.

**ANSWER:**  Admitted in part; denied in part.  DirectSat admits only that named Plaintiffs have been employed by DirectSat as technicians.  DirectSat denies all remaining averments.

---

[1] Defendant may have relocated some of its offices.  For example, Plaintiffs believe that Defendant relocated its Sugar Grove office to Bolingbrook, Illinois.

11.    Defendant provided Plaintiffs with work orders on a daily basis.  Plaintiffs traveled to customers' homes to install or service satellites and complete their work orders.  At the close of each job, Plaintiffs were required to use their company issued Nextel radio to call dispatch and inform them that the job had been completed.

**ANSWER:**  Denied.

12.    Defendant suffered and permitted Plaintiffs to regularly work more than 40 hours per week without proper overtime compensation.  Plaintiffs routinely worked in excess of eight hours per day six or seven days per week driving to customers' homes and completing work orders.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

13.    Defendant provided Plaintiffs with handwritten time sheets that they were to complete each week.  However, Defendant trained and directed its technicians to record less time then they actually worked.  Upon information and belief, the actual time worked by technicians completing work orders can be identified via call logs, other records maintained by Defendant and Plaintiffs' testimony.

**ANSWER:**  Admitted in part; denied in part.  DirectSat admits only that it provided Plaintiffs with time sheets that they were to complete each week.  DirectSat denies all remaining averments.

14.    Defendant also encouraged Plaintiffs to begin work before the start of their route and continue to perform work after completing their last work order thereby requiring them to work unpaid time "off-the-clock."  Plaintiffs performed a variety of work off the clock including, but not limited to receiving work orders at their homes via facsimile, mapping out directions for their service calls, receiving calls from dispatch on the Nextel radios, preparing satellite dishes, loading satellites and other equipment into their vehicles and unloading the same materials from their

vehicles at the end of each day, completing paperwork regarding completed work orders and attending weekly meetings.

**ANSWER**: Denied.

15.     Defendant failed to accurately record actual hours worked by its technicians. Rather, Defendant willfully encouraged its technicians to perform tasks and work additional time, including overtime, while off-the-clock.

**ANSWER**: Denied.

16.     Defendant knew and was aware at all times that its production technicians routinely worked more than 40 hours per week.  Nonetheless, Defendant failed to properly pay its production technicians for all overtime hours actually worked.

**ANSWER**: Denied.

17.     Defendant's practices violated the provisions of Illinois wage and hour law.  As a result of Defendant's unlawful practice, the Defendant benefited from reduced labor and payroll costs.

**ANSWER**: Denied, including as a conclusion of law to which no response is required.

18.     Plaintiffs were all subject to Defendant's uniform policies and practices and were victims of Defendant's scheme to deprive them of overtime compensation.   As a result of Defendant's improper and willful failure to pay Plaintiffs in accordance with the requirements of Illinois wage and hour laws, Plaintiffs suffered lost wage and other damages.

**ANSWER**: Denied, including as a conclusion of law to which no response is required.

<u>**CLASS ALLEGATIONS**</u>

19.     Representative Plaintiff brings claims for relief on his own and as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §5/2-801 AND §5/2-802.  The class is defined as:

> "All individuals who were employed by the one or more of the Defendant, its subsidiaries or affiliated companies, in the state of Illinois as service technicians or other similarly titled positions at any time during the relevant statute of limitations."

**ANSWER:**  Denied, including because the Illinois Code of Civil Procedure is a writing that speaks for itself.

20.     This action is properly maintainable as a class action under §2-801 because:

a.     The class is so numerous that joinder of all members is impracticable,

b.     There are questions of law or fact that are common to the class,

c.     The claims or defenses of the representative parties are typical of the claims or defenses of the class, and,

d.     The Representative Plaintiffs will fairly and adequately protect the interests of the <u>class.</u>

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.  By way of further answer, no class has been certified.

<u>**Numerosity**</u>

21. The total number of putative class members represents approximately several hundred individuals. The exact number of class members may be determined from Defendant's records.

**ANSWER:**  Denied.  By way of further answer, no class has been certified.

<u>**Commonality**</u>

22.     There are numerous and substantial questions of law and fact common to members of the state classes including, but not limited to, the following:

e.    Whether Defendant failed to keep true and accurate time records for all hours worked;

f.    Whether Defendant's records of hours worked are reliable where Defendant failed its duty to maintain true and accurate time records;

g.    Whether Defendant failed to compensate class members for all the work they required, encouraged or permitted class members to perform;

h.    Whether Defendant failed to compensate class members for all work performed in excess of 40 hours per workweek with overtime premium wages;

i.    Whether Defendant engaged in a pattern, practice or policy encouraging class members to work "off-the-clock" and failing to pay class members for such hours worked "off-the-clock;" and,

j.    Whether the Defendant willfully failed to comply with state wage and hour laws.

**ANSWER:** Denied, including as a conclusion of law to which no response is required.

23.    Plaintiffs anticipate that Defendant will raise defenses that are common to the class.

**ANSWER:** Denied.

## Adequacy

24.    The Representative Plaintiffs will fairly and adequately protect the interests of the class.  They have retained experienced counsel that is competent in the prosecution of complex litigation.

**ANSWER:** Denied, including as a conclusion of law to which no response is required.

## Typicality

25.    The claims asserted by the Representative Plaintiffs are typical of the class members they seek to represent.  The Representative Plaintiffs have the same interests and suffer from the same injuries as the class members.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

26.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such class member should become known, he or she can "opt out" of this action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §512-802.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

### Superiority

27.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually.  Moreover, as the damages suffered by each class member may be relatively small, the expenses and burden of individual litigation would make it difficult for plaintiffs to bring individual claims.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant and/or substantially impair or impede the ability of class members to protect their interests.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

## COUNT I

**VIOLATION OF ILLINOIS WAGE AND OVERTIME REQUIREMENTS**

28.    Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**  DirectSat incorporates its answers to the above paragraphs as if fully set forth herein.

29.    Plaintiffs are members of a class that meets the requirements for certification and maintenance of a class action pursuant to Illinois Code of Civil Procedure, 735 ILCS §5/2-801 and §5/2-802.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

30.    Defendant is "employer" and Plaintiffs and class members are "employees" under Illinois statute 820 ILCS §§105 *et seq.*

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

31.    Illinois Statutes 820 ILCS §§105 *et seq.* requires employers to pay employees minimum wages for all hours worked.  Section 105/4(a) requires employers to pay employees one and one half times their regular rate for all hours worked over forty (40) per work week.  Section 105/12 provides that employers who violate the provisions of this act are liable to affected employees for unpaid wages, costs, attorney's fees, damages of 2% of the amount of any such underpayment for each month following the date of underpayments and other appropriate relief.

**ANSWER:**  Denied, including because the Illinois Statutes are writings that speak for themselves.

32.    Defendant violated Illinois Statutes 820 ILCS §§ 105 et seq. by regularly and repeatedly failing to properly compensate Plaintiffs and class members for the actual time they worked each week.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

33.    Defendant also willfully failed to pay overtime pay and other benefits to Plaintiffs.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

34.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiffs have suffered and will continue to suffer lost wages and other damages.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

35.    Plaintiffs are also entitled to injunctive relief to prevent Defendant from continuing its violation of these statutory provisions and other appropriate class-wide injunctive relief for the Illinois state sub-class.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

## COUNT II

### UNJUST ENRICHMENT

36.    Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**  DirectSat incorporates its answers to the above paragraphs as if fully set forth herein.

37.    The performance of work by Plaintiffs and others similarly situated as set forth above conveyed a benefit to Defendant which it knowingly received.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

38.     Defendant is not entitled to this benefit without payment and to retain such benefits without payment would be unjust to named Plaintiffs and the Plaintiff class.  As a matter of equity, Defendant should not be allowed to prosper at the expense of Plaintiffs and others similarly situated.

**ANSWER:**  Denied.

39.     Plaintiffs and others similarly situated are entitled to recover the reasonable value of the benefit conveyed to Defendant by Plaintiffs' performance of work described herein.

**ANSWER:**  Denied.

## COUNT III

## QUANTUM MERUIT

40.     Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**  DirectSat incorporates its answers to the above paragraphs as if fully set forth herein.

41.     The performance of work by Plaintiffs and others similarly situated as set forth above conveyed a benefit to Defendant which it knowingly received.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

42.     Plaintiffs and others similarly situated are entitled to recover the reasonable value of the benefit conveyed to Defendant by Plaintiffs' performance of work described herein.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

## COUNT IV

### BREACH OF IMPLIED CONTRACT

43.     Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**  DirectSat incorporates its answers to the above paragraphs as if fully set forth herein.

44.     Defendant entered into an implied contract with Plaintiffs and others similarly situated to pay them for wages for all work done and time spent for Defendant's benefit.

**ANSWER:**  Denied.

45.     Defendant breached this implied contract by failing to pay Plaintiffs and others similarly situated all the wages due for the benefits provided to Defendant.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

46.     Plaintiffs and others similarly situated were all "at will" employees.  The law implies that a contract for payment of wages existed by the very nature of the employee/employer relationship.

**ANSWER:**  Admitted in part; denied in part.  DirectSat admits only that Plaintiffs were at-will employees.

47.     Defendant used a common scheme which caused Plaintiffs and others similarly situated not to be paid for all work performed and other wages due.  Defendant's common course of conduct constituted a breach of implied contract.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

48.     Plaintiffs and others similarly situated were injured by Defendant's breach of implied contract to pay wages due.

12

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

49.    Defendant's actions were intentional, willful, malicious and in reckless disregard for the rights of Plaintiffs and others similarly situated.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

**COUNT V**

**FAIR LABOR STANDARDS ACT**

50.    Plaintiffs incorporate by reference all preceding paragraphs.

**ANSWER:**  DirectSat incorporates its answers to the above paragraphs as if fully set forth herein.

51.    Individual Plaintiffs assert claims for unpaid overtime pursuant to 29 U.S.C. 201 *et seq.,* commonly known as the Fair Labor Standards Act (hereinafter, "FLSA").

**ANSWER:**  Denied, including because Plaintiffs' Complaint is a document that speaks for itself.

52.    At any and all times relevant hereto, Defendant were each an "enterprise engaged in commerce" within the meaning of Sec. 3(s) of the FLSA, 29 U.S.C. 203 (s).

**ANSWER:**  Denied, including as a conclusion of law to which no response is required and because the FLSA is a writing that speaks for itself.

53.    At any and all times relevant hereto, Defendant was each an "employer" within the meaning of Sec. 3(d), 29 U.S.C. 203(d).

**ANSWER:**  Denied, including as a conclusion of law to which no response is required and because the FLSA is a writing that speaks for itself.

54.    At any and all times relevant hereto, GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS were each an "employee" as defined by Sec, 3(e) of the FLSA, 29 U.S.C. 203(e).

**ANSWER:**  Denied, including as a conclusion of law to which no response is required and because the FLSA is a writing that speaks for itself.

55.    Between April 1, 2005 and the present, plaintiffs GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS were not paid for all hours worked in excess of 40 in a week in violation of the maximum hours provisions of the FLSA, to wit, 29 U.S.C. 207(a).

**ANSWER:**  Denied, including as a conclusion of law to which no response is required and because the FLSA is a writing that speaks for itself.

56.    At all times relevant hereto the action of Defendant to not pay premium pay for all hours worked over 40 in a week was willful in that among other things:

> k.    Defendant knew that the FLSA required it to pay time and one-half for all hours worked over 40 in a week.
>
> l.    Defendant failed to maintain true and accurate time records.
>
> m.    Defendant encouraged plaintiffs to not record all hours worked.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required.

57.    As a direct and proximate result thereof, Plaintiffs are due unpaid back wages and liquidated damages, pursuant to 29 U.S.C. 216.

**ANSWER:**  Denied, including as a conclusion of law to which no response is required and because the FLSA is a writing that speaks for itself.

WHEREFORE, Defendant DirectSat USA, LLC respectfully requests judgment in its favor, and such other and further relief in its favor as the Court deems just and appropriate.

## AFFIRMATIVE DEFENSES

DirectSat incorporates by reference its responses to the foregoing paragraphs as if fully set forth herein.  DirectSat reserves the right to amend or support these affirmative defenses throughout discovery and trial in this matter.  The following affirmative defenses are asserted herein and any inadvertent omission of an affirmative defense shall not be deemed an admission, and DirectSat does not waive any rights herein.

### FIRST DEFENSE

Plaintiffs have failed to state any facts entitling them to proceed collectively under section 16(b) of the FLSA, 29 U.S.C. § 216(b), or to join their claims under the Federal Rules of Civil Procedure, or otherwise.

### SECOND DEFENSE

Plaintiffs should be dismissed, in whole or in part, because they were improperly joined as parties.

### THIRD DEFENSE

DirectSat had no knowledge of, nor should it have had knowledge of any alleged off-the-clock work by Plaintiffs or any proposed class members, and it did not authorize, require, request, suffer or permit such activity by Plaintiffs or any proposed class members.

### FOURTH DEFENSE

If any supervisor or manager authorized, required, requested, suffered or permitted an employee to work off-the-clock, such supervisor or manager acted outside the scope of his or her employment with DirectSat.

### FIFTH DEFENSE

To the extent that DirectSat failed to comply with any aspect of federal or state wage and hour laws, which alleged failure is denied, such conduct was not willful or intentional, but rather occurred in good faith. Therefore, DirectSat did not willfully deprive any person of any wages to which he or she may have been entitled.

### SIXTH DEFENSE

Plaintiffs and other proposed class members are not entitled to recover liquidated damages because DirectSat at all times acted in good faith and with reasonable grounds for believing that it had not violated the FLSA.

### SEVENTH DEFENSE

Plaintiffs have failed to state any facts entitling them or any other putative plaintiff or class members to any liquidated or punitive damages, penalties, pre-judgment or post-judgment interest.

### EIGHTH DEFENSE

Plaintiffs and other proposed class members are not entitled to recovery because any alleged acts or omissions were made by DirectSat in good faith in conformity with and reliance upon applicable administrative regulation, order, ruling, approval, or interpretation, or administrative practice or enforcement policy with respect to the class of employers to which Plaintiffs belong.

### NINTH DEFENSE

All or part of the time for which Plaintiffs and/or any proposed class members seek compensation does not constitute work or compensable time for purposes of the FLSA.

### TENTH DEFENSE

In the alternative, DirectSat is entitled to offset monies or other consideration paid or provided to Plaintiffs for periods in which Plaintiffs were engaged to work.

## ELEVENTH DEFENSE

All or part of Plaintiffs' and other proposed class members' claims are barred under the *de minimis* doctrine.

## TWELFTH DEFENSE

All or part of the time for which Plaintiffs and other proposed class members seek compensation is noncompensable under the Portal-to-Portal Act, 29 U.S.C. § 254.

## THIRTEENTH DEFENSE

Plaintiffs' Complaint fails to state a claim against DirectSat upon which injunctive relief can be awarded.

## FOURTEENTH DEFENSE

Plaintiffs' Complaint fails to state a claim against DirectSat upon which damages including attorneys' fees or costs can be awarded.

## FIFTEENTH DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the doctrines of ratification, acquiescence, accord and satisfaction, settlement, consent, payment and release.

## SIXTEENTH DEFENSE

Plaintiffs' and other proposed class members' claims are barred by the applicable statute of limitations.

## SEVENTEENTH DEFENSE

Plaintiffs are not similarly situated to each other, to the proposed class members, or to any other person or persons for the purposes of the FLSA.

## EIGHTEENTH DEFENSE

Plaintiffs' claims, in whole or in part, are barred by the equitable doctrines of laches, waiver, judicial, collateral and estoppel, and/or unclean hands.

## NINETEENTH DEFENSE

Plaintiffs have failed to mitigate their alleged damages.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred to the extent that they misperformed their respective duties or failed to perform those duties that DirectSat realistically expected each to perform.

## TWENTY-FIRST DEFENSE

Allowing this action to proceed as a collective action or as class actions would violate DirectSat's rights under the Seventh Amendment to the U.S. Constitution and under the Due Process Clause of the Fifth Amendment to the U.S. Constitution because liability may not be determined by a single jury on a class wide basis.

## TWENTY-SECOND DEFENSE

Plaintiffs' claims are barred to the extent that they or any similarly-situated employee which they purport to represent, the existence of which is expressly denied, has executed a compromise and release of any claims asserted in this lawsuit.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims are barred to the extent that if Plaintiffs suffered any loss or damage, which DirectSat denies, any such loss or damage was caused by Plaintiffs' own conduct and not by any illegal conduct on DirectSat's part.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiffs seek any other damages that are not recoverable under the FLSA, Plaintiffs are barred from such recovery.

### TWENTY-FIFTH DEFENSE

DirectSat avers that Plaintiffs' action is frivolous, unreasonable and groundless, and accordingly, DirectSat is entitled to dismissal, attorneys' fees and other costs associated with defending against this action.

### TWENTY-SIXTH DEFENSE

DirectSat has fully performed all duties owed to Plaintiffs, and has not breached any duties to Plaintiffs.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims are barred by their breach of the duties of good faith and fair dealing.

### TWENTY-EIGHTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the gist of the action doctrine.

WHEREFORE, Defendant DirectSat USA, LLC respectfully requests that this Court enter judgment in its favor, and such other and further relief in its favor as the Court deems just and appropriate.

Respectfully submitted,

/s/ Ursula A. Taylor

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA  19422
(215) 977-1000

Counsel for Defendant
DirectSat USA, LLC

DATED:  July 18, 2008

## <u>CERTIFICATE OF SERVICE</u>

I, Ursula A. Taylor, Esquire, hereby certify that, on this date, I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

| | | |
|---|---|---|
| Jac A. Cotiguala, Esquire | Ryan F. Stephan | James B. Zouras |
| Jac A. Cotiguala & Associates | Stephan Zouras, LLP | Stephan Zouras, LLP |
| 431 South Dearborn Street, Suite 606 | 205 N. Michigan Ave. Suite 2560 | 205 N. Michigan Ave. Suite 2560 |
| Chicago, IL 60605 | Chicago, IL  60601 | Chicago, IL  60601 |
| | | |
| Attorney for Plaintiff | Attorney for Plaintiff | Attorney for Plaintiff |

/s/ Ursula A. Taylor
Ursula A. Taylor

DATED:  July 18, 2008

423575v1