UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>DIRECTSAT USA, LLC, a/k/a UNITEK USA,<br><br>Defendant. | JURY DEMANDED<br><br>Case No. 08 CV 3962<br><br>Judge Amy J. St. Eve<br><br>Magistrate Judge Maria Valdez |

**JOINT INITIAL STATUS REPORT**

**1.    The Nature of the Case**

A.    Plaintiffs are being represented by Jac A. Cotiguala, Ryan F. Stephan and James B. Zouras.

B.    Defendant removed Plaintiffs' five count Complaint for the following reasons: 1) on the basis of federal jurisdiction under federal question because Count V claims of violation of the Fair Labor Standards Act, 29 U.S.C. 201 *et seq*; 2) the Class Action Fairness Act; and 3) Diversity Jurisdiction.

C.    This is a five count Complaint. The first Count claims a violation for the Illinois Minimum Wage Act because plaintiffs were not paid for all hours worked. Count II is unjust enrichment for the alleged failure to pay plaintiffs for the reasonable value of the benefits they conveyed upon defendant through the performance of their work. Count III is *Quantum Meruit* for the value of the alleged benefit conveyed to defendant by plaintiffs' performance of work. Count IV is a breach of implied contract and alleges that

defendant entered into implied contracts with plaintiffs to pay them wages for all work done. Count V is a claim for breach of the Fair Labor Standards Act for the alleged failure to pay all hours worked.

  D. The major factual issue in the case is Plaintiffs' claims that they performed work for which they were not compensated. Defendant disputes Plaintiffs' allegations. As recently reaffirmed by the Seventh Circuit in *Brown v. Family Dollar Stores of Indiana,* Docket No. 06-3529, decided July 15, 2008, plaintiffs will be required to establish that defendant failed to satisfy its statutory obligations to maintain accurate time records reflecting all hours worked. Once plaintiffs have established the employer failed to maintain accurate time records pursuant to *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680 (1946), plaintiffs will then have to show that they performed work for which they were not properly compensated and present "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."

  E. Plaintiffs seek compensation for all hours worked but unpaid, including compensation for attendance at mandatory meetings for which no production piece rate could be paid to plaintiffs. Additionally, plaintiffs seek 2% per month interest from the day the unpaid wages were due to the day it is paid, plus attorneys' fees and court costs all pursuant to the Illinois Minimum Wage Act, unjust enrichment, *Quantum Meruit* and breach of implied contract. Additionally, pursuant to the Fair Labor Standards Act, those plaintiffs who participate in that Count seek liquidated damages.

2. **<u>Pending Motions and Case Plan</u>**

A. On the day the Complaint was filed in State Court, plaintiffs also filed a Motion for Class Certification. If the Court desires, plaintiffs will refile a revised Motion for Class Certification stating federal law.

B. Discovery Plan

    a. Plaintiffs believe that discovery should first proceed on class certification. If the class is certified, then plaintiffs believe that discovery on the merits of the case, including damage information, should occur.

    b. A date for the Rule 26(a)(1) disclosures: August 5, 2009.

    c. A fact discovery completion date.

        1. Necessary discovery for class certification shall be completed by December 1, 2008.
        2. Discovery on the merits of the case, including damages, shall be completed by June 1, 2009.

    d. Expert discovery completion date: September 1, 2009.

    e. Date for filing of dispositive motions: November 1, 2009.

    f. Date for filing of a final pretrial order: February 1, 2010.

C. Trial

    a. Plaintiffs have requested a jury trial.

    b. The probable length of the trial cannot be estimated at this time. After the motion for class certification is decided, plaintiffs will be in a better position to estimate the probable length of trial.

    c. The date when the case will be ready for trial: March 1, 2010.

3. **Consent to proceed before a Magistrate Judge**

Parties do not consent to proceed before a magistrate judge for any purposes other than settlement.

4. **Status of Settlement Discussions**

  A. No settlement discussions have yet occurred.

  B. Parties are always willing to discuss settlement, but believe it is premature to do so at this point, and

  C. Production on wages paid, hours recorded and discovery on what other records reflecting hours worked are available, will be necessary in order for plaintiffs to formulate a settlement demand.

Dated: July 25, 2008                                            Respectfully submitted,

By: s/Jac A. Cotiguala                                          By: s/Ursula A. Taylor
   One of Plaintiffs' Attorneys                                    One of Defendant's Attorneys

Jac A. Cotiguala                                                Jason S. Dubner
Jac A. Cotiguala & Associates                                   Ursula A. Taylor
431 South Dearborn Street                                       Butler Rubin Saltarelli & Boyd
Suite 606                                                       70 West Madison Street, Suite 1800
Chicago, IL 60605                                               Chicago, IL 60602
Telephone: 312-939-2100                                         Telephone: (312) 444-9660

Ryan F. Stephan                                                 Eric J. Bronstein
James B. Zouras                                                 Colin D. Dougherty
Stephan Zouras, LLP                                             Elliott Greenleaf & Siedzikowski, P.C.
205 N. Michigan Avenue, Suite 2560                              Union Meeting Corporate center
Chicago, IL 60601                                               925 Harvest Drive, Suite 300
Telephone: 312-233-1550                                         Blue Bell, PA 19422
                                                                Telephone: (215) 977-1000