# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3962 | **DATE** | 12/30/2008 |
| **CASE TITLE** | Farmer et al vs. DirectSat USA, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion for Class Certification [19] is granted and the following class is hereby certified: "all individuals who were employed by DirectSat as service technicians or production technicians in the state of Illinois between December 3, 2006 and June 11, 2008." Plaintiff Gerald Farmer must file a declaration by 1/23/09 setting forth the basis for his claims and his willingness to serve as a class representative.

■[ For further details see text below.]    Notices mailed by Judicial staff.

# STATEMENT

Plaintiffs Gerald Farmer, Pompey Hicks, and Antwon Williams sued Defendant DirectSat USA, L.L.C. ("DirectSat") in the Circuit Court of Cook County, Illinois, Chancery Division, alleging a number of claims arising out of DirectSat's alleged failure to pay earned overtime and other wages. DirectSat subsequently removed the case to this Court pursuant to the Court's class action diversity jurisdiction, 28 U.S.C. § 1332(d) (2000), and federal question jurisdiction, 28 U.S.C. § 1331 (2000). (R. 1-1, Notice of Removal ¶¶ 5-10.) Plaintiffs seek class certification on their claims of violations of the Illinois Minimum Wage Act, 820 ILCS 105/1 *et seq.* (Count I), unjust enrichment (Count II), quantum meruit (Count III), and breach of implied contract (Count IV). Plaintiffs also brought individual (non-class) claims on behalf of each named Plaintiff under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (2000). Before the Court is Plaintiffs' Motion for Class Certification pursuant to Federal Rule of Civil Procedure 23. For the following reasons, the Court grants Plaintiffs' Rule 23 motion, with the class modified as discussed in detail below.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

The following facts as alleged in the Complaint are those relevant to the class certification motion. DirectSat is in the business of installing and servicing satellite dishes. (R. 1-1, Compl., Ex. A to Notice of Removal ¶ 7.) DirectSat has operated in Illinois since early December 2006. (R. 27-1, Def.'s Br. in Opp'n to Pls.' Mot. for Class Certification at 3.) DirectSat formerly employed the named Plaintiffs as service technicians and/or production technicians, and paid them an hourly wage for installing and servicing residential satellite dishes. (R. 1-1, Compl. ¶¶ 8-11.) The putative class members include current and former DirectSat employees who work or worked in similarly titled positions as the named Plaintiffs.

Plaintiffs allege that DirectSat failed to pay its technicians for all work performed – including overtime wages – in violation of Illinois wage and hour laws. (*Id.* ¶¶ 15, 17.) Specifically, they contend that DirectSat required them to perform certain tasks, such as mapping out directions to service calls, completing paperwork, and attending weekly meetings "off the clock," and encouraged them to work additional time, including overtime, without recording that time. (*Id.* ¶¶ 14-15.) Plaintiffs also allege that DirectSat instructed its technicians to record less time than they actually worked. (*Id.* ¶ 13.)

Based on these allegations, Plaintiffs brought claims for violations of Illinois wage and overtime requirements (Count I), unjust enrichment (Count II), quantum meruit (Count III), and breach of implied contract (Count IV). (*Id.* ¶¶ 28-49.) Plaintiffs seek class certification on these claims. (R. 19-1, Pls.' Mot. for Class Certification.) Individually, the named Plaintiffs also assert claims under the FLSA (Count V). (R. 1-1, Compl. ¶¶ 51-57.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 23(a) states: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006). Failure to meet any of these Rule 23(a) requirements precludes class certification. *See Oshana*, 472 F.3d at 513; *Pruitt v. City of Chicago*, 472 F.3d 925, 926-27 (7th Cir. 2006).

In addition to satisfying the requirements under Rule 23(a), a party seeking class certification must also establish that the proposed class satisfies one of the requirements set forth in Rule 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997); *Oshana*, 472 F.3d at 513. In this case, Plaintiffs request certification of the proposed class pursuant to Rule 23(b)(3), which applies when "the questions of law or fact common to class members predominate over any questions affecting only individual members, and [when] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3); *see Amchem*, 521 U.S. at 615-16.

The party seeking class certification has the burden of establishing that certification is proper. *See Oshana*, 472 F.3d at 513. In determining whether a party has carried that burden, a court need not accept all of the complaint's allegations as true. *See Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Rather, in deciding whether to certify a class, the court "should make whatever factual and legal inquiries are necessary under Rule 23." *Id.* at 676. Finally, district courts have broad discretion in determining motions for class certification. *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 345, 99 S. Ct. 2326, 60 L. Ed. 2d 931 (1979); *Payton v. County of Carroll*, 473 F.3d 845, 847 (7th Cir. 2007).

ANALYSIS

I.   **Proposed Class**

Plaintiffs seek to certify a class defined as: "All individuals who were employed by one or more of the Defendants, its subsidiaries or affiliated companies, in the state of Illinois as service technicians or other similarly titled positions at any time during the relevant statute of limitations." (R. 21-1, Pls.' Br. in Supp. of Class Certification at 1.) DirectSat first argues that the proposed class, as defined, is overbroad, unidentifiable, and unmanageable, and thus deficient under Rule 23. (R. 27-1 at 7-8.) DirectSat also argues that Plaintiffs have failed to establish the Rule 23(a) requirements of numerosity, commonality, typicality, and adequate representation. (*Id.* at 2.) Finally, DirectSat contends that Plaintiffs have failed to demonstrate that their claims are suitable for class treatment because they have not satisfied the predominance and superiority requirements of Rule 23(b)(3). (*Id.*)

II.  **Class Definition**

DirectSat maintains that Plaintiffs' proposed class is impermissibly overbroad, unidentifiable, and unmanageable. (R. 27-1 at 7.) Specifically, DirectSat argues that the proposed class is overbroad because it will include individuals who did not suffer any of the alleged damages. (*Id.*) DirectSat also argues that the proposed class is defective because it does not indicate when the class period ends. (*Id.* at 7-8.) "Although there is no explicit language in Rule 23 regarding this requirement, 'many courts have held that there is a "definiteness" requirement implied in Rule 23(a).'" *Fletcher v. ZLB Behring L.L.C.*, 245 F.R.D. 328, 334-35 (N.D. Ill. 2006) (quoting *Alliance To End Repression v. Rochford*, 565 F.2d 975, 977 (7th Cir. 1977)). "A sufficiently definite class exists if the court can ascertain the class members by reference to objective criteria." *Fletcher*, 245 F.R.D. at 335. The Court may limit or modify proposed class definitions to provide the necessary precision. *In re Monumental Life Ins. Co.*, 365 F.3d 408, 414 (5th Cir. 2004); *Harris v. Gen. Dev. Corp.*, 127 F.R.D. 655, 659 (N.D. Ill. 1989) ("[I]t is certainly within this court's discretion to limit or redefine the scope of the class."). The Court can resolve the deficiencies in the Plaintiffs' proposed class definition with slight modifications. The Court finds that, as modified, the class is properly defined.

In support of its argument that the proposed class includes individuals who have not suffered any of the alleged damages, DirectSat suggests that the class would include "any technician who was not employed by DirectSat and who was not aggrieved in the manner alleged." (R. 27-1 at 7.) This reasoning seems to encompass DirectSat's objection to the inclusion of DirectSat's "subsidiaries or affiliated companies" in the proposed class definition. According to DirectSat, which is the only named defendant, it is the only proper defendant because it is the only entity which employed the named Plaintiffs and the putative class members. Plaintiffs do not respond to this objection or explain why these unidentified entities should be included in the class definition. Moreover, Plaintiffs' briefs refer only to "Defendant" DirectSat, not "Defendants" as in their class definition. In light of Plaintiffs' failure to identify any other potential defendants or subsidiaries or affiliated companies of DirectSat who could be proper defendants, the Court will modify the proposed class definition to refer only to Defendant DirectSat.

Next, while the proposed class may include some individuals who did not suffer any injury, that slight overbreadth is necessary to avoid the rule that a class definition cannot require a threshold finding of liability. *See Fletcher*, 245 F.R.D. at 335; *Ostler v. Level 3 Commc'ns, Inc.*, No. 00 C 0718, 2002 WL 31040337, at *2 (S.D. Ind. Aug. 27, 2002) ("Where such a determination on the merits of a person's claim is needed to determine whether a person is a member of a class, the proposed class is unmanageable virtually by definition."). The proposed class is defined with reference to objective criteria, namely, individuals who worked in the same job

position for the same employer and were subject to the same payroll policies. The definition is not overbroad because its inclusion of all DirectSat satellite dish technicians is warranted by Plaintiffs' allegations that DirectSat imposed the same unlawful policies on all of its technicians. *See Sandoval v. City of Chicago*, No. 07 C 2835, 2007 WL 3087136, at *2 (N.D. Ill. Oct. 18, 2007). The class is sufficiently identifiable and definite to permit class certification.

While the proposed class definition does not indicate when the class period ends, the Complaint recites that Plaintiffs are bringing this case on behalf of individuals who worked for DirectSat in Illinois "at any time during the three-year period immediately preceding the filing of the original complaint." (R. 1-1, Compl. ¶ 4.) The Complaint was filed in the Circuit Court of Cook County on June 11, 2008. (*Id.* at 5.) Therefore, Plaintiffs have sufficiently identified an end date for the class period, which the Court will adopt in the modified class definition.

### III.     Rule 23(a) Requirements

####     A.     Numerosity

To satisfy the numerosity requirement, Plaintiffs must show that the number of members in the proposed class is so large that joinder would be impracticable. Fed. R. Civ. P. 23(a)(1); *Fletcher*, 245 F.R.D. at 335. "Although there is no bright-line test for numerosity, a class of at least forty members is generally sufficient to satisfy the numerosity requirement." *Fletcher*, 245 F.R.D. at 335. In determining numerosity, district courts may rely on reasonable inferences and common sense assumptions. *Id.*; *Jenkins v. Mercantile Mortgage Co.*, 231 F. Supp. 2d 737, 744 (N.D. Ill. 2002); *see also, Fournigault v. Independence One Mortgage Corp.*, 234 F.R.D. 641, 645 (N.D. Ill. 2006) (explaining that the exact number of class members is not required as long as plaintiffs make a good faith estimate).

Plaintiffs assert that the proposed class consists of over 175 technicians. (R. 21-1 at 5.) While courts in this circuit have concluded that forty or more class members is sufficient to fulfill the numerosity requirement, the Court's inquiry does not end here because DirectSat argues that due to the lack of geographic diversity among the class members, namely, that they all worked in Illinois, joinder is not impracticable. (R. 27-1 at 15.) Geographic diversity of class members is one of the factors courts consider in determining whether joinder is impracticable. *See Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 665 (N.D. Ill. 1996); *Fletcher*, 245 F.R.D. at 336. Plaintiffs do not respond to this argument. Nevertheless, even if all of the class members currently live in or near Illinois, the number of putative class members is quite large and the Court can reasonably infer that joinder of 175 individuals would be very cumbersome. Thus, the proposed class satisfies the numerosity requirement.

####     B.     Commonality

Named class representatives may sue on behalf of a class only if there are questions of law or fact common to the class. Fed. R. Civ. P. 23(a)(2). The more stringent Rule 23(b)(3) requirement that questions common to the class predominate over other questions subsumes the commonality requirement of Rule 23(a). *Georgine v. Amchem Prods., Inc.*, 83 F.3d 610, 627 (3d Cir. 1996); *Owner-Operator Indep. Drivers Ass'n, Inc. v. Allied Van Lines, Inc.*, 231 F.R.D. 280, 282 (N.D. Ill. 2005). Because Plaintiffs seek class certification under Rule 23(b)(3), the Court need not consider the commonality element separate from its Rule 23(b)(3) predominance analysis below. *See Owner-Operator*, 231 F.R.D. at 282.

### C. Typicality

Under Rule 23(a)(3), "the typicality requirement primarily directs the district court to focus on whether the named representatives' claims have the same essential characteristics as the claims of the class at large." *Retired Chicago Police Ass'n v. City of Chicago*, 7 F.3d 584, 596-97 (7th Cir. 1993). A "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory." *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983); *Fletcher*, 245 F.R.D. at 336. The typicality requirement is liberally construed. *Gaspar v. Linvatec Corp.*, 167 F.R.D. 51, 57 (N.D. Ill. 1996).

Here, the issues are plain enough from the pleadings to determine that the named Plaintiffs' interests encompass the putative class members' interests based on Plaintiffs' allegations that DirectSat fails to pay its service technicians for certain tasks and directs its technicians to record less time than they actually worked. Nevertheless, DirectSat argues that the typicality requirement is not satisfied because each class member will have to prove liability and damages separately and individually. (R. 27-1 at 13.) DirectSat's generalizations about what Plaintiffs will need to prove ignore that class members' claims need not be factually identical to satisfy the liberal typicality requirement. *See Brieger v. Tellabs, Inc.*, 245 F.R.D. 345, 350 (N.D. Ill. 2007); *Flanagan v. Allstate Ins. Co.*, 242 F.R.D. 421, 428 (N.D. Ill. 2007). Plaintiffs' and the class members' claims arise out of the same allegedly unlawful conduct and the named Plaintiffs' claims are as broad as the claims they are asserting on behalf of the class. *See Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2000 WL 1774091, at *5 (N.D. Ill. Dec. 1, 2000). Because the individual Plaintiffs' claims arise from the same alleged practices giving rise to the other class members' claims and the claims are based on the same legal theories, the named Plaintiffs' claims satisfy the typicality requirement under Rule 23(a)(3).

### D. Adequate Representation

"The adequacy inquiry under Rule 23(a)(4) serves to uncover conflicts of interest between named parties and the class they seek to represent." *Amchem*, 521 U.S. at 625. To establish that they will fairly and adequately protect the interests of the class, class representatives must show that (1) their claims are not antagonistic to or in conflict with those of the proposed class, (2) they have sufficient interest in the outcome of the case, and (3) experienced, competent counsel represents them. *See Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

DirectSat challenges only whether the named Plaintiffs are in fact willing to act as class representatives because Williams and Hicks did not state their willingness in their declarations and Farmer has not filed any declaration with the Court. (R. 27-1 at 13.) The Court, however, can assume from their declarations that they are willing to serve as class representatives. The Court cannot determine what Farmer's claims are and whether he is willing to act as a class representative. He can only serve as a class representative if he files a declaration describing the basis for his claims against DirectSat and his willingness to serve as a class representative. Because there are no conflicts between the named Plaintiffs' claims and the class members' claims, Plaintiffs have satisfied the adequate representation requirement under Rule 23(a)(4). *See Uhl v. Thoroughbred Tech. & Telecomm., Inc.*, 309 F.3d 978, 985 (7th Cir. 2002).

## IV. Rule 23(b)(3) Requirements

Under Rule 23(b)(3), the Court must determine whether: (1) the questions of fact or law common to the class members predominate over questions affecting only the individual class members; and (2) a class action is superior to other available methods of adjudicating Plaintiffs' claims. Fed. R. Civ. P.

23(b)(3); *Szabo*, 249 F.3d at 676. Rule 23(b)(3) includes a list of factors for courts to consider when evaluating the predominance and superiority criteria:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3); *Amchem*, 521 U.S. at 615-16.

### A.     Predominance

"The Rule 23(b)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem*, 521 U.S. at 623. To satisfy the predominance requirement, a plaintiff must demonstrate that common issues of law or fact predominate over any questions affecting only individual members. Fed. R. Civ. P. 23(b)(3); *Szabo*, 249 F.3d at 676. "When determining if plaintiffs have met the predominance requirement, district courts focus on questions of liability, not damages." *Fletcher*, 245 F.R.D. at 332. Courts may look beyond the pleadings to determine whether questions of liability for each of the parties' claims are subject to proof by common evidence. *Id.* If the liability issues would require individual and fact-intensive determinations, the class' common issues do not predominate. *Id.* To determine whether the liability issues are subject to class-wide proof, the Court examines such factors as the substantive elements of Plaintiffs' claims, the proof necessary for those elements, and the manageability of trial on those issues. *Id.*; *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 435 (N.D. Ill. 2003). The heart of each of Plaintiffs' claims is the alleged unlawful failure of DirectSat to pay for certain categories of work performed by Plaintiffs and putative class members during the class period. *See Ladegaard*, 2000 WL 1774091, at *4. This is a question of fact common to the class, and it predominates over any individual questions.

In Count I of their Complaint, Plaintiffs allege that DirectSat regularly failed to properly compensate its technicians for the actual time they worked and failed to pay them overtime wages in violation of Illinois law. To establish predominance, Plaintiffs must show that class-wide evidence will be used to prove that DirectSat failed to pay for certain work and is liable under Illinois law. The same evidence will be required to establish whether, as Plaintiffs allege, "Defendant's policy or practice to have plaintiffs work off-the-clock attending meetings and training, loading and unloading equipment, planning jobs, maintaining their vehicles and transporting equipment to and from those jobs violates Illinois wage law." (R. 33-1, Pls.' Reply in Supp. of Class Certification at 4.) For Counts II, III, and IV of their Complaint, Plaintiffs will be required to show that Plaintiffs and the putative class members conveyed a benefit to DirectSat for which they did not receive compensation.[1] These claims are common to all class members because they concern how DirectSat pays its technicians for tasks that all technicians were allegedly required to complete. Those claims will be proven through common evidence, specifically DirectSat's policies regarding pay for such work for technicians and whether DirectSat technicians were required to perform some or all of the alleged unpaid tasks. While there may be factual differences

---

[1] DirectSat argues that these claims are based on the same factual assertions as the wage claims and are barred as duplicative of and pre-empted by the statutes. (R. 27-1 at 10.) This argument does not concern class certification and is more properly addressed in a motion for (partial) judgment on the pleadings or for summary judgment.

between class members' claims, such as the amount of hours worked per week and what off-the-clock work was performed, those issues concern individual damages, which are not the focus of the predominance inquiry. Plaintiffs acknowledge that whether DirectSat "encouraged some if not all Plaintiffs to under-report the hours they worked" is not subject to class-wide proof. (*Id.*) The existence of factual or legal differences within a class, however, does not foreclose a plaintiff from establishing predominance. *See Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980); *Fletcher*, 245 F.R.D. at 331-32; *Radmanovich*, 216 F.R.D. at 435 ("Although the common issues must predominate the case, it is not necessary that the plaintiff show them to be exclusive."). The class-wide questions of whether DirectSat is liable for wages related to these tasks and whether overtime was improperly denied predominate over any individualized questions, including questions of damages. *See Ladegaard*, 2000 WL 1774091, at *7.

    **B.**    **Superiority**

Finally, the Court must determine whether a class action is superior to other methods for the adjudication of the proposed class' claims. *See Szabo*, 249 F.3d at 676. DirectSat contends that a class action is not a superior method for resolving these wage disputes because of the availability of an FLSA collective action. (R. 27-1 at 10, 12.) A Rule 23 class cannot be certified under the FLSA; instead, wage and hour disputes under the FLSA must be brought as an FLSA collective action under 29 U.S.C. § 216(b) (2000). *See Acosta v. Scott Labor L.L.C.*, No. 05 C 2518, 2006 WL 27118, at *2 (N.D. Ill. Jan. 3, 2006). "A collective action under § 216(b) differs from a class action under Rule 23 because, in contrast to a class action that includes all class members unless they specifically "opt-out," members of an FLSA representative action must "opt-in." *Id.*; *see Woods v. New York Life Ins. Co.*, 686 F.2d 578, 580 (7th Cir. 1982). Congress did not limit class actions seeking overtime or other wages under state law. *Acosta*, 2006 WL 27118, at *2; *Beltran-Benitez v. Sea Safari, Ltd.*, 180 F. Supp. 2d 772, 774 (E.D.N.C. 2001) ("The FLSA's prohibition of Rule 23 class actions does not bar the application of Rule 23 to a separate cause of action in the same complaint.").

In a similar case, another court in this district certified an Illinois wage law class action when the case was removed from state court and the plaintiffs did not assert an FLSA collective action. *Acosta*, 2006 WL 27118. Here, Plaintiffs originally brought their claims in state court, and DirectSat subsequently removed the case to this Court. As Judge Gettleman found in *Acosta*, "a defendant's removal of a state class action significantly diminishes the merits of its challenge to the superiority of class certification under Rule 23(b)(3)." *Id.* at *5. Illinois law contemplates class actions for claims under its wage laws so it would be unfair to class members to prohibit class certification on such claims in federal court due to the availability of an FLSA collective action. *See id.* at *4; *Sorenson v. CHT Corp.*, Nos. 03 C 1609, 03 C 7362, 2004 WL 442638, at *4 (N.D. Ill. Mar. 10, 2004). Because Defendant removed this case on the basis of federal question jurisdiction and class action diversity jurisdiction, Plaintiffs could be denied any forum in which to bring a class action on their state wage law claims if DirectSat were permitted to avoid class certification by challenging superiority under Rule 23(b)(3). In any case, even if federal jurisdiction were premised only on the presence of the FLSA claim, it would be inefficient to force Plaintiffs to maintain a class action on the state law claims in state court and their individual FLSA claims in federal court. *See Acosta*, 2006 WL 27118, at *5. While there is a conflict between § 216(b)'s opt-in requirement and state precedent permitting class actions on state wage law claims, the Court finds that Plaintiffs, having chosen state court as their forum and having not filed a collective FLSA action, are not required by the superiority prong of Rule 23(b)(3) to abandon their state wage law class action in favor of a collective FLSA claim. *See Zelinsky v. Staples, Inc.*, Civ. No. 08-684, 2008 WL 4425814, at *7 (W.D. Pa. Sept. 29, 2008). The availability of an FLSA collective action does

not prevent the Court from finding that a class action is a superior method for adjudicating Plaintiffs' state law claims.

The Court also considers the factors outlined in Rule 23(b)(3) in making the superiority determination. This case is the only litigation pending concerning this controversy, and concentrating it in this Court is desirable since DirectSat removed the case here and the case arose in Illinois. Managing this class action will not pose substantial difficulties because Plaintiffs likely will attempt to prove the bulk of their claims through class-wide evidence. A class action will be more efficient than numerous individual suits concerning the same alleged practices and bases for liability. Finally, the superiority of a class action over individual lawsuits is also supported by "the policy at the very core of the class action mechanism," which "is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights." *Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1997).

## CONCLUSION

Because Plaintiffs have satisfied the necessary elements of Rule 23(a) and Rule 23(b)(3), Plaintiffs' motion to certify a class is granted. The following class is certified: "all individuals who were employed by DirectSat as service technicians or production technicians in the state of Illinois between December 3, 2006 and June 11, 2008." Plaintiff Gerald Farmer must file a declaration by January 23, 2009 setting forth the basis for his claims and his willingness to serve as a class representative.