IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, individually, and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>DIRECTSAT USA, LLC, a/k/a UNITEK USA,<br>            Defendant. | CIVIL ACTION<br><br>NO. 08CV3962<br>JUDGE AMY J. ST. EVE<br>MAGISTRATE JUDGE<br>MARIA VALDEZ |

### DEFENDANT DIRECTSAT USA, LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 30, 2008 ORDER GRANTING CLASS CERTIFICATION PURSUANT TO FED.R.CIV.P 23

Defendant DirectSat USA, LLC[1] ("DirectSat"), by and through its undersigned counsel, hereby respectfully moves this Court to reconsider its December 30, 2008 Order granting Plaintiffs' Motion for Class Certification, which certified a class defined as: "All individuals who were employed by DirectSat as service technicians or production technicians in the state of Illinois between December 3, 2006 and June 11, 2008."

WHEREFORE, for the reasons set forth in this Motion and the accompanying Memorandum of Law that is incorporated herein by reference, Defendant DirectSat USA, LLC respectfully requests that the Court grant its Motion and decertify the class defined

---

[1] Plaintiffs incorrectly identify Defendant DirectSat as "a/k/a Unitek USA." Unitek USA, LLC is a separate juridical entity from DirectSat, which neither does employ, nor has ever employed, Plaintiffs or "technicians." The proper defendant is and should be DirectSat USA, LLC, which DirectSat's counsel has previously repeatedly informed Plaintiffs' attorneys.

in this Court's December 30, 2008 Order, and grant such other relief in favor of DirectSat as the Court deems appropriate under the circumstances.

                Respectfully submitted,

                */s/ Colin D. Dougherty*

| | |
|---|---|
| Butler Rubin Saltarelli & Boyd | Jason S. Dubner (ARDC# 06257055)<br>Ursula A. Taylor (ARDC # 6287522)<br>70 West Madison Street, Suite 1800<br>Chicago, IL 60602<br>(312) 444-9660 |
| Elliott Greenleaf & Siedzikowski, P.C. | Eric J. Bronstein<br>Colin D. Dougherty<br>Union Meeting Corporate Center<br>925 Harvest Drive, Suite 300<br>Blue Bell, PA 19422<br>(215) 977-1000 |
| | Attorneys for Defendant<br>DirectSat USA, LLC |

DATED: March 16, 2009

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, individually, and on behalf of all others similarly situated,<br>　　　　　　Plaintiffs,<br><br>DIRECTSAT USA, LLC, a/k/a UNITEK USA,<br>　　　　　　Defendant. | CIVIL ACTION<br><br>NO. 08CV3962<br>JUDGE AMY J. ST. EVE<br>MAGISTRATE JUDGE MARIA VALDEZ |

**DEFENDANT DIRECTSAT USA, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S DECEMBER 30, 2008 ORDER GRANTING CLASS CERTIFICATION PURSUANT TO FED.R.CIV.P 23**

Defendant DirectSat USA, LLC[1] ("DirectSat"), by and through its undersigned counsel, hereby respectfully submits this Memorandum of Law in support of its Motion for Reconsideration of this Court's December 30, 2008 Order granting Plaintiffs' Motion for Class Certification pursuant to Federal Rule Civil Procedure 23 (Document 40), a copy of which is attached hereto as Exhibit "A."[2]

Plaintiffs' Complaint sought class certification on state law wage claims and allegedly seeks individual relief on Plaintiffs' wage claims under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* (" FLSA"). All claims arise out of the same operative facts. This Court based its December 30, 2008 Order granting class certification on, *inter alia*, its finding that Plaintiffs did

---

[1] Plaintiffs incorrectly identify Defendant DirectSat as "a/k/a' Unitek USA." Unitek USA, LLC is a separate judicial entity from DirectSat, which neither does employ, nor has ever employed, Plaintiffs or "technicians." The proper Defendant is and should be DirectSat USA, LLC, which DirectSat's counsel has previously repeatedly informed Plaintiffs' attorneys.

[2] DirectSat incorporates herein by reference its November 13, 2008 Opposition to Plaintiffs' Motion for Class Certification (Docket 27).

not file an FLSA collective action. Such a collective action, maintained concurrently with a class action under Rule 23, creates a conflict between the FLSA's "opt-in" requirement and the Rule 23 "opt-out" requirement.

Recent events, however, confirm that Plaintiffs are, in fact, attempting to maintain an FLSA opt-in collective action, as evidenced by, *inter alia*, the February 26, 2009 filing of a Notice of Consent to the FLSA claim by a non-party to this action. This new evidence, combined with Plaintiffs' previous purported attempts to "opt-in" other non-parties and Plaintiffs' counsels' actions, conclusively prove that Plaintiffs are simultaneously seeking a Rule 23 class and an FLSA collective action.[3]

Plaintiffs, who are seeking identical relief under both the Illinois and federal wage laws, are subverting Congress' intent in creating the FLSA opt-in procedure by strategically moving for class certification on their Illinois claims, while simultaneously disingenuously attempting to "opt-in" individuals to an FLSA collective action.[4] Accordingly, this Court, based upon Plaintiffs' attorneys' recent actions, must reconsider, and vacate, its December 30, 2008 Order.

I.  **Factual Background**

On June 11, 2008, named Plaintiffs Farmer, Hicks and Williams commenced this action on behalf of themselves, and all other similarly-situated, by filing a Complaint in the Circuit Court of Cook County, Illinois. Plaintiffs alleged that DirectSat failed to pay them for all worked performed, including overtime wages, in violation of Illinois state law and the FLSA.

---

[3] Plaintiffs are attempting to take advantage of the liquidated damages provisions of the FLSA for themselves and the "opt-in" parties, while, at the same time, they are maintaining a class action under Illinois law. This is a procedural end-run-around the clear opt-in procedures Congress intended for the FLSA collective action.

[4] Plaintiffs filed the February 26, 2009 Notice of Consent well after the Court's December 30, 2008 Order granting Plaintiffs' Motion for Class Certification. Plaintiffs are aware that non-party Biggs is not a member of the Rule 23 class, which makes his attempted "opt-in" even more confusing.

Plaintiffs' Complaint sought class certification for their claim under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.* (Count I) and their common law claims of unjust enrichment (Count II), *quantum meruit* (Count III) and breach of implied contract (Count IV). Significantly, Plaintiffs did not seek class certification on their individual FLSA claims (Count V). On July 11, 2008, DirectSat removed this action to this Court based upon diversity of citizenship (28 U.S.C. §1332), the Class Action Fairness Act ("CAFA") (28 U.S.C. §1332(d)), and federal question jurisdiction (28 U.S.C. §1441). On July 18, 2008, DirectSat filed its Answer to Plaintiffs' Complaint.

A.  **Non-Parties File "Opt-in" Notices of Consent under the FLSA.**

When Plaintiffs filed their Complaint in state court, they attached Notices of Consent under §216(b) of the FLSA for Plaintiffs Farmer and Hicks to their Complaint. *See* Exhibit "B." On June 24, 2008, Plaintiffs filed similar Notices of Consent for Plaintiffs Williams and **non-party** Odell Stiffend in Circuit Court of Cook County. *See* Exhibit "C."

Shortly thereafter, on July 1, 2008, Plaintiffs filed an additional Notice of Consent for **non-party** Silas Junious. *See* Exhibit "D." On July 14, 2008, after DirectSat had filed its Notice of Removal, Plaintiffs filed a Notice of Consent in the Circuit Court of Cook County for **non-party** Steve Emling.[5] *See* Exhibit "E." Finally, on February 26, 2009, Plaintiffs filed a Notice of Consent in this Court for **non-party** Arrilies Biggs. *See* Exhibit "F."

B.  **Plaintiffs Moved for Class Certification on their State Law Claims After Filing Notices of Consent on Behalf of Non-Parties to the FLSA Claims.**

On October 2, 2008, Plaintiffs filed their Motion for Class Certification under Rule 23 seeking class certification of their state law claims. However, Plaintiffs had already filed in state

---

[5] DirectSat did not receive copies of these Notices until December 15, 2008, after it filed its response to Plaintiffs' Motion for Class Certification with this Court. Counsel for Plaintiffs claims these notices were contemporaneously served upon DirecSat's registered agent in Illinois, but DirectSat has no record of receiving these documents until Plaintiffs' counsel forwarded them to DirectSat's counsel on the aforementioned date.

3

court three (3) Notices of Consent of non-parties to this action purportedly seeking to "opt-in" to the FLSA claim. Again, Plaintiffs did not formally move to conditionally certify a class for a collective action on the FLSA claims, notwithstanding the three (3) Notices of Consent filed for the non-parties who sought to opt-in to the action.

Plaintiffs' Motion requested the Court to certify a class on the state law claims only. On November 13, 2008, DirectSat filed its Brief in Opposition to Plaintiffs' Motion for Class Certification.[6] On December 30, 2008, this Court granted Plaintiffs' Motion for Class Certification.

On January 8, 2009, Plaintiffs' counsel sent counsel for DirectSat a letter regarding this Court's December 30, 2008 Order. *See* Exhibit "G." Although this Court's Order certified a class only as to Plaintiffs' state law claims, Plaintiffs' counsel's January 8th correspondence states that: "We also believe that all other pending FLSA cases involving DirectSat need to be informed of the December 30, 2008 order." *Id.* The only other FLSA claim against DirectSat in the Northern District of Illinois was filed by Plaintiffs' counsel.[7] Further, the only reason Plaintiffs' counsel would need to notify others of the FLSA claims filed in this case is Plaintiffs' pursuit of an opt-in collective action. Plaintiffs' obvious end-run-around the FLSA opt-in procedure has become abundantly clear by Plaintiffs' recent filing of an FLSA Notice of Consent, which purports to opt-in an individual who is neither a named plaintiff nor a member of the Rule 23 class. On January 26, 2009, Plaintiffs' attorneys received a list of the potential class

---

[6] DirectSat argued, *inter alia*, that Plaintiffs failed to satisfy the necessary elements of a class action under Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, as well as that Plaintiffs failed to properly define their purported class. Specifically, DirectSat challenged the numerosity, commonality, typicality and adequacy of representation elements required by Rule 23(a) and the predominance and superiority elements required by Rule 23(b)(3).

[7] *See Hundt v. DirectSat USA, LLC*, C.A. No. 08-CV-7238, pending in the United States District Court for the Northern District of Illinois, Eastern Division.

members, which did not include Mr. Biggs, as he was employed during the relevant class period. Therefore, this Court must reconsider, and vacate, its December 30, 2008 Order.[8]

## II. Argument

### A. Plaintiffs' Filing of an FLSA "Opt-in" Notice of Consent After This Court Granted Rule 23 Class Certification Constitutes New Evidence, Not Before the Court at the Time of its Order, Requiring Reconsideration of Class Certification.

A motion for reconsideration may be brought "to correct manifest errors of law or fact or to present newly discovered evidence." *Kessler v. American Resorts International's Holiday Network, Ltd.*, 2008 U.S. Dist. LEXIS 18975 *10-11 (March 12, 2008 N.D. Ill.).[9] DirectSat moves for reconsideration of this Court's December 30, 2008 Order granting Plaintiffs' Motion for Class Certification, because new evidence has developed since the issuance of this Court's Order, namely, Plaintiffs' filing of "opt-in" notices of consent to the FLSA claim for non-parties to this action and Plaintiffs' attorneys' conflict of interest has rendered them inadequate to represent the class.[10]

#### 1. This Court Entered its December 30, 2008 Order Granting Class Certification Based Upon Plaintiffs' Assertion of a Rule 23 Class Only.

Class certification under Rule 23 creates an "opt-out" class requiring parties to file a consent if they do not wish to join the action. *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574, 576 (N.D. Ill. 2004) (citing *Vanskike v. Peters*, 974 F.2d 806, 812-13 (7th Cir. 1992)). By contrast, under the FLSA, 29 U.S.C. §216(b), and as later amended by the Portal-to-Portal Act, a

---

[8] On January 14, 2009, DirectSat filed a Petition for Permission to Appeal to the United States Court of Appeals for the Seventh Circuit pursuant to Rule 23(f) of the Federal Rules of Civil Procedure, Rule 5 of the Federal Rules of Appellate Procedure, and 28 U.S.C. §1292(e), from this Court's December 30, 2008 Order granting class certification. To date, the Seventh Circuit has not ruled upon DirectSat's Petition.

[9] Pursuant to Local Rule, a copy of all unpublished opinions relied upon by DirectSat are attached hereto as Exhibit "I."

[10] In its March 2, 2008 Order, the Court granted DirectSat permission to file the instant Motion.

5

collective action for wages may be maintained by "one or more employees for and on behalf of himself or themselves and other employees similarly situated" (29 U.S.C. §216(b)) only if the employee gives consent in writing to "opt-in" and become a party. The "opt-in" provision of Section 216(b) of the FLSA expressly states: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. §216(b). Thus, "the principal difference between FLSA class actions and Rule 23 class actions is that prospective plaintiffs under the FLSA must consent to join the class." *DeAscencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003).

In its December 30, 2008 Order and Opinion, this Court acknowledged that "there is a conflict between § 216(b)'s opt-in requirement and state precedent permitting class actions on state wage law claims . . ." but granted Rule 23 class certification on the specific finding that:

> Plaintiffs, having chosen state court as their forum and **having not filed a collective FLSA action**, are not required by the superiority prong of Rule 23(b)(3) to abandon their state wage law class action in favor of a collective FLSA claim.

*See* Exhibit "A" at p. 7 (emphasis added).

However, since this Court's December 30, 2008 Order, Plaintiffs filed in this Court a Notice of Consent for Arrilies Biggs who is neither a named plaintiff in this action nor a member of the Rule 23 class. *See* Exhibit "F." Plaintiffs additionally filed, in state court, three other Notices of Consent for non-parties to this action. There are now four (4) individuals who are **not** parties to this action, but who Plaintiffs contend have "opted-in" to the named Plaintiffs' "individual" FLSA claims.

Additionally, communications from Plaintiffs' counsel after this Court's December 30, 2008 Order evidence Plaintiffs' furtive attempt to maintain and pursue a collective action under the FLSA

6

while at the same time representing to this Court that they are only seeking a Rule 23 class certification on the state law claims, including claims under IMWL. *See* Exhibit "G." Although Plaintiffs' counsel failed to state why such notice is necessary, Plaintiffs' counsel filed the only other FLSA claim against DirectSat in the Northern District of Illinois.

Moreover, in furthering their backdoor pursuit of an FLSA collective action, Plaintiffs' counsel is seeking to provide notice of the FLSA claims in this case to bring in additional "opt-in" plaintiffs while continuing to maintain a Rule 23 class action. In an email between counsel, Plaintiffs' counsel also expressed a concern about re-filing the FLSA consents in this Court, which were originally filed in state court, because he did not want to adversely affect the statute of limitations for the purported "opt-in" parties. *See* Exhibit "H."

Plaintiffs' most recently filed Notice of Consent in this Court, along with the other Notices of Consent filed in state court, were not before this Court when it issued its December 30, 2008 Order granting class certification. Thus, this Court did not have the benefit of the evidence demonstrating that Plaintiffs are attempting an end-run around Congressional intent and the requirements of the FLSA by seeking a *de facto* collective action under the FLSA through the filing of non-party consents, notwithstanding their claims and misrepresentations that they are only seeking a Rule 23 class. Therefore, this Court must reconsider its December 30, 2008 Order, vacate this prior decision and decertify Plaintiffs' class.

    2.    ***Acosta* and *Zelinsky* Relied Upon By This Court are Distinguishable Based Upon Plaintiffs' Recent Filings of FLSA "Opt-in" Notices of Consent.**

This Court's December 30, 2008 Order certifying Plaintiffs' Rule 23 state wage claims turned on the superiority prong of the Rule 23(b)(3) analysis. In determining that a class action on the state law wage claims is a superior method of adjudicating Plaintiffs' proposed class claims, this Court found significant that Plaintiffs chose state court as their forum and did not file

7

a collective FLSA action. *See* Exhibit "A" at p. 7. As more fully set forth above, Plaintiffs are in fact attempting to proceed on the FLSA claims as a collective action as evidenced by the filing of four (4) Notices of Consent for non-parties to this action.

In support of its class certification Order, this Court relied upon *Acosta v. Scott Labor, L.L.C.*, No. 05 C 2518, 2006 WL 27118 (N.D. Ill. Jan. 3, 2006), and *Zelinsky v. Staples, Inc.*, Civ. No. 08-684, 2008 WL 4425814 (W.D. Pa. Sept. 29, 2008), for the proposition that the "availability of an FLSA collective action does not prevent the Court from finding that a class action is a superior method for adjudicating Plaintiffs' state law claims." *See* Exhibit "A" at 7-8.

In light of Plaintiffs' recent actions in filing an "opt-in" Notice of Consent with this Court, and the three similar Notices of Consent filed in state court for non-parties, the *Acosta* and *Zelinsky* cases are easily distinguishable. In *Acosta*, the plaintiffs filed a class action in state court and later filed an amended complaint adding individual, non-class claims under the FLSA. The defendants subsequently removed the case to the district court. Central to the Court's reasoning in *Acosta* was that the plaintiffs were not asserting a collective action under the FLSA. *See Acosta*, 2006 WL 27118 at *2. The *Acosta* Court took notice of the case law from this district denying class certification of state law claims where plaintiffs simultaneously pursue FLSA collective actions, but distinguished those cases because the plaintiffs in *Acosta* "do not assert an FLSA collective action." *Id.* at *4.[11]

---

[11] The *Acosta* Court additionally noticed that the defendants' removal of the state class action to federal court "significantly diminish[ed] the merits of [defendants'] challenged to superiority of the class certification under Rule 23(b)(3). *Acosta* at *5. Here, although DirectSat removed this action to federal court, it did so on the basis of diversity of citizenship (28 U.S.C. §1332), the Class Action Fairness Act ("CAFA") (28 U.S.C. §1332(d)), and federal question jurisdiction (28 U.S.C. §1441). Thus, this Court has original jurisdiction over Plaintiffs' state law claims. Significantly, Plaintiffs never moved to remand this action nor did they contest jurisdiction on any basis.

8

Here, however, Plaintiffs are, in fact, pursuing an FLSA collective action while at the same time proceeding on their state law claims in a class action as evidenced by the filings of Notices of Consent for non-parties. Thus, *Acosta* is distinguishable.

The *Zelinsky* case is similarly distinguishable. There, the plaintiffs, who originally filed their complaint in state court, **did not assert an FLSA claim**. The defendants in *Zelinsky* removed the case to federal court based upon diversity jurisdiction and then argued, *inter alia*, that the FLSA pre-empted state wage claims and/or that an FLSA collective action was superior to the state wage claims. *Zelinsky*, 2008 WL 4425814 at *2-*6. The district court in *Zelinsky* rejected this argument, finding that the plaintiffs, "having chosen state court as their forum, and having not filed an FLSA claim, are not required by the superiority prong of Rule 23(b)(3) to abandon their state wage law class action in favor of a collective FLSA claim." *Id.* at *7.

The court in *Zelinsky* focused on the fact that the plaintiffs had not filed an FLSA claim. This is factually distinguishable from the case at bar, where Plaintiffs' Complaint, although originally filed in state court, not only contains an FLSA claim, but also contains a *de facto* FLSA collective action evidenced by the notices filed to "opt-in" non-parties to the FLSA claim. *See* Exhibits "B"- "F."

### 3. The Recent Judicial Trend in this District is to Deny Class Certification of State Law Claims Where FLSA Collective Actions are also Maintained.

The Courts in this District have recently trended toward denying class certification of state law claims where FLSA collective actions are also maintained. The Courts in *Harper v. Yale International Insurance*, No. 03 C 3789, 2004 WL 1080193 (N.D. Ill. May 12, 2004), *Rodriguez v. The Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490 (N.D. Ill. Mar. 7, 2001), *Muecke v. A-Reliable Auto Parts and Wreckers, Inc.*, No. 01 C 2361, 2002 WL 1359411 (N.D. Ill. June 21, 2002), *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D. 574 (N.D. Ill. 2004), and

9

*Riddle v. National Security Agency, Inc.*, No. 05 C 5880, 2007 WL 2746597 (N.D. Ill. Sept. 13, 2007) all denied class certification of state law claims where FLSA collective actions are also maintained.

For example, in *Harper v. Yale International*, the Court cautioned against attempting to circumvent Congressional intent and preference that wage claims be pursued under the collective action opt-in procedure of the FLSA, rather than by seeking Rule 23 class action certification on state wage law claims. *See Harper*, 2004 WL 1080193 at \*4-\*5. In *Harper*, the plaintiffs brought an action for violations of Illinois wage laws and the FLSA, but sought class certification on the Illinois wage claims only, seeking only individual relief on the FLSA claim. The *Harper* Court found class certification of the state law claims "inappropriate" and decertified the class, noting:

> Plaintiffs, however, have arguably subverted congressional intent in creating the FLSA opt-in procedure by choosing to seek class certification of their IMWL claims instead of pursuing an FLSA collective action.

*Id.* at \*5.

Similarly, in *Rodriguez v. The Texan, Inc.*, 2001 WL 1829490, *supra*, the Court, *sua sponte*, raised the concern that an FLSA action must proceed by way of the opt-in procedure. *Rodriguez* at \*1. In *Rodriguez,* the plaintiff attempted to represent a class of persons under the FLSA and Illinois wage laws. Noting its "serious reservations," which the court characterized as an "understatement," as to "conventional class action treatment in this instance," the *Rodriguez* Court noted Congressional intent in enacting the opt-in requirement of the FLSA:

> There are powerful policy considerations that led Congress to change the original version of the Fair Labor Standards Act by enacting the Portal to Portal Act of 1947 so as to require the opt-in procedure via individualized written consents by employees wishing to join such actions . . . .. That policy and the underlying

10

> congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement.

*Rodriguez*, 2001 WL 1829490 at *2.

Cases from the district courts in the United States Court of Appeals for the Third Circuit have also trended toward a finding that FLSA collective actions are incompatible with Rule 23 state law class actions and cannot be maintained in a single action in federal court, following the Third Circuit's precedent in *DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301 (3d Cir. 2003). *See, e.g., Burkhart-Deal v. Citifinancial, Inc.*, 2008 WL 2357735 (W.D. Pa. June 5, 2008); *Warner v. Orleans Home Builders, Inc.*, 550 F.Supp.2d 583 (E.D. Pa. 2008); *Woodard v. FedEx Freight East, Inc.*, 250 F.R.D. 178 (M.D. Pa. 2008); *Ellis v. Edward D. Jones & Co.*, 527 F.Supp.2d 439 (W.D. Pa. 2007).

For example, in *Warner v. Orleans Home Builders, Inc., supra*, the United States District Court for the Eastern District of Pennsylvania dismissed the plaintiff's class action claims under Pennsylvania wage laws where the plaintiff's complaint also pled a collective action under the FLSA. Finding the FLSA's "opt-in" procedures to be incompatible with the "opt-out" procedure of Rule 23, the *Warner* Court found:

> The Third Circuit has called Congress' imposition of an opt-in requirement for FLSA collective actions a "crucial policy decision." . . . Within the Third Circuit, numerous courts have held that opt-in FLSA collective actions are "inherently incompatible" with opt-out Rule 23 state-law class actions because permitting a Rule 23 class action to proceed in the same suit with a FLSA collective action would "essentially nullify Congress's intent in crafting Section 216(b) and eviscerate the purpose of Section 216(b)'s opt-in requirement." . . . Thus, these courts have held that the two types of actions cannot be brought simultaneously in federal court in a single lawsuit.

*Warner*, 550 F. Supp. at 588 (citations omitted).

11

Here, Plaintiffs have sought Rule 23 class certification on their state-law claims, but have surreptitiously filed "opt-in" Notices of Consent for non-parties to the FLSA claims. Plaintiffs are attempting to maintain both a Rule 23 opt-out class action on their Illinois wage claims while at the same time pursuing a *de facto* collective opt-in action under the FLSA. This is a flagrant attempt to eviscerate Congress' intent in crafting the opt-in procedure of the FLSA. Accordingly, this Court must reconsider and vacate its December 30, 2008 Order granting class certification on Plaintiffs' state law wage claims.

    **B.**    **Plaintiffs' Attorneys' Conflict of Interest Renders Them Inadequate to Represent the Class and Mandates Reconsideration of the Court's Order Granting Class Certification.**

Plaintiffs' attorneys' conflict of interest between the class members and Darrick Hundt, whom they represent in a separate action against DirectSat, which did not arise until after Plaintiffs' Motion for Class Certification and DirectSat's Response thereto were both filed, constitutes newly-discovered evidence and warrants the Court's reconsideration of the December 30, 2008 Order. This conflict renders Plaintiffs' attorneys inadequate to represent the class and precludes them from acting as class counsel pursuant to Rule 23. *Baas v. Dollar Tree Stores*, No. C 07-03108, 2008 WL 906496 (N.D. Cal. Apr. 1, 2008).

Rule 23(a) requires that counsel be adequate to represent the proposed class. Fed.R.Civ.P. 23(a)(4); *see Baas*, 2008 WL 906496; *see also Fletcher v. ZLB Behring LLC*, 245 F.R.D. 328, 330 (N.D. Ill. 2006) (St. Eve, J.); *Moffat v. Unicare Midwest Plan Group 31451*, No. 04 C 5685, 2006 WL 897918, at * 4 (N.D. Ill. Apr. 6, 2006) (St. Eve, J.); *Blair v. Supportkids, Inc.*, No. 02 C 0632, 2003 WL 1908031, at *4 (N.D. Ill. Apr. 18, 2003) (St. Eve, J.). If counsel is not adequate, class certification will be denied. *See Baas*, 2008 WL 906496 at *4; *see also Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir.1993).

In *Baas,* the Court faced an almost factually identical scenario to the instant case, and denied the plaintiffs' motion for class certification because of the same conflict of interest. The claims in both *Baas* and the case at bar stem from alleged failures of the respective employers to pay employee-plaintiffs for all hours worked. In both cases, the plaintiffs alleged that management directed them to misreport their hours. In both cases, a manager testified contrary to the plaintiffs' allegations. In both cases, the class counsel represents the manager in another, separate action against the defendant.

In *Baas*, the Court, which analyzed the issue under the California Rules of Professional Responsibility, stated that: "The primary fiduciary obligation at stake from simultaneous representation "is the attorney's duty-and the client's legitimate expectation-of loyalty.... [R]epresentation adverse to a *present* client must be measured no so much against the similarities in litigation, as against the duty of undivided loyalty which an attorney owes to each of his clients." 2008 WL 906496 at *2 (internal citations omitted). The Court further noted that: "The spectacle of an attorney skewering her own client on the witness stand in the interest of defending another client demeans the integrity of the legal profession and undermines confidence in the attorney-client relationship." *Id.* (internal citation omitted).

The Court also cited to the American Bar Association Committee on Ethics and Professional Responsibility, which similarly held that "[a] lawyer who in the course of representing a client examines another client as an adverse witness in a matter unrelated to the lawyer's representation of the other client, or conducts third party discovery of the client in such a matter will likely face a conflict that is disqualifying in the absence of appropriate client consent.' *See* ABA Formal Opn. 92-367." *Id.* at *3.

The Committee reasoned that:

13

examining one's own client as an adverse witness on behalf of another client, or conducting third party discovery of one client on behalf of another client, is likely (1) to pit the duty of loyalty to each client against the duty of loyalty to the other; (2) to risk breaching the duty of confidentiality to the client-witness; and (3) to present a tension between the lawyer's own pecuniary interest in continued employment by the client-witness and the lawyer's ability to effectively represent the litigation client.

\* \* \*

[A]n attorney should not be permitted to put himself in a position where, even unconsciously, he will be tempted to "soft pedal" his zeal in furthering the interests of one client in order to avoid an obvious clash with those of another.

When a lawyer is called upon to cross-examine her own client, the lawyer may well be torn between a "soft," or deferential, cross-examination, which compromises the representation of the litigation client, and a vigorous one, which breaches the duty of loyalty to the client-witness.

*Id.*

Identical to *Baas*, this Court was and is faced with a situation where Plaintiffs' attorneys are conflicted in their duty of loyalty to the class members. This conflict, which Plaintiffs' attorneys' unilaterally created, arose after the Motion for Class Certification was filed and briefed by both parties. As such, the conflict is also new evidence that warrants the Court's reconsideration of its December 30, 2008 Order, which must be vacated, because counsel cannot adequately represent the class, as required by Rule 23(a)(4), based upon their conflict of interest. "Even if this conflict of interest could be waived, Plaintiffs' counsel would need to obtain waivers from every class member, which, as a practical matter, they cannot do from the absent class members." *Id.* at *4. Therefore, this Court must reconsider, and vacate, its December 30, 2008 Order.

## III. Conclusion

For all the foregoing reasons, DirectSat requests that this Court grant its Motion for Reconsideration of the Court's December 30, 2008 Order granting class certification, vacate that Order, decertify the class and award DirectSat any further relief that the Court deems appropriate.

                                                Respectfully submitted,

                                                */s/ Colin D. Dougherty*

| | |
|---|---|
| Butler Rubin Saltarelli & Boyd | Jason S. Dubner (ARDC# 06257055)<br>Ursula A. Taylor (ARDC # 6287522)<br>70 West Madison Street, Suite 1800<br>Chicago, IL 60602<br>(312) 444-9660 |
| Elliott Greenleaf & Siedzikowski, P.C. | Eric J. Bronstein<br>Colin D. Dougherty<br>Union Meeting Corporate Center<br>925 Harvest Drive, Suite 300<br>Blue Bell, PA 19422<br>(215) 977-1000 |
| | Attorneys for Defendant<br>DirectSat USA, LLC |
| DATED: March 16, 2009 | |

## CERTIFICATE OF SERVICE

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

>Jac A. Cotiguala, Esquire
>Jac A. Cotiguala & Associates
>431 South Dearborn Street, Suite 606
>Chicago, IL 60605

>Attorney for Plaintiffs

>/s/ Colin D. Dougherty
>Colin D. Dougherty

DATED: March 16, 2009