## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3962 | **DATE** | 6/29/2009 |
| **CASE TITLE** | Farmer et al vs. DirectSat USA, LLC | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Amend Complaint to Join Plaintiffs to Count V [62] is granted. Defendant's Motion for Reconsideration of Class Certification [64] is denied. Plaintiffs must file their amended complaint consistent with this order by 7/7/2009.

■[ For further details see text below.]   Notices mailed by Judicial staff.

### STATEMENT

Before the Court is named Plaintiffs' Motion to Amend Complaint to Join Plaintiffs to Count V (R. 62-1, Pls.' Mot. Amend Compl.) and Defendant DirectSat's Motion for Reconsideration of the Court's Order Granting Class Certification (R. 64-1, Def.'s Mot. Reconsider Class Cert.). For the reasons below, Plaintiffs' motion to amend is granted and Defendant's motion to reconsider class certification is denied.

### BACKGROUND

DirectSat formerly employed the named Plaintiffs as service technicians and paid them an hourly wage for installing and servicing residential satellite dishes. (R. 1-1, Compl., Ex. A to Notice of Removal ¶¶ 8-11.) Plaintiffs allege that DirectSat failed to pay its technicians for all work performed, including overtime wages, in violation of Illinois wage and hour laws. (*Id.* ¶¶ 15, 17.) Specifically, they contend that DirectSat required them to perform certain tasks, such as completing paperwork, and encouraged them to work overtime without recording that time. (*Id.* ¶¶ 14-15.) Plaintiffs also allege that DirectSat instructed its technicians to record less time than they actually worked. (*Id.* ¶ 13.) Based on these allegations, Plaintiffs brought claims in Illinois state court under state law on behalf of themselves and others similarly situated for violations of Illinois wage and overtime requirements (Count I), unjust enrichment (Count II), quantum meruit (Count III), and breach of implied contract (Count IV). (*Id.* ¶¶ 28-49.) The named Plaintiffs also assert individual claims under the Fair Labor Standards Act ("FLSA") (Count V). (*Id.* ¶¶ 51-57.) DirectSat removed the case to federal court based on class action diversity and federal question jurisdiction.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Plaintiffs moved for class certification on their state-law claims. (R. 19-1, Pls.' Mot. Class Cert.) In its December 30, 2008 order granting that motion and certifying Plaintiffs' proposed class, the Court found that Plaintiffs satisfied the numerosity, commonality, typicality, and adequacy-of-representation requirements of Federal Rule of Civil Procedure 23(a) as well as the predominance and superiority requirements of Rule 23(b)(3). In so ruling, the Court rejected DirectSat's contention that the proposed class did not satisfy the superiority prong of Rule 23(b)(3) because of the availability of an FLSA collective action. The Court explained:

> A Rule 23 class cannot be certified under the FLSA; instead, wage and hour disputes under the FLSA must be brought as an FLSA collective action under 29 U.S.C. § 216(b) (2000). *See Acosta v. Scott Labor L.L.C.*, No. 05 C 2518, 2006 WL 27118, at *2 (N.D. Ill. Jan. 3, 2006). "A collective action under § 216(b) differs from a class action under Rule 23 because, in contrast to a class action that includes all class members unless they specifically "opt-out," members of an FLSA representative action must "opt-in." *Id.*
> . . .
>
> Because Defendant removed this case on the basis of federal question jurisdiction and class action diversity jurisdiction, Plaintiffs could be denied any forum in which to bring a class action on their state wage law claims if DirectSat were permitted to avoid class certification by challenging superiority under Rule 23(b)(3). In any case, even if federal jurisdiction were premised only on the presence of the FLSA claim, it would be inefficient to force Plaintiffs to maintain a class action on the state law claims in state court and their individual FLSA claims in federal court. *See Acosta*, 2006 WL 27118, at *5. While there is a conflict between § 216(b)'s opt-in requirement and state precedent permitting class actions on state wage law claims, the Court finds that Plaintiffs, having chosen state court as their forum and having not filed a collective FLSA action, are not required by the superiority prong of Rule 23(b)(3) to abandon their state wage law class action in favor of a collective FLSA claim.

(R. 40-1, 12/30/2008 Order at 7.) Thus, the Court's understanding that Plaintiffs were not asserting a collective action was integral to the ruling.

Thereafter, on February 26, 2009, Plaintiffs filed a "Notice of Consent Form" for non-party Arrilies Biggs. (R. 57-2.) The Court granted Plaintiffs' unopposed motion to strike Biggs' notice of consent (R. 67-1). The Court learned, however, that six other notices of consent had been filed in state court in June and July 2008 before the case was removed. Plaintiffs never brought these notices to the Court's attention. Those opt-in notices draw into question Plaintiffs' representation that they are not also bringing an FLSA collective action.[1] The Court permitted DirectSat to file a motion to reconsider the order granting class certification in light of the opt-in notices filed in state court, which were not included in the record removed to this Court. (R. 58-1, 03/02/2009 Order.) DirectSat filed this motion to reconsider class certification, and Plaintiffs moved to amend their complaint to join as named plaintiffs those individuals who had previously filed opt-in notices in state court. (R. 62-1.) Plaintiffs attached those opt-in notices to their motion to amend.

**LEGAL STANDARDS**

**I.      Motion for Reconsideration**

A motion to reconsider serves the limited function of allowing the Court to correct a manifest error of law

---

[1] Notices of consent are required only in collective actions under the FLSA; they are not required to pursue an individual FLSA claim. *Harkins v. Riverboat Servs.*, 385 F.3d 1099, 1101 (7th Cir. 2004).

or fact or to consider newly discovered material evidence. *See Sigsworth v. City of Aurora*, 487 F.3d 506, 507-08 (7th Cir. 2007); *Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003). The Court has broad discretion in deciding such motions. *See Sigsworth*, 487 F.3d at 511-12.

## II.  Motion to Amend Complaint to Join Additional Plaintiffs

Rules 15 and 20 of the Federal Rules of Civil Procedure govern the amendment of a complaint to join additional plaintiffs. *Chavez v. Ill. State Police*, 251 F.3d 612, 632 (7th Cir. 2001). Under Rule 15(a), where a responsive pleading has already been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). Leave to amend, however, "need not be given if there is an apparent reason not to do so, such as 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Chavez*, 251 F.3d at 632 (alteration in original) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998)).

Rule 20 permits "[p]ersons to join together in one action as plaintiffs" if they assert a cause of action arising out of the same transaction or occurrence and any question of law or fact common to all the plaintiffs will arise in the case. Fed. R. Civ. P. 20(a). In exercising their wide discretion over whether to permit the joinder of parties, courts should consider, "in addition to the requirements of Rule 20, 'other relevant factors in a case in order to determine whether the permissive joinder of a party will comport with the principles of fundamental fairness.'" *Chavez*, 251 F.3d at 632 (quoting *Intercon Research Assoc., Ltd. v. Dresser Indus., Inc.*, 696 F.2d 53, 58 (7th Cir. 1982)). If, however, "joinder would create 'prejudice, expense or delay' the court may deny the motion." *Id.* (citation omitted).

## ANALYSIS

## I.  Motion for Reconsideration

The Court permitted DirectSat to bring the instant motion to reconsider in light of the opt-in notices filed in state court, which were not included in the record removed to this Court and thus were not before the Court when it granted class certification. Even if, as Plaintiffs contend, DirectSat neglected its obligation under 28 U.S.C. § 1446 to include in the removal papers "a copy of all process, pleadings, and orders served upon such defendant" in state court and thereby denied the Court of that evidence in considering the certification motion, the Court's initial determination to certify a class is "inherently tentative," *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 n.11, 98 S. Ct. 2454, 57 L. Ed. 2d 351 (1978). The Court "remains under a continuing obligation to review whether proceeding as a class is appropriate." *Ellis v. Elgin Riverboat Resort*, 217 F.R.D. 415, 419 (N.D. Ill. 2003); *see* Fed. R. Civ. P. 23(c)(1)(C) ("An order that grants or denies class certification may be altered or amended before final judgment."). Despite the strong hint of Plaintiffs' gamesmanship and maneuvering throughout this case, the Court is convinced that class certification remains appropriate.

### A.  Plaintiffs' Motives and Litigation Conduct

Plaintiffs' conduct suggests that it seeks to invoke the benefits of an FLSA collective action without the attendant procedural requirements and legal implications of bringing a collective action simultaneously with a state-law class action. Formally asserting a collective FLSA action would implicate the recent trend of cases in the Northern District of Illinois to disallow a state law class action to be brought simultaneously with a collective FLSA action, and would thus jeopardize Plaintiffs' ability to retain class certification. As Plaintiffs acknowledge, filing notices of consent may be evidence of a collective action. (R. 73-1, Pls.' Resp. Mot. Reconsider at 3.)

"Such purported consents to join the lawsuit would be meaningless unless the case involved a representative action." *Tate v. Showboat Marina Casino P'ship*, No. 02 C 3432, 2002 WL 31443124, at *3*4 (N.D. Ill. Oct. 30, 2002) (citing cases); *see Harkins v. Riverboat Servs., Inc.*, 385 F.3d 1099, 1101 (7th Cir. 2004) (holding that the requirement of filing written consents is applicable only to collective actions). Admittedly, Plaintiffs' proposed amended complaint states that Plaintiffs' FLSA claims are brought "individually and not collectively." (R. 62-2, Ex. A: Proposed First Am. Compl. at 12.) Still, courts have suggested that the filing of opt-in notices is more significant than the language of the complaint in determining whether a lawsuit involves a representative action. *See Allen v. Atlantic Richfield Co.*, 724 F.2d 1131, 1135 (5th Cir. 1984); *Tate*, 2002 WL 31443125, at *4. Significantly, Plaintiffs only filed their motion to amend to join as plaintiffs those who had filed opt-in notices after the Court raised its concerns over the filing of such notices. Thus, the filing of notices of consent is compelling evidence of an attempt to avoid formally asserting an FLSA collective action in order to preserve its preferred litigation position.

Plaintiffs maintain, however, that they filed the opt-in notices only to protect the consenting individuals' statute of limitations periods "in the event their class never certified, or became decertified, and their claims devolved into a collective action." (R. 73-1 at 4.) Plaintiffs thereby concede that they (or their attorneys) view an FLSA collective action only as a less desirable alternative—a second choice—to proceeding as a class action on their state law claims. Indeed, Plaintiffs admit that "there is no benefit for Plaintiffs pursuing a collective FLSA action in this case." (R. 77-1, Pls.' Reply Mot. Amend at 5.) It is precisely because, as Plaintiffs put it, "[t]here is little incentive for Plaintiffs to risk class decertification by seeking a collective action under the FLSA" (*id.*) that the Court observes the possibility that Plaintiffs are seeking to circumvent the procedural requirements of § 216(b) and the policy choices underlying them. "Allowing plaintiffs to avoid the FLSA's opt-in procedure—which was enacted by Congress to limit collective actions—simply by omitting a request for collective action and seeking class certification of state law wage claims would arguably subvert this congressional intent." *Harper*, 2004 WL 1080193, at *4 (citing *Sorensen v. CHT Corp.*, Nos. 03 C 1609, 03 C 7362, 2004 WL 442638, at *11 (N.D. Ill. Mar. 10, 2004)).

In its prior order, the Court agreed with those courts which noted that removal from state court to federal court weighs in favor of certifying a class action on state-law wage claims. Giving undue weight to this factor would encourage gamesmanship by plaintiffs when a case could be brought in federal court. Simply by initiating such a case in state court, and relying on the defendant to remove to federal court, as they often do, plaintiffs could easily invoke this factor. Interestingly, Plaintiffs here specifically pled superiority in their state court complaint even though Illinois has no superiority requirement. 735 Ill. Comp. Stat. 5/2-801 (2008).

In sum, their contrary representations notwithstanding, to the extent Plaintiffs may in fact be doing so, the Court hereby dismisses any FLSA collective action against DirectSat in this litigation. While courts in this District have permitted dual certification of state-law class actions and FLSA collective actions, doing so implicates this Court's obligation to prevent the subversion of Congress's policy choice by procedural tactics. The class action device is a procedural mechanism only, not a substantive right. *See Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332, 100 S. Ct. 1166, 63 L. Ed. 2d 427 (1980). It is unlikely Congress intended plaintiffs to invoke the FLSA's collective action scheme only when the more plaintiff-friendly class action device is unavailable for bringing state-law claims based on the same conduct.

B.  Class Certification

Precedent from this District reveals a clear trend towards denying class certification on state law claims when brought simultaneously with a collective action under the FLSA. *See, e.g.*, *Riddle v. Nat'l Sec. Agency, Inc.*, No. 05 C 5880, 2007 WL 2746597, at *3-4 (N.D. Ill. Sept. 13, 2007); *Marquez v. Partylite Worldwide, Inc.*, No. 07 C 2024, 2007 WL 2461667, at *1 (N.D. Ill. Aug. 27, 2007); *McClain v. Leona's Pizzeria, Inc.*, 222 F.R.D.

574, 578 (N.D. Ill. 2004); *Harper*, 2004 WL 1080193, at *3-6; *Muecke v. A-Reliable Auto Parts & Wreckers, Inc.*, No. 01 C 2361, 2002 WL 1359411 (N.D. Ill. June 21, 2002). *But see Yon v. Positive Connections, Inc.*, No. 04 C 2680, 2005 WL 628016 (N.D. Ill. Feb. 2, 2005) (permitting dual certification of FLSA collective action and state law class action when filed in state court and removed based on federal question jurisdiction). After carefully considering the circumstances of this case and weighing the reasoning of other courts, the Court concludes that class certification remains appropriate here.

Courts give various reasons for refusing to certify state-law classes when brought with FLSA collective actions. *See Marquez*, 2007 WL 2461667, at *1 (summarizing cases). First, courts very often note that doing so "would undermine Congress' creation of the 'collective action' procedure in the FLSA." *Id.* at *2; *Rodriguez v. Texan, Inc.*, No. 01 C 1478, 2001 WL 1829490, at *2 (N.D. Ill. Mar. 7, 2001) ("That policy and the underlying congressional intent would be thwarted if a plaintiff were permitted to back door the shoehorning in of unnamed parties through the vehicle of calling upon similar state statutes that lack such an opt-in requirement."). Certifying a state-law class subverts Congress's policy choice in expressly rejecting the class action mechanism for adjudicating under federal law the precise conduct Plaintiffs seek to adjudicate under state law. Second, courts also refuse to certify a state-law class because of the confusion inherent in "a notice that both calls for a decision whether to opt-in to the collective action and also whether to opt-out of the class action." *De La Fuente v. FPM Ipsen Heat Treating, Inc.*, No. 02 C 50188, 2002 WL 31819226, at *2 (N.D. Ill. Dec. 16, 2002).

The Court accepts Plaintiffs' representations, made through their counsel in filings subject to Rule 11, that they are only "seeking individual FLSA claims with the state class claims." (R. 73-1 at 3.) Plaintiffs insist they do not intend to request opt-in notices and will not solicit additional FLSA claims. Thus, concerns about confusion from conflicting notices are absent. Moreover, Congress did not intend the FLSA to preempt state wage and overtime laws that provide more protection to employees than the FLSA. 29 U.S.C. § 218(a) ("No provision of this chapter or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this chapter or a maximum work week lower than the maximum workweek established under this chapter . . . ."). Courts often allow dual certification on grounds of judicial efficiency. *Marquez*, 2007 WL 2461667, at *3 ("[I]t would be inefficient to proceed with the FLSA collective action in federal court, while requiring the employees to pursue class relief under state law—based upon the same facts—in state courts." (citing *O'Brien v. Encotech Constr. Servs.*, 203 F.R.D. 346, 352 (N.D. Ill. 2001)). The inefficiency from splitting the claims in this case would be especially great in this case where each claim—the state-law class action claims and the individual FLSA claims—could independently be brought in federal court. *See Acosta*, 2006 WL 27118. A significant distinguishing fact about this case, therefore, is the absence of any concerns about the Court's exercising supplemental jurisdiction over state law claims. Accordingly, because Plaintiffs are not pursuing a collective action under the FLSA simultaneously with a state-law class action based on the same conduct, and because Congress contemplated dual enforcement of federal and state wage and hour laws, maintaining class certification in this case does not subvert congressional intent. *See Hernandez v. Gatto Indus. Platers, Inc.*, No. 08 C 2622, 2009 WL 1173327, at *3 (N.D. Ill. Apr. 28, 2009) (permitting class certification on state-law claim while plaintiffs pursue individual FLSA claims because Congress did not intend the FLSA to preempt state wage and overtime laws).

DirectSat also contends that reconsideration of class certification is appropriate because a conflict of interest renders Plaintiffs' counsel inadequate to represent the class. (R. 64-1 at 14-16.) In response to this conflict of interest, the Court required Plaintiffs' counsel to submit signed consent forms from the named Plaintiffs and to obtain independent counsel to cross-examine the individual with whom the conflict arose. Plaintiffs' counsel did so, and the Court denied DirectSat's motion to disqualify. (R. 58-1.) To the extent any potential conflict remains uncured, it is not an independent basis for reconsidering the grant of class certification.

II.  **Motion to Amend Complaint to Join Additional Plaintiffs**

"[A] plaintiff pursuing an individual action under the FLSA need not file a consent to join the lawsuit because the written consent requirement on its face applies only to representative actions. This is true even in a multi-plaintiff joint action under Rule 20." *Tate*, 2002 WL 31443124, at *3. Thus, joinder is the proper mechanism for adding plaintiffs in a multiple-plaintiff joint action, as Plaintiffs contend their case is, rather than filing notices of consent as required in a collective action under the FLSA. *Id.* at *2-6.

In their motion to amend, Plaintiffs seek to join as named plaintiffs on Count V – the individual FLSA claims – those individuals who filed notices of consent in state court. DirectSat argues that Plaintiffs' motion to amend was brought in bad faith. (R. 74-1, Def.'s Opp'n Mot. Amend at 10.) DirectSat notes that Plaintiffs only moved to join the "opted in" individuals after the Court raised the issue with the parties, and argues that Plaintiffs are only bringing this motion to avoid the requirements of § 216(b). (*Id.* at 8.) Plaintiffs acknowledge that collective actions are better for employers (i.e., defendants) because fewer plaintiffs join through the opt-in procedure, so potential liability is lower. (R. 77-1 at 5.) Yet, they insist this motion is aimed at remedying DirectSat's failure to include the notices of consent with the record on removal and to correct their misunderstanding of FLSA requirements. (R. 62-1 ¶¶ 5-9.) Despite the possibility that Plaintiffs' motion to amend is brought with suspect motives—to circumvent congressional intent and the opt-in procedures for an FLSA collective action—joinder will cause no unfair prejudice to Defendant.

DirectSat does not contest that the individuals sought to be joined satisfy the requirements of Rule 20. Permitting joinder in this case comports with fundamental fairness, namely, preserving the claims of those individuals who filed opt-in notices in state court. Moreover, DirectSat had notice of the individuals now sought to be joined since at least January 2009, and in this early stage of the case, any delay due to the amendment is harmless. After weighing the factors for and against granting leave to amend, *see Chavez*, 251 F.3d at 632, the Court grants Plaintiffs' Rule 15 motion to amend their complaint to join additional plaintiffs to Count V.

Plaintiffs request that their amended complaint relate back to the date the original complaint was filed in state court. (R. 62-1 ¶ 14.) In the context of an FLSA collective action, 29 U.S.C. § 256 provides that the collective action is considered to commence as to any individual claimant on the date his written notice of consent is filed. If Plaintiffs were asserting a collective action, the already filed opt-in notices would, pursuant to § 256, relate back to the date they were filed in state court. Plaintiffs, however, maintain they are asserting their FLSA claims as individuals in a multi-plaintiff joint action under Rule 20. The Court accepts that representation. Rule 15(c) governs whether an amendment adding plaintiffs relates back to the date of the original pleading. *See Newell Operating Co. v. Int'l Union*, 532 F.3d 583, 588 (7th Cir. 2008). "The factors favor relation back where (1) the new plaintiff's claim arose out of the 'same conduct, transaction or occurrence' set forth in the original complaint; (2) the new plaintiff shares an 'identity of interest' with the original plaintiff; (3) the defendants have 'fair notice' of the new plaintiff's claim; and (4) the addition of the new plaintiff will not cause the defendants prejudice." *Hawkins v. Groot Indus., Inc.*, 210 F.R.D. 226, 232 (N.D. Ill. 2002). The plaintiffs sought to be added assert FLSA claims arising from the same conduct as the named Plaintiffs. DirectSat had actual knowledge of these potential claimants at least since January 2009 (R. 76-1, Def.'s Reply Mot. Reconsider at 3), and may have had constructive notice since June/July 2008, when the notices were filed in state court. (*See* R. 74-1 at 6.) Accordingly, Plaintiffs' amended complaint will relate back pursuant to Rule 15(c).

**CONCLUSION**

In sum, Plaintiffs' Motion to Amend Complaint (R. 62-1) is granted and Defendant's Motion for Reconsideration of Class Certification (R. 64-1) is denied. Plaintiffs must file their amended complaint consistent with this order by 7/7/2009.