# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3962 | **DATE** | 7/16/2009 |
| **CASE TITLE** | Farmer et al vs. DirectSat USA, LLC | | |

**DOCKET ENTRY TEXT**

Defendant's petition, pursuant to the Court's March 2, 2009 Minute Order, for an award of attorneys' fees [60] is granted in part. The Court awards Defendant $10,885.50 in attorneys' fees, payable in three monthly payments of $2,721.00 and a final payment of $2,722.50. The first payment of $2,721.00 is due three weeks from the date of this Order with each successive payment due beginning 30 days thereafter.

■[ For further details see text below.]  Notices mailed by Judicial staff.

**STATEMENT**

     On March 2, 2009, the Court denied Defendant DirectSat's motion to disqualify Plaintiffs' counsel due to an alleged conflict of interest, conditioned on Plaintiffs' counsel's obtaining informed consent waivers from named Plaintiffs and obtaining independent counsel for purposes of cross-examination of the conflicted current client. (R. 58-1.) That order further provided: "Given the nature of Mr. Cotiguala's conduct, the court awards Defendant's counsel its fees incurred in filing the motion to disqualify." The instant fee petition followed.

Continued....

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Defendant's counsel provided affidavits in support of its fee request, seeking fees as follows:

|  | Motion to Disqualify | Requested Hourly Rate |
|---|---|---|
| Eric J. Bronstein | 15.2 hours | $335 / hour |
| Colin D. Dougherty | 35.5 hours | $195 / hour |
| Debbie H. Simon | 5.0 hours | $235 / hour |
| Jason S. Dubner | 13.5 hours | $405 / hour |
| Ursula A. Taylor | 0.9 hours | $285 / hour |

Plaintiffs have objected to: (1) the basis for the imposition of sanctions; and (2) the hours billed as excessive.

## ANALYSIS

### I. Legal Standard

This Court has inherent power to impose sanctions for abuse of the judicial system. *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004). The Seventh Circuit instructs, however, "that there is a 'need to be cautious when resorting to inherent powers to justify an action, particularly when the matter is governed by other procedural rules . . . ." *Id.* (quoting *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 772-73 (7th Cir. 1997)). Federal Rule of Civil Procedure 11 governs sanctions with respect to signed court filings and Rule 37 governs discovery sanctions. Neither Rule is implicated here. "In order to sanction a party under its inherent power, a court must provide notice of its intention to impose sanctions and give the party an opportunity to respond. Sanctions can then be imposed if the court finds that the party 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . ." *Id.* (quoting *Chambers v. NASCO, Inc.*, 507 U.S. 32, 33, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)).

"The party requesting the fee award bears the burden of substantiating, to the Court's satisfaction, the requested rate as well as the hours expended." *McNabola v. Chicago Transit Auth.*, 10 F.3d 501, 518 (7th Cir. 1993). In awarding fees the Court calculates the "lodestar amount by multiplying the reasonable number of hours worked by the market rate." *Gautreaux v. Chicago Hous. Auth.*, 491 F.3d 649, 659-60 (7th Cir. 2007). "The market rate is the rate that lawyers of similar ability and experience in the community normally charge their paying clients for the type of work in question." *Id.* (quoting *McNabola*, 10 F.3d at 519); *see also Muzikowski v. Paramount Pictures Corp.*, 477 F.3d 899, 909 (7th Cir. 2007) ("It is well established that the attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate." (citation omitted)).

### II. Plaintiffs' Objections

#### A. Basis for Award of Attorneys' Fees

Plaintiffs contend that no legal basis exists for the Court's award of attorneys' fees in this instance because neither Rule 11 nor Rule 37 apply to the sanctioned conduct. As noted above, however, the Court's inherent authority permits it to impose sanctions, including an award of attorneys' fees, for bad-faith or wanton litigation behavior. After evaluating the seriousness of the misconduct here—concurrently representing adverse clients without taking steps to avoid the conflict—the Court determined, in its discretion, to award Defendant its attorneys' fees "in filing the motion to disqualify," necessitated by Plaintiffs' counsel's conflict of interest.

Plaintiff's counsel had notice of the Court's intention to award Defendant its attorneys' fees and an opportunity to challenge their legitimacy and amount (*see* R. 71-1, Pl.'s Opp'n Def.'s Pet.) prior to their final imposition. The Court has thus respected Plaintiffs' due process rights. Likewise, no discovery or evidentiary hearing is necessary for Plaintiffs to adequately challenge Defendant's fee petition.

### B.     Reasonableness of Amount of Time Billed

In support of their fee petition, Mr. Bronstein and Mr. Dubner each provided affidavits attesting to the amount of time they and the attorneys they supervise billed and at what rates. (R. 60-2; R. 60-3.) Those affidavits further attest to the reasonableness and market consistency of the rates charged. Plaintiffs make no challenge to those billing rates. Plaintiffs do object, however, to the amount of time (70.1 hours) spent by Defendant's counsel in preparing and presenting the motion to disqualify. Based on Plaintiffs' objections, the Court conducted its own review of Defendant's billing entries. The Court concludes that Defendant's counsel spent an excessive amount of time on this motion and accordingly reduces it to a reasonable amount.

To begin, the affidavits provide sufficient detail and factual basis to permit the award of attorneys' fees. As to Plaintiffs' specific objections, the Court will not deduct all the time spent researching and preparing this relatively uncommon issue. Nonetheless, the Court is unwilling to award the full amount of time spent by these five attorneys over the course of almost a entire month. In the Court's view, the time counsel spent performing certain tasks, such as "reviewing and analyzing case law," was unnecessarily lengthy. As an example, the Court will not award the full amount of Mr. Dougherty's requested 35.5 hours, and therefore deducts 19.5 hours as a reasonable estimate of the time for which an award is not appropriate. Specifically, the Court is unwilling to award fees for the two hours spent "analyzing Plaintiffs' [four-page] Response to the Motion to Disqualify" or for time spent in a Court-ordered post-hearing conference on outstanding discovery issues – that time was unrelated to the disqualification motion. Nor is the Court willing to award fees for Mr. Dougherty's time spent traveling to and from Chicago in connection with the motion, as that time could have been spent on other matters and was necessitated by Defendant's choice to rely on non-local counsel. Likewise, the Court will not award fees for the time spent by Mr. Dubner and Ms. Taylor related to that choice. Finally, the Court deducts Mr. Bronstein's time spent on February 10, 2009, apparently related to the fact that Defendant filed a second version of its supporting memorandum the day after it filed its motion.

## III.     Award of Fees

The purpose of this award is not merely to reimburse Defendant for the time spent in bringing a motion which should have been unnecessary, absent Plaintiffs' counsel's conduct. The Court awarded these fees as a sanction against Plaintiffs' counsel, as noted in its March 2, 2009 Minute Order, "[g]iven the nature of Mr. Cotiguala's conduct." (R. 58-1.) For the reasons discussed above, the Court awards fees as follows:

|                    | Motion to Disqualify | Requested Hourly Rate | Total Fees  |
| ------------------ | -------------------- | --------------------- | ----------- |
| Eric J. Bronstein  | 10.0 hours           | $335 / hour           | $3,350.00   |
| Colin D. Dougherty | 16 hours             | $195 / hour           | $3,120.00   |
| Debbie H. Simon    | 4.0 hours            | $235 / hour           | $940.00     |
| Jason S. Dubner    | 8.3 hours            | $405 / hour           | $3,361.50   |
| Ursula A. Taylor   | 0.4 hours            | $285 / hour           | $114.00     |

Total Fees: $10,885.50

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiffs' objections in part and awards $10,885.50 in attorneys' fees, payable in three monthly payments of $2,721.00 and a final payment of $2,722.50. The first payment of $2,721.00 is due three weeks from the date of this Order with each successive payment due beginning 30 days thereafter.