IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, individually, and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>DIRECTSAT USA, LLC, a/k/a UNITEK USA, )<br>)<br>Defendant. ) | No. 08-cv-3962<br><br>Honorable Amy J. St. Eve |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Before the Court is named Plaintiffs' Motion to Amend Complaint to Include Additional Defendants ("Motion"). For the reasons below, Plaintiffs' Motion is granted in part and denied in part.

BACKGROUND

Defendant DirectSat USA, LLC a/k/a Unitek, LLC ("DirectSat") formerly employed Plaintiffs as service technicians and paid them an hourly wage for installing and servicing residential satellite dishes in Illinois. (R. 1-1, Complaint, Ex. A to Notice of Removal, ¶¶ 8-11.) Plaintiffs allege that DirectSat failed to pay its technicians for all work performed, including overtime wages, in violation of Illinois wage and hour laws. *Id.* at ¶¶ 15, 17. Specifically, Plaintiffs contend that DirectSat required them to perform certain tasks, such as completing paperwork, and encouraged them to work overtime without recording that time. *Id.* at ¶¶ 14-15. Plaintiffs also allege that DirectSat instructed its technicians to record less time than they actually worked. *Id.* at ¶ 13. Based on these allegations, Plaintiffs brought claims in Illinois

state court under state law on behalf of themselves and others similarly situated for violations of Illinois wage and overtime requirements (Count I), unjust enrichment (Count II), quantum meruit (Count III), and breach of implied contract (Count IV). *Id.* at ¶¶ 28-49. The named Plaintiffs also assert individual claims under the Fair Labor Standards Act ("FLSA") (Count V). *Id.* at ¶¶ 51-57. DirectSat removed the case to federal court based on class action diversity and federal question jurisdiction.

In its Motion and Amended Complaint, Plaintiffs seek to add Unitek USA, LLC ("Unitek"), and six individual defendants who are corporate officers of DirectSat and Unitek as defendants in this action: (i) Elizabeth Downey, Chief Administrative Officer and former Director of Human Resources of Unitek; (ii) Catherine Lawley, Director of Human Resources of Unitek; (iii) Scott Hisey, Chief Executive Officer of Unitek; (iv) Dan Yannantuono, Chief Executive Officer of DirectSat; (v) Jay Heaberlin, Vice President of Operations of DirectSat; and (vi) Lloyd Riddle, President of DirectSat. (R. 117-1, Motion, Ex. A, Amended Complaint, ¶¶ 10-16.) (Unitek, DirectSat and the proposed individual defendants are referred to collectively as "Defendants" for the purposes of this Motion). Plaintiffs allege that the six proposed individual defendants were each involved in the day to day operations of DirectSat or Unitek, had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on corporate checking accounts including payroll accounts, the authority to make decisions regarding wage and hour classifications, employee compensation, and capital expenditures, and that they had they acted and had the authority to act on behalf of DirectSat and Unitek in devising and implementing the wage and hour practices related to employees. *Id.* at ¶¶ 11-16. Plaintiffs further allege that the proposed individual defendants employed by DirectSat --

Heaberlin, Yannantuono, and Riddle -- were responsible for setting up DirectSat's Illinois operations in 2006. *Id.* at ¶¶ 12, 15-16.

## LEGAL STANDARD

"Although Federal Rule of Civil Procedure 15(a) instructs that leave to amend shall be freely given 'when justice so requires,' a district court may deny a plaintiff leave to amend if 'there is undue delay, bad faith or dilatory motive.'" *Sound of Music Co. v. Minnesota Mining & Mfg. Co.*, 477 F.3d 910, 922 (7th Cir. 2007) (citations omitted). The Court may also deny a plaintiff's motion for leave to amend if "undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" would occur. *Id.* at 922-23 (citations omitted). In other words, "leave to amend is not automatically granted, and may be properly denied at the district court's discretion for reasons including undue delay, the movant's bad faith, and undue prejudice to the opposing party." *Crest Hill Land Dev., LLC v. City of Joliet*, 396 F.3d 801, 804 (7th Cir. 2005); *see also Guise v. BWM Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004) ("district court's decision to grant or deny a motion for leave to file an amended pleading is 'a matter purely within the sound discretion of the district court.'") (citation omitted).

## ANALYSIS

DirectSat argues that the Court should deny Plaintiffs' Motion because (i) with respect to Unitek and the proposed individual defendants, granting Plaintiffs' Motion would result in harassment and undue burden, and (ii) with respect to the individual defendants, the Court lacks personal jurisdiction over them. For the following reasons, the Court grants in part and denies in part Plaintiffs' Motion.

### I. Plaintiffs' Motion is in Good Faith and Does Not Result in Undue Prejudice to Defendants

DirectSat argues that the Court should deny Plaintiffs' Motion because (i) Plaintiffs delayed in the filing of the Motion, (ii) Plaintiffs brought the motion to harass Defendants, and (iii) the Motion does not result in expanded relief for Plaintiffs. Plaintiffs, however, have established that they seek leave to file their Amended Complaint in good faith and that the filing of the Amended Complaint will not prejudice Defendants.

DirectSat contends that Plaintiffs intend the Motion to harass the proposed individual defendants because the Motion does not result in expanded relief to Plaintiffs and because the proposed individual defendants, none of whom live or work in Illinois, will have to defend a lawsuit outside of their home forums. As detailed below, however, requiring a non-resident defendant to defend an action in Illinois is not an undue burden if a plaintiff can properly establish jurisdiction over that defendant. Indeed, DirectSat's conclusory contention that requiring the proposed individual defendants who live outside of Illinois to face suit here results in undue burden is without legal support.

DirectSat also contends that the Court should deny Plaintiffs' Motion because, beginning as early as July 2008, DirectSat repeatedly informed Plaintiffs that Unitek is the parent corporation of DirectSat and therefore Plaintiffs' Motion is untimely. Whether Plaintiffs were aware of the existence of the corporate entity and its relationship to DirectSat, however, is not the critical issue. In their Reply in support of their Motion, Plaintiffs contend that during the course of depositions taken in December 2009, Plaintiffs confirmed the corporate relationship between DirectSat and Unitek, and further learned the specific roles played by the six proposed individual defendants. (R. 122-1, Plaintiffs' Reply, p. 4.) As courts in this district have recognized, "[n]ewly-discovered information may provide sufficient reason to join a new party

4

as a defendant." *Westell Techs., Inc. v. Hyperedge Corp.*, 2003 U.S. Dist. LEXIS 15688, No. 02 C 3496, 2003 WL 22088039, at *2 (N.D. Ill. Sept. 8, 2003).

Moreover, discovery does not close until April 1, 2010. Plaintiffs contend that adding the proposed individual defendants does not greatly alter the scope of discovery in this matter, and that Plaintiffs would have required discovery from the proposed individual defendants even if they did not file their Motion. Given that discovery is ongoing in this matter and no trial date has been set, DirectSat has not established that granting Plaintiffs' Motion would result in undue prejudice, or that Plaintiffs brought the Motion in bad faith. *See Karpov v. Net Trucking, Inc.*, 2008 U.S. Dist. LEXIS 3363 (N.D. Ind. Jan. 14, 2008) (granting motion to amend where no trial was set, discovery process was ongoing and no dispositive motions had been filed). Because these are the only objections with respect to the addition of the corporate entity Unitek as a defendant, the Court grants Plaintiffs' Motion in this respect.

## II. Futility of Plaintiffs' Motion

While Plaintiffs have established that they brought their Motion in good faith and that the Motion is not unduly prejudicial to Defendants, DirectSat's primary argument is that Plaintiffs' Motion is futile with respect to the six proposed individual defendants because (i) the fiduciary shield doctrine prevents the Court from exercising jurisdiction over the proposed individual defendants, and (ii) even if the fiduciary shield doctrine does not apply, the Court lacks personal jurisdiction over the proposed individual defendants. For the reasons set forth below, Plaintiffs' Motion is futile with respect to Defendants Heaberlin, Riddle, and Yannantuono.

### A. Fiduciary Shield Doctrine

DirectSat first argues that Plaintiffs' Motion to Amend is futile because the fiduciary shield doctrine prevents the Court from exercising specific jurisdiction over the proposed individual defendants. In Illinois, the fiduciary shield doctrine precludes courts from exercising jurisdiction over a non-resident corporate official when the only contacts that individual has with Illinois are made in his or her corporate capacity. *See Rice v. Nova Biomedical Corp.*, 38 F.3d 909, 912 (7th Cir. 1994) ("This doctrine . . . denies personal jurisdiction over an individual whose presence and activity in the state in which the suit is brought were solely on behalf of his employer or other principal.") (internal citations omitted). Where an individual defendant's conduct in Illinois "was a product of, and was motivated by, his employment situation and not his personal interests . . . it would be unfair to use this conduct to assert personal jurisdiction over him as an individual." *Rollins v. Ellwood*, 141 Ill. 2d 244, 280, 152 Ill. Dec. 384, 400, 565 N.E.2d 1302, 1318 (1990).

It is clear that the fiduciary shield doctrine is discretionary or equitable, rather than an absolute entitlement. *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 847 (N.D. Ill. 2009), *Burnhope v. National Mortgage Equity Corp.*, 208 Ill. App.3d 426, 439-40, 153 Ill. Dec. 398, 405-06, 567 N.E. 2d 356, 363-64 (1st Dist 1990). "In evaluating whether it is equitable to apply the doctrine in the circumstances of a particular case, courts consider whether (i) the individual's personal interests motivated his actions and presence and (ii) the individual's actions are discretionary." *C.S.B. Commodities, Inc.*, 626 F. Supp. 2d at 847. Courts have held that "discretionary action by the defendant alone is enough to negate the protection of the fiduciary shield." *Id.* (citing *Jones v. Sabis Educ. Sys., Inc.*, 52 F. Supp. 2d 868 (N.D. Ill. 1999) ("The shield generally should not apply where the 'employee has the power to decide what is to

be done and chooses to commit the acts that subject him to [jurisdiction].'") (internal citations omitted)). "Other courts have found that while an individual's position within the company is relevant to the 'discretionary' assessment, it is not dispositive." *Id.* (citing *Int'l Fin. Servs. Corp. v. Didde Corp.*, 2002 U.S. Dist. LEXIS 4177, 2002 WL 398513, *5 (N.D. Ill. Mar. 14, 2002)). Whether an individual seeking protection pursuant to the doctrine "is a shareholder or has a direct financial stake in the corporation's health also may bear on the court's inquiry." *Id.*

Plaintiffs contend that each of the proposed individual defendants served as a "high-ranking" officer in the corporate structures of DirectSat and Unitek. With regard to DirectSat, Plaintiffs allege that Heaberlin is Vice President of Operations, Riddle is President,[1] and Yannantuono is Chief Executive Officer. (R. 117-1, Ex. A, Amended Complaint, ¶¶ 12, 15-16.) With regard to Unitek, Plaintiffs allege that Hisey is Chief Executive Officer, Downey currently serves as Chief Administrative Officer and formerly served as Director of Human Resources, and Lawley served as Director of Human Resources. *Id.* at ¶¶ 11, 13-14. Plaintiffs further allege that each of these corporate officers had the authority to hire and fire employees, direct and supervise the work of employees, and make decisions regarding wage and hour classifications and employee compensation. *Id.* at ¶¶ 11-16; *see also* R. 122-1, Plaintiffs' Reply, p. 11.

While the Court makes no determination as to whether each of these positions is necessarily "high-ranking," the allegations in the Amended Complaint are sufficient to infer that each of the proposed individual defendants had significant discretion in their roles at Unitek and DirectSat. *See Zurich Capital Mkts., Inc. v. Coglianese*, 388 F. Supp. 2d 847, 859-860 (N.D. Ill. 2004). Indeed, other than correcting Riddle's title to Chief Executive Officer, as opposed to

---

[1] By way of affidavit, DirectSat establishes that Riddle was not President of DirectSat, but Chief Executive Officer from 2006 to 2008.

President, in their affidavits submitted in opposition to the Motion, DirectSat confirms the corporate positions held by each of the proposed individual defendants. Moreover, while DirectSat establishes through affidavits that the proposed individual defendants are not shareholders of DirectSat or Unitek, DirectSat does not refute the alleged roles played by each proposed individual defendant. Given the unrefuted allegations regarding the proposed individual defendants' corporate roles and discretion, the fiduciary shield doctrine does not apply. *See C.S.B. Commodities, Inc.*, 626 F. Supp. at 849; *Zurich Capital Mkts.,* 388 F. Supp. at 859-860; *Minkus v. Los Alamos Technical Assocs. Inc.*, 2004 U.S. Dist. LEXIS 11833, No. 03 C 4216, 2004 WL 1459499, at *3 (N.D. Ill. June 28, 2004); *Brujis v. Shaw*, 876 F. Supp. 975, 978-80 (N.D. Ill. 1995).[2]

### B. Personal Jurisdiction

DirectSat further challenges Plaintiffs' Motion as futile by arguing that, even if the Court finds that the fiduciary doctrine does not apply, the Court lacks personal jurisdiction over the proposed individual defendants. *See, e.g., Dark Horse Trading Co. v. Walt Disney Co.*, 1999 U.S. Dist. LEXIS 7896 (N.D. Ill. May 14, 1999) (holding that if plaintiffs cannot establish personal jurisdiction over proposed defendants, Rule 15(a) motion to amend would be futile); *Nichols v. Granquist*, 1993 U.S. Dist. LEXIS 17400, 3-4 (N.D. Ill. Dec. 7, 1993) ("[w]hile [d]efendants have not raised their personal jurisdiction argument via a Rule 12(b)(2) motion, this Court, consistent with Rule 15(a), evaluates the motion to amend consistent with the

---

[2] Because the Court finds that the proposed individual defendants are subject to one of the exceptions to the corporate shield doctrine under Illinois law, the Court declines to address Plaintiffs' argument that the definition of "employer" under both the IMWL and the FLSA indicates a legislative intent to defeat the common law corporate shield doctrine. (R. 122-1, Plaintiffs' Reply, p. 10.)

standard used for a motion to dismiss" and therefore plaintiff "bears the burden of demonstrating personal jurisdiction over each of the [d]efendants"). *See also GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1085 (7th Cir. 1997) (standard for determining whether a proposed amended complaint would be futile "is the same standard of legal sufficiency that applies under Rule 12(b)(6)").

### 1. Personal Jurisdiction Legal Standard

A Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction tests whether a federal court has personal jurisdiction over a defendant. *See Central States v. Phencorp Reinsurance Co.,* 440 F.3d 870, 875 (7th Cir. 2006); Fed.R.Civ.P. 12(b)(2). In ruling on a motion to dismiss pursuant to Rule 12(b)(2), the Court may consider matters outside of the pleadings. *See Purdue Research Found. v. Sanofi-Synthlabo, S.A.,* 338 F.3d 773, 782 (7th Cir. 2003). When the Court determines a Rule 12(b)(2) motion based on the submission of written materials without holding an evidentiary hearing, the plaintiff must make a prima facie case of personal jurisdiction. *See GCIU-Employer Retirement Fund v. Goldfarb Corp.,* 565 F.3d 1018, 1023 (7th Cir. 2009); *Central States,* 440 F.3d at 876-77. As such, the plaintiff bears the burden of establishing that personal jurisdiction exists. *See GCIU-Employer Retirement,* 565 F.3d at 1023; *Central States*, 440 F.3d at 876. In determining whether the plaintiff has met its burden, courts must resolve all factual disputes in the plaintiff's favor. *See Central States*, 440 F.3d at 878 (court reads complaint liberally, in its entirety, and with every inference drawn in plaintiff's favor). Here, Plaintiffs have submitted no evidence to support their claim that the Court may exercise personal jurisdiction over the proposed individual defendants.

Because the Amended Complaint predicates subject matter jurisdiction on the existence of a federal question, Plaintiffs must establish that bringing Defendants into federal court in Chicago accords with due process principles and that Defendants are amenable to process in this Court. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584, 119 S. Ct. 1563, 143 L. Ed. 2d 760 (1999); *see also Olson v. Jenkens & Gilchrist*, 461 F. Supp. 2d 710, 721 (N.D. Ill. 2006) (citing *United States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990)). In federal question cases, due process requires only that each party have sufficient contacts with the United States as a whole rather than any particular state or geographic area. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001). Here, the parties do not contest the first prong of this test. DirectSat, however, contests whether Plaintiffs can satisfy the second prong - whether the proposed individual defendants are subject to service of process.

Federal Rule of Civil Procedure 4(k) governs whether a defendant is amenable to service in federal court. Rule 4(k)(1) provides that service is effective to establish jurisdiction over the person of a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located," or "when authorized by a statute of the United States." Fed. R. Civ. P. 4(k)(1)(A), (D). In addition, Rule 4(k)(2) provides that "[f]or a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). While Plaintiffs contend in their reply that they may be able to establish personal jurisdiction via service, Plaintiffs bear the burden of establishing jurisdiction and, at this juncture in the litigation, have not alleged that they have

10

served summons or filed waivers of service. Accordingly, Plaintiffs must establish personal jurisdiction pursuant to Rule 4(k)(1).

"[T]here is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002). The due process test for personal jurisdiction requires that a defendant have minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (citations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). This "purposeful availment" standard ensures that a nonresident defendant will not be forced to litigate in a jurisdiction as a result of random contacts with the forum or the unilateral activity of the plaintiff. *See Burger King v. Rudzewicz,* 471 U.S. 462, 474-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *see also Hanson,* 357 U.S. at 253 ("The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State").

The Supreme Court has labeled two types of jurisdiction -- general and specific -- that minimum contacts can establish. *See Helicopteros Nacionales de Colombia v. Hall,* 466 U.S. 408, 414-16, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 713 (7th Cir. 2002). "General jurisdiction is for suits neither arising out of or related to the defendant's contacts with the State, and is permitted only where the defendant conducts

11

continuous and systematic general business within the forum state." *GCIU-Employer Retirement,* 565 F.3d at 1023; *see also Helicopteros Nacionales de Colombia*, 466 U.S. at 416. On the other hand, specific jurisdiction "refers to jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *GCIU-Employer Retirement,* 565 F.3d at 1023 (citation omitted).

### 2.     Personal Jurisdiction Analysis

DirectSat first contends that the Court lacks personal jurisdiction over the proposed individual defendants because (i) Hisey, Riddle, and Lawley do not have sufficient minimum contacts with this forum, and (ii) the Court's exercise of personal jurisdiction over the proposed individual defendants would not comport with traditional notions of fair play and substantial justice. After careful review of Plaintiffs' Amended Complaint, the Court has determined that Plaintiffs have failed to allege facts sufficient to establish general jurisdiction over any of the proposed individual defendants, and have failed to allege specific jurisdiction over the proposed individual defendants Downey, Hisey, and Lawley. Plaintiffs have, however, established personal jurisdiction over proposed individual defendants Heaberlin, Riddle, and Yannantuono. The Court bases these findings only on the allegations contained in the Amended Complaint because Plaintiffs have submitted no affidavits in support of personal jurisdiction.

It is unclear from Plaintiffs' Amended Complaint and reply in support of their Motion whether Plaintiffs contend that the Court has general or personal jurisdiction over the proposed individual defendants. It appears that Plaintiffs rely on specific jurisdiction when they contend that "[t]here is no dispute that Plaintiffs can sufficiently allege that the affirmative acts of each individual Defendant . . . directly caused injury and damages to Illinois residents by devising,

instituting and maintaining the unlawful pay practices which are the subject of this litigation." (R. 122-1, Plaintiffs' Reply, p. 9.) Plaintiffs also contend that "the individual Defendants exerted operational control over Unitek and DirectSat" and that "DirectSat cannot refute the control exerted by . . . the individual Defendants over the class members or that their illegal practices directly caused significant monetary damages to hundreds of Illinois residents." *Id.* In making these conclusory assertions, however, Plaintiffs point to no specific allegations in the Amended Complaint nor do they cite to any supporting law.

### a. General Jurisdiction

Plaintiffs' Complaint does not contain any allegations and Plaintiffs have failed to submit any evidence to support the contention that any of the six proposed individual defendants have "continuous and systematic general business within the forum state." *GCIU-Employer Retirement,* 565 F.3d at 1023. Factors that courts review to determine whether a party has continuous and systematic general business contacts with Illinois include: "(1) whether and to what extent the defendant conducts business in the forum state; (2) whether the defendant maintains an office or employees within the forum state; (3) whether the defendant sends agents into the forum state to conduct business; (4) whether the defendant advertises or solicits business in the forum state; and (5) whether the defendant has designated an agent for service of process in the forum state. *Interlease Aviation Investors II (ALOHA) L.L.C. v. Iowa Corp.*, 262 F. Supp. 2d 898, 906-907 (N.D. Ill. 2003).

Plaintiffs' Amended Complaint and Plaintiffs' reply in support of its Motion reveal very little with regard to these factors. Plaintiffs' Amended Complaint only contains one paragraph per proposed individual defendant that contains allegations specific to the proposed individual

defendants. Plaintiffs allege that DirectSat and Unitek conduct business in Illinois, that Plaintiffs worked for DirectSat and Unitek in Illinois, and that the proposed individual defendants each have or had authority regarding wage and hour classifications and employee compensation at DirectSat or Unitek. (R. 117-1, Ex. A, Amended Complaint, ¶¶ 1-16.) Indeed, the remainder of the Amended Complaint refers to the corporate defendants and the proposed individual defendants collectively as "Defendants." While Plaintiffs allege that three of the proposed individual defendants employed by DirectSat were responsible for setting up DirectSat's operations in Illinois, the Amended Complaint is devoid of any allegations that reflect the extent of each individual defendant's contact, if any, with Illinois. Accordingly, Plaintiffs have not established that any of the proposed individual defendants are subject to general jurisdiction in Illinois. *Primack v. Pearl B. Polto, Inc.*, 649 F. Supp. 2d 884, 889 (N.D. Ill. 2009) (finding no general jurisdiction where plaintiff fails to allege that defendants "have 'continuous and systematic' contacts with Illinois, nor would the relevant facts support such a contention") (citing *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2003)).

### b. Specific Jurisdiction

To establish specific jurisdiction over the proposed individual defendants, Plaintiffs must show that "jurisdiction over [the] defendant is 'not based on fortuitous contacts, but on contacts that demonstrate a real relationship with the state with respect to the transaction at issue' and that 'the defendant retains sufficient, albeit minimal, ability to structure its activities so that it can reasonably anticipate the jurisdictions in which it will be required to answer for its conduct.'" *C.S.B. Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 852 (N.D. Ill. 2009) (citing *Purdue Research Found.*, 338 F.3d at 780).

i.  **Defendants Downey, Hisey and Lawley**

Here, Plaintiffs' Amended Complaint includes no factual allegations -- and Plaintiff has failed to submit any evidence -- that demonstrate that proposed individual defendants Downey, Hisey of Lawley had *any* contact with Illinois. Indeed, while the Amended Complaint contains general allegations regarding the authority of these individuals over the employees of Unitek and DirectSat, it does not contain any allegations tying any actions of these three individuals to Illinois employees. There are no allegations in the Amended Complaint that reflect that Downey, Hisey or Lawley travelled to Illinois on a regular basis,[3] had contact with Illinois employees, or implemented policies that directly impacted Illinois employees. The Court construes the allegations in the Amended Complaint in Plaintiffs' favor. Given that Unitek is not an Illinois corporation and that Plaintiffs do not allege that Downey, Hisey and Lawley worked in Illinois, however, even though Plaintiffs allege these individuals had responsibilities relating to hours and wages in this FLSA case, the Court cannot conclude that each of these three proposed individual defendants took actions that impacted Illinois employees. Plaintiffs' generalized assertions regarding the Defendants collectively are also insufficient to establish that any of the proposed individual defendants had any contact with Illinois or Illinois employees. *See, e.g., Interlease Aviation Investors II (Aloha) L.L.C.*, 254 F. Supp. 2d at 1036 (court held it did not have specific jurisdiction over individual defendant where plaintiffs failed to specify "the

---

[3] The Court recognizes that an affidavit submitted by DirectSat on behalf of Catherine Lawley establishes that Ms. Lawley lives and works in Pennsylvania, but traveled to Illinois on three occasions for work-related purposes. Plaintiffs, however, do not expand on these allegations, provide any context for the visits or the extent of Ms. Lawley's contact with Illinois, or refute DirectSat's argument that these contacts were sporadic, distant and unrelated to Plaintiffs' claims. (R. 117-1, DirectSat's Response, Ex. A, Lawley Aff., ¶¶ 6-7.) Accordingly, the affidavit is insufficient to establish that Ms. Lawley is subject to jurisdiction in Illinois.

nature, location, or frequency of [individual defendant's] conversations with plaintiffs" or the substance of individual defendant's conversations with plaintiff).

Rather than addressing the concerns raised by DirectSat with respect to personal jurisdiction by affidavit or otherwise, Plaintiffs contend that "[t]here is no dispute that Plaintiffs can sufficiently allege that the affirmative acts of each individual Defendant . . . directly caused injury and damages to Illinois residents by devising, instituting and maintaining the unlawful pay practices which are the subject of this litigation." (R. 122-1, Plaintiffs' Reply, p. 9.) This conclusory statement, however, is not sufficient for Plaintiffs to meet their burden to demonstrate specific jurisdiction over Downey, Hisey and Lawley. Plaintiffs are correct that courts in this district have held that specific jurisdiction is proper when an injury occurs in Illinois, even if all other conduct takes place elsewhere. *See Celozzi v. Boot*, 2000 U.S. Dist. LEXIS 11768, No. 00 C 3285, 2000 WL 1141568 at *3 (N.D. Ill. Aug. 11, 2000). Plaintiffs' Amended Complaint, however, treats the proposed individual defendants and the corporate defendants collectively, and does not specifically identify any particular proposed individual defendant as having caused injury in Illinois. Again, Plaintiffs' generalized allegations referring to the Defendants collectively are insufficient to confer specific jurisdiction over each of the proposed individual defendants. *See, e.g., Blubaugh v. Am. Contract Bridge League*, 2002 U.S. Dist. LEXIS 17372, 31-32 (S.D. Ind. July 31, 2002) (finding no specific jurisdiction over individual defendants where there is "no record evidence linking any of the individual defendants to the one specific act of defamation that [plaintiff] has alleged" even though plaintiff generally alleged that the act of defamation resulted in damages in the forum state).

Plaintiffs also claim that "[a]mendment to add the additional [individual defendants] . . . is proper and supported by the sworn testimony of representatives of both corporate entities." (R. 122-1, Plaintiffs' Reply, p. 9.) Plaintiffs, however, do not identify which portions of the affidavits that they rely on for this proposition. Indeed, DirectSat was the only party to submit affidavits to the Court, and none of the affidavits, standing alone, contain information to establish that specific or general jurisdiction is proper. While the affidavits contain references to DirectSat and Unitek's actions in Illinois, none of the proposed individual defendants' affidavits reflect that those individuals have sufficient contacts with Illinois to establish personal jurisdiction. Once a defendant raises a challenge to personal jurisdiction, a plaintiff bears the burden of establishing personal jurisdiction. *Cent. States, Southeast & Southwest Areas Pension Fund*, 440 F.3d at 876. Plaintiffs have failed to meet this burden. With respect to proposed individual defendants Downey, Hisey and Lawley, Plaintiffs' Motion to Amend is therefore futile and accordingly denied.

### ii. Defendants Riddle, Heaberlin, and Yannantuono

Plaintiffs have established that proposed individual defendants Riddle, Heaberlin, and Yannantuono are subject to personal jurisdiction in Illinois. The Seventh Circuit has held that purposeful availment of the privileges of conducting activities in the forum state makes an individual defendant amenable to jurisdiction. *Purdue*, 338 F.3d at 780. To make that determination, a court must examine whether the individual defendants have deliberately engaged in significant activities or created continuing obligations in the state. *Id.* at 780-81. Here, Plaintiffs allege that each of the DirectSat proposed individual defendants, the Chief Executive Officer, President, and Vice President of Operations, are responsible for implementing

17

wage and hour polices for DirectSat and that they were responsible for setting up DirectSat's operations in Illinois in 2006. (R. 117-1, Motion, Ex. A, Amended Complaint, ¶¶ 12, 15-16.) The affidavits submitted by DirectSat in opposition to the Motion do not contradict these allegations.

Reading the allegations in the Amended Complaint regarding Riddle, Heaberlin and Yannantouno's authority to institute wage and hour policies and to supervise and direct employees in conjunction with their role in starting DirectSat's Illinois office, Plaintiffs have alleged sufficient facts to establish specific jurisdiction over these individual defendants. While DirectSat has submitted affidavits revealing the limited travel by some of these proposed individual defendants to Illinois, as noted above, the Amended Complaint need not contain allegations that Riddle, Heaberlin and Yannantuono were present in Illinois in order to establish jurisdiction. *See Interlease Aviation Investors II (Aloha) L.L.C.*, 254 F. Supp. 2d at 1036 (although individual defendants were not physically present in forum state, allegations that they "initiated the restructuring of the relationship between [corporate defendants] and plaintiffs" were sufficient to demonstrate that individual defendants' "actions were knowingly and intentionally directed towards Illinois" and therefore specific jurisdiction was appropriate). Plaintiffs have generally alleged that Defendants' actions damaged Illinois employees, that Plaintiffs are seeking unpaid wages as damages for their claims, and that these three proposed individual defendants were responsible for implementing wage and hour policies and had a direct role in establishing DirectSat's Illinois office. Read together and in favor of Plaintiff, these allegations are sufficient to confer personal jurisdiction over Riddle, Heaberlin, and Yannantuono.

DirectSat has also failed to demonstrate that it does not comport with traditional notions of fair play and substantial justice to require these individuals to defend a lawsuit in Illinois. As DirectSat's own affidavits establish, DirectSat and Unitek will indemnify each of these three individual defendants. Moreover, while DirectSat alleges that the proposed individual defendants were "ancillary" figures in the circumstances leading to this lawsuit, it provides no evidence to support this claim or to refute Plaintiffs' allegations. Accordingly, because Illinois has an interest in this case and Riddle, Heaberlin and Yannantuono availed themselves of this forum, it would not offend traditional notions of fair play and substantial justice to require Riddle, Heaberlin, and Yannantuono to defend the action in Illinois. *Id.* at 1036 (holding that where forum state has strong interest in adjudicating cases arising from injuries occurring in its borders including disputes arising out of business relationships between Illinois residents and nonresidents, it does not offend traditional notices of fair play and substantial justice to require defendants to defend suit there). Plaintiffs have therefore established that this Court may exercise personal jurisdiction over Heaberlin, Riddle, and Yannantuono.

## CONCLUSION

Plaintiffs' Motion is granted in part and denied in part. Plaintiffs must file an amended complaint consistent with this order by February 9, 2010.

DATED: January 28, 2010        ENTERED

AMY J. ST. EVE
United States District Court Judge

19