## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD FARMER, POMPEY HICKS,** : | **CIVIL ACTION** |
| **and ANTWON WILLIAMS, individually,** : | |
| **and on behalf of all others similarly** : | |
| **situated,** : | **NO. 08CV3962** |
| **Plaintiffs,** : | **JUDGE AMY J. ST. EVE** |
| : | **MAGISTRATE JUDGE MARIA VALDEZ** |
| : | |
| **DIRECTSAT USA, LLC,** *et al.,* : | |
| : | |
| **Defendants.** : | |
| : | |

## DEFENDANTS' MOTION FOR SANCTIONS

Defendants DirectSat USA, LLC ("DirectSat"), UniTek USA, LLC ("UniTek"), Jay Heaberlin, Lloyd Riddle, and Dan Yannantuono (jointly, "Defendants"), by and through their undersigned counsel, respectfully submit this Motion for Sanctions. In direct violation of this Court's Order (Doc. No. 58), Plaintiffs have used discovery obtained from this action in the preparation and filing of a parallel action that Plaintiffs' attorney filed in the Circuit Court of Cook County against all Defendants in this action and asserting substantively similar allegations and identical claims.[1] Accordingly, based upon Plaintiffs' direct violation of this Court's Order, this Court must award Defendants sanctions arising from Plaintiffs' improper and surreptitious activity.

WHEREFORE, for the reasons more fully set forth in the accompanying Memorandum of Law, which is incorporated herein by reference, Defendants respectfully request that the Court

---

[1] On March 17, 2010, Defendants removed this matter to the United States District Court for the Northern District of Illinois, and the case is currently assigned to the Honorable Joan B. Gottschall. On March 18, 2010, Defendants filed a Motion pursuant to Local Rule 40.4 to have that case reassigned to this Court.

grant its Motion, award Defendants' attorneys' fees, dismiss the parallel action, and grant such other relief the Court deems appropriate under the circumstances.

Respectfully submitted,

*/s/ Colin D. Dougherty*

Butler Rubin Saltarelli & Boyd

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Elliott Greenleaf & Siedzikowski, P.C.

Eric J. Bronstein
Colin D. Dougherty
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA 19422
(215) 977-1000

Attorneys for Defendants

DATED: March 18, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| | : | |
| **GERALD FARMER, POMPEY HICKS,** | : | **CIVIL ACTION** |
| **and ANTWON WILLIAMS, individually,** | : | |
| **and on behalf of all others similarly** | : | |
| **situated,** | : | **NO. 08CV3962** |
| **Plaintiffs,** | : | |
| **v.** | : | **JUDGE AMY J. ST. EVE** |
| | : | **MAGISTRATE JUDGE MARIA VALDEZ** |
| **DIRECTSAT USA, LLC, a/k/a UNITEK** | : | |
| **USA,** | : | |
| **Defendant.** | : | |
| | : | |

**DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR SANCTIONS**

Defendants DirectSat USA, LLC ("DirectSat"), UniTek USA, LLC ("UniTek"), Jay
Heaberlin, Lloyd Riddle, and Dan Yannantuono (jointly, "Defendants"), by and through their
undersigned counsel, respectfully submit this Memorandum of Law in support of their Motion
for Sanctions.

I.       **INTRODUCTION**

Plaintiffs' counsel are yet again engaged in subversive behavior that undermines the
authority of this Court. As the Court recalls, during a deposition conducted earlier in this matter,
Plaintiffs' counsel openly solicited the deponent and, after the deposition, Plaintiffs' counsel
filed suit against DirectSat on the deponent's behalf. That action is still pending in this District.
*See Hundt v. DirectSat USA, LLC*, Docket No. 08-7238 (N.D. Ill.). DirectSat moved this Court
to disqualify Plaintiffs' counsel based on Plaintiffs' counsel's improper solicitation efforts. This
Court sanctioned Plaintiffs' counsel for their actions, permitted them to remain in this action

under strict conditions—one of these conditions the Court imposed was that "**[n]o discovery in this case can be used for any purpose other than this case.**" [2] (Doc. No. 58.) Plaintiffs' counsel petitioned this Court petitioned this Court to reconsider this discovery Order. (Doc. No. 92.) In response to Plaintiffs' petition, and without waiting for a response from Defendants, the Court denied Plaintiffs' motion, reaffirming that the aforementioned Order was entered to "address potential conflicts of interest with regard to Plaintiffs' counsel and potential prejudice to Defendant." (*See* Doc. No. 95.)

Despite the unequivocal language originally ordered by this Court and confirmed by the denial of Plaintiffs' motion to reconsider, Plaintiffs' counsel has blatantly violated this Order. On February 1, 2010, Plaintiffs filed a Third Amended Complaint in this action, adding parties and factual allegations based upon evidence that Plaintiffs concededly learned of during discovery. By Plaintiffs' own admission, their counsel could only have learned of certain facts during discovery in this matter. Indeed, this newly obtained information was Plaintiffs' justification for seeking leave to file their Third Amended Complaint. (*See* Doc. No. 117.)

Just two weeks after this Court granted Plaintiffs' Motion for Leave to file their Third Amended Complaint, Plaintiffs filed a new action in Illinois state court that mirrors the Third Amended Complaint, including, *inter alia*, the newly learned information from this action. Additionally, the named Plaintiffs in this new action are currently unnamed putative class members in this matter. Because the new state court complaint contains information that Plaintiffs' counsel admits to receiving during the course of discovery in this matter, the undeniable fact is that Plaintiffs' counsel used evidence gained in this action to prepare and file

---

[2] The Court also ordered Plaintiffs' counsel to pay Defendants' attorneys' fees incurred in connection with filing their Motion for Disqualification.

the recent state court complaint. Accordingly, Plaintiffs' counsel stand in direct violation of this Court's March 2, 2009 Order, and this Court must impose sanctions as a consequence.

## II.     ARGUMENT

### A.     This Court's Protective Order

On February 9, 2009, DirectSat, the only Defendant at that time, filed a Motion to Disqualify Plaintiffs' counsel based upon Plaintiffs' counsels' conflict of interest that arose because of improper solicitation efforts during a deposition. As this Court knows, this solicitation later resulted in the filing of a second action against DirectSat USA, LLC. *See Hundt v. DirectSat USA, LLC*, Docket No. 08-7238 (N.D. Ill.). While the Court denied Defendants' Motion and permitted Plaintiffs' counsel to remain a part of this action, this Court imposed certain conditions upon Plaintiffs' counsel. (*See* Doc. No. 58.) Among other restrictions, this Court expressly and unambiguously stated that: "No discovery in this case can be used for any purpose other than this case." (*Id.*)

On August 14, 2009, Plaintiffs—perhaps anticipating the problems highlighted by the instant Motion—filed a Motion for Protective Order to Revise Certain Limitations on Discovery, in which Plaintiffs moved this Court to lift its discovery restriction. (*See* Doc. No. 92 (asking Court to lift restriction because "critical" documents relevant to an unspecified "collateral" case had been produced by DirectSat).) On August 20, 2009, this Court summarily denied Plaintiffs' Motion for Protective Order to Revise, stating the aforementioned Order was entered to "address potential conflicts of interest with regard to Plaintiffs' counsel and potential prejudice to Defendant." (*See* Doc. No. 95.) Thus, the Court's discovery restrictions have been in place without interruption since the Court originally entered the Order more than one year ago.

3

On December 15, 2009, Plaintiffs filed a Motion for Leave to Amend Their Complaint. (*See* Doc. Nos. 117-18.) This Motion sought leave to add numerous parties to the action, including UniTek and the individual Defendants now parties to this action. Defendants contested Plaintiffs' Motion on, *inter alia*, undue burden and prejudice grounds. (*See* Doc. No. 121.) In Plaintiffs' Reply Brief, Plaintiffs represented the following to the Court in opposition to Defendants undue burden and prejudice arguments:

> Plaintiffs file [sic] their motion immediately after Plaintiffs took the depositions of several of Defendant's representatives in December 2009 who confirmed the corporate structure and relationship of DirectSat and UniTek, and the authority of the individual Defendants over the practices at issue.

(*See* Doc. No. 122, at 4.)

The Court accepted this representation, and granted Plaintiffs' motion in part. (*See* Doc. No. 125.) In so doing, this Court credited Plaintiffs' "newly-discovered" evidence argument, reasoning that "newly-discovered information may provide a sufficient reason to join a new party as a defendant." (*Id.* (internal quotation omitted).) The Court permitted Plaintiffs to file their Third Amended Complaint, which includes factual allegations that Plaintiffs' counsel admit derive from discovery that occurred in this matter. Accordingly, pursuant to this Court's March 3, 2009 Order, Plaintiffs and their counsel are precluded from using such information in any action other than this action. (Doc No. 58).

**B.     The *Jacks* Complaint**

On February 9, 2010, approximately two weeks after this Court permitted Plaintiffs to amend their Complaint in this action, Plaintiffs' counsel filed yet another action against, *inter alia*, DirectSat. (*See* Ex. A, Complaint in *Jacks, et al. v. DirectSat USA, LLC, et al.*, Docket No. 10-CH-5688.) In that action, however, the plaintiffs' named as defendants in addition to DirectSat, the exact Defendants who were recently added in this matter based upon the Motion to

4

Amend. As with the Third Amended Complaint here, the plaintiffs in *Jacks* assert a class action under Illinois state wage and hour law and individual claims under the Fair Labor Standards Act ("FLSA"). Indeed, the *Jacks* plaintiffs raise the exact same claims that are at issue here and rely on factual allegations that are identical to those at issue before this Court. (*Id.* at pp.7-10.) Further, the *Jacks* Plaintiffs are members of this Class. (*See* Ex. "B", a true and correct copy of the putative class list provided to Plaintiffs.)

Critical for purposes of this Motion, the allegations regarding the relationship between DirectSat and UniTek and the allegations concerning the authority of the individual Defendants—factual allegations that Plaintiffs openly admit were gleaned from discovery in this matter—are included verbatim in the *Jacks* Complaint. By way of example, the respective allegations describing UniTek and its relationship to DirectSat read:

> *Jacks* Complaint ¶ 6:
>
> Defendant, UniTek USA, LLC ("UniTek"), is a LLC with places of business in Cook County, Illinois and headquartered in Blue Bell, Pennsylvania. Among other things, Defendant UniTek is engaged in the business of satellite installation throughout the State of Illinois. UniTek is the parent corporation of DirectSat.
>
> *Farmer* Third Amended Complaint ¶ 10:
>
> Defendant, UniTek USA, LLC ("UniTek"), is a LLC with places of business in Cook County, Illinois and headquartered in Blue Bell, Pennsylvania. Among other things, Defendant UniTek is engaged in the business of satellite installation throughout the State of Illinois. UniTek is the parent corporation of DirectSat.

No such allegations existed regarding UniTek in either of the two prior Complaints in this action. Similarly, as with the relationship between UniTek and DirectSat, the respective allegations concerning the individual defendants are also identical. (*Compare* Ex. A, ¶7, *with* 3d Am. Compl. ¶12; *compare* Ex. A, ¶8, *with* 3d Am. Compl. ¶15; *compare* Ex. A, ¶9, *with* 3d Am. Compl. ¶16.) Again, no such allegations regarding the individual Defendants existed in either of

the two prior Complaints in this action. The "Factual Background" section also mirrors the "Factual Background" section of the Third Amended Complaint. (*Compare* Ex. A, ¶¶11-20, *with* Third Am. Compl. ¶¶18-27.)[3]

### C. Plaintiffs' Are In Violation Of This Court's Order

Based on the forgoing, the following undisputable facts are apparent:

1) This Court entered an Order on March 3, 2009, precluding Plaintiffs' counsel from using any discovery obtained in this action in any action **other than this action** (Doc. No. 58) to "address potential conflicts of interest with regard to Plaintiffs' counsel and potential prejudice to Defendant" (Doc. No. 95);

2) When filing their Motion for Leave to File an Amended Complaint, Plaintiffs represented to Defendants and this Court that the additional allegations and the inclusion of additional parties was premised on depositions taken in this action (Doc. No. 122);

3) The Court based, at least in part, its Order granting Plaintiffs' Motion for Leave to Amend Complaint to Add Additional Defendants on this representation;

4) In the recently filed *Jacks* action, the unnamed putative class members from this action, through the same counsel in this action, filed claims with allegations and parties that are identical to those included in the Third Amended Complaint filed in this action (Compare Ex. "A" with 3d Am. Compl.); and

---

[3] For the sake of brevity, Defendants will not reiterate all of the identical allegations contained in the two Complaints.

5) Plaintiffs, by their own admission **could not** have obtained the information regarding, *inter alia*, the relationship between UniTek and DirectSat and the relative authority of the individual Defendants, anywhere other than through the depositions in this matter.

Accordingly, by essentially copying the allegations from the Third Amended Complaint here—which include allegations derived from discovery in this matter—Plaintiffs' counsel directly violated this Court's March 2, 2009 Order. This violation, which is the latest in a string of consistently improper behavior, necessitates the imposition of severe sanctions in this matter.

Plaintiffs' counsel has shown a willingness to directly solicit clients during depositions and a willingness to disregard the Order that this Court entered to alleviate the concerns it had with Plaintiffs' counsel's behavior.[4] This Court must take appropriate action to remedy the current violations and to prevent any additional flagrant behavior on the part of Plaintiffs' counsel. *See Chambers v. Nasco, Inc.*, 501 U.S. 32 (1991) (discussing inherent power to sanction litigants and upholding attorneys' fee award).[5] Moreover, without additional sanctions, Plaintiffs will be free to continue using discovery obtained in this action to litigate or initiate other actions against Defendants. Put simply, the harm caused by Plaintiffs' actions is irreparable, prejudicial to Defendants, and mandates the imposition of sanctions.

---

[4] While Defendants do not have direct evidence of solicitation of the *Jacks* named Plaintiffs, these Plaintiffs are members of the *Farmer* Class, and, as such, Defendants counsel forwarded to Plaintiffs' counsel the contact information for the individuals who now are named Plaintiffs in *Jacks* during the course of discovery in this action. This fact raises a reasonable inference that the *Jacks'* Plaintiffs were solicited in some manner to become named Plaintiffs in *Jacks*, which further violates this Court's Order.

[5] Further, to the extent that this Court construes its March 2, 2009 Order as a "discovery" order, sanctions are proper pursuant to Rule 37. *See* Rule 37(b) (providing for sanctions where party violates court's discovery order).

## III.    CONCLUSION

For the forgoing reasons, Defendants respectfully request that this Court grant their Motion and impose sanctions that the Court finds appropriate including, but not limited to, the imposition of attorneys' fees and dismissal of the *Jacks* action.

Respectfully submitted,

*/s/ Colin D. Dougherty*

Jason S. Dubner (ARDC# 06257055)
Ursula A. Taylor (ARDC # 6287522)
Butler Rubin Saltarelli & Boyd
70 West Madison Street, Suite 1800
Chicago, IL 60602
(312) 444-9660

Eric J. Bronstein
Colin D. Dougherty
Elliott Greenleaf & Siedzikowski, P.C.
Union Meeting Corporate Center
925 Harvest Drive, Suite 300
Blue Bell, PA  19422
(215) 977-1000

Counsel for Defendants

DATED:  March 18, 2010

## <u>CERTIFICATE OF SERVICE</u>

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing to be filed electronically with the Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

Jac A. Cotiguala, Esquire
Jac A. Cotiguala & Associates
431 South Dearborn Street, Suite 606
Chicago, IL 60605

Attorney for Plaintiffs

DATED:  March 18, 2010

*/s/ Colin D. Dougherty*
COLIN D. DOUGHERTY