# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3962 | **DATE** | 6/23/2010 |
| **CASE TITLE** | Farmer et al vs. DirectSat USA LLC | | |

**DOCKET ENTRY TEXT**

Defendants' Motion for Sanctions [142] is granted in part. Plaintiffs' counsel is ordered to pay a $5,000.00 sanction payable to the clerk of the court no later than 7/20/10. Defendants have until 7/7/10 to file their fee petition associated with this order. Plaintiffs' response by 7/14/10.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendants' Motion for Sanctions  For the following reasons, the Court grants in part Defendants' motion.

### BACKGROUND

Earlier in this case, Defendants moved to disqualify counsel for Plaintiffs based on counsel's solicitation of a deponent. The Court denied Defendants' motion, but conditioned its denial on a series of factors and entered an order stating that, "No discovery in this case can be used for any other purpose other than this case." (R. 58-1.) Later in the proceedings, Plaintiffs' counsel requested the Court to lift the discovery restrictions stemming from that order, but the Court denied that request. The Court stated that it "issued its March 2, 2009 Order to address potential conflicts of interest with regard to Plaintiffs' counsel and potential prejudice to Defendant. Plaintiffs have not identified newly discovered evidence, nor have they articulated why the Court's March 2, 2009 Order was a manifest error of law or fact." (R. 95-1.)

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

On January 28, 2010, the Court granted Plaintiffs' motion to file a Third Amended Complaint and permitted Plaintiffs to add one corporate defendant and a series of individual defendants to the lawsuit. The Court granted Plaintiffs' motion, in large part, due to Plaintiffs' representations that they recently confirmed in depositions the corporate relationship between the originally named defendant (DirectSat) and the newly named Defendant (Unitek), as well as the roles played by the six individual defendants. (R. 125-1) ("Plaintiffs confirmed the corporate relationship between DirectSat and Unitek, and further learned the specific roles played by the six proposed individual defendants. (R. 122-1, Plaintiffs' Reply, p. 4.) As courts in this district have recognized, '[n]ewly-discovered information may provide sufficient reason to join a new party as a defendant.'").

Defendants' motion for sanctions also implicates a separate case also pending in the Northern District of Illinois, *Jacks v. DirectSat USA LLC*, Case No. 10-cv-1707. The *Jacks* case was removed from state court on March 17, 2010. On March 18, 2010, Defendants filed a motion to reassign the *Jacks* case to this Court as a related case. (R. 138-1.) The Court denied Defendants' motion given that reassignment of the *Jacks* case would result in delay to the case already pending before the Court. (R. 146-1.) The *Jacks* complaint contains the same five counts as, and essentially mirrors, the Third Amended Complaint currently at issue in this lawsuit. (R. 127-1; R. 149-1, Ex. A.) The *Jacks* complaint also names Unitek and three of the six newly named individual defendants in the present case as defendants. *Id.* In addition, the *Jacks* complaint contains the same allegations regarding the relationship of the corporate structure between Unitek and DirectSat that were added in the *Farmer* Third Amended Complaint. *Id.*

## ANALYSIS

In their motion for sanctions, Defendants argue that Plaintiffs' counsel has used discovery obtained in this action to prepare and file the *Jacks* complaint in contravention of the Court's March 2, 2009 order that, "No discovery in this case can be used for any other purpose other than this case." (R. 58-1.) Pursuant to the Court's inherent authority to sanction litigations, Defendants request the Court to sanction Plaintiffs' counsel up to and including dismissal of the *Jacks* case.

After the Court requested briefing on Defendants' motion for sanctions, Plaintiffs' counsel filed a written response in which they contend that they used public documents and not restricted discovery to file the *Jacks* complaint. Plaintiffs' counsel asserts that rather than using the information regarding the relationship and corporate structure of DirectSat and Unitek obtained during the depositions in this case, they "merely relied on the court orders and publicly filed pleadings in this case to name the proper defendants when drafting the [*Jacks*] complaint." (R. 149-1, Pls.' Resp., p. 2.) This circular argument is not persuasive. While Plaintiffs' counsel employs semantics to argue that they "never cited, referenced or disclosed any depositions . . . from this case in prosecution of any other case," Plaintiffs' counsel has not and cannot assert that they did not "use" information learned during depositions in this case in order to prepare and file the *Jacks* complaint. For example, in support of their motion to amend the complaint, Plaintiffs informed the Court that they "confirmed the corporate structure and relationship of DirectSat and Unitek, and the authority of the individual Defendants over the practices at issue" during depositions that occurred in December of 2009 and that immediately preceded the filing of Plaintiffs' motion to amend. (R. 122-1, Pls.' Reply in Support of Their Mot. to Amend, p. 4.) After the Court granted Plaintiffs' motion to amend, in part based on this representation, Plaintiffs' Third Amended Complaint contained an allegation, not contained in its earlier complaints, that "Defendant, UniTek USA, LLC ("Unitek"), is a LLC with places of business in Cook County, Illinois and headquartered in Blue Bell, Pennsylvania. Among other things, Defendant UniTek is engaged in the business of satellite installation throughout the state of Illinois. UniTek is the parent corporation of DirectSat." (R. 127-1, Third Amended Complaint, ¶ 10.) The *Jacks* complaint contains an identical allegation. (Case No. 10-cv-1707, R. 1, Complaint, ¶ 6) ("Defendant, UniTek USA, LLC ("Unitek"), is a LLC with places of business in Cook County, Illinois and headquartered in Blue Bell, Pennsylvania. Among other things, Defendant UniTek is engaged in the business of satellite installation throughout the state of Illinois. UniTek is the parent corporation of DirectSat.") It is thus clear that Plaintiffs' counsel learned specific information during discovery in this case and used that same information to file a second

lawsuit. The Court's March 2, 2009 is exceedingly clear and contains no exception that would permit Plaintiffs' counsel to employ information learned during discovery in this case in another case if that information becomes part of the public record. Whether or not the information did become public is besides the point. Plaintiffs' counsel patently violated the Court's unequivocal March 2, 2009 order by using discovery in this case for a purpose other than this case.[1]

While a sanction is appropriate given Plaintiffs' counsel's clear disregard for an order entered by the Court, Defendants have not demonstrated that dismissal of the *Jacks* complaint is warranted or appropriate in these circumstances. Indeed, the Court does not have the authority to dismiss a case pending before another court. *Schumacher Elec. Corp. v. Vector Prods.*, 286 F. Supp. 2d 953, 955 (N.D. Ill. 2003). To support their request for sanctions, Defendants cite *Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991), in which the Supreme Court affirmed a court's inherent power to sanction parties before the court. Indeed, the Seventh Circuit teaches that Rule 11 "has not robbed the district courts of their inherent power to impose sanctions." *Mach v. Will County Sheriff*, 580 F.3d 495, 502 (7th Cir. 2009) (citing *Methode Elecs., Inc. v. Adam Techs., Inc.*, 371 F.3d 923, 927 (7th Cir. 2004) and *Chambers*, 501 U.S. at 49). "The Supreme Court has made clear that 'the inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct.'" *Id.* (citing *Chambers*, 501 U.S. at 49). "A district court should be cautious when exercising such inherent authority, but it retains that authority nonetheless." *Id.*; *see also Waivio v. Bd. of Trs. of the Univ. of Ill.*, 290 Fed. Appx. 935, 937 (7th Cir. 2008) ("[d]istrict courts have inherent authority to sanction litigants for abuse of process, up to and including dismissing the lawsuit"); *Johnson v. Cherry*, 422 F.3d 540, 548-549 (7th Cir. 2005) ("a court has the inherent authority to impose sanctions for actions taken 'in bad faith, vexatiously, wantonly, or for oppressive reasons'") (internal citations omitted).

Given that Plaintiffs' counsel has directly violated an order of the Court, the Court finds that Plaintiffs' counsel has "conducted litigation in bad faith" and that their actions were willful. *See Salmeron v. Enter. Recovery Sys.*, 579 F.3d 787, 793 (7th Cir. 2009) (upholding district court's imposition of sanctions against attorney that admitted that he disclosed documents in violation of an attorneys' eyes only agreement). "The sanction imposed should be proportionate to the gravity of the offense." *Montano v. City of Chi.*, 535 F.3d 558, 563 (7th Cir. 2008) (citing *Allen v. Chi. Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003)). Courts in this circuit have held that, "[t]he battery of available remedies for an attorney's ethical or discovery violation include monetary sanctions." *Allen v. Int'l Truck & Engine*, 2006 WL 2578896, 2006 U.S. Dist. LEXIS 63720 (S.D. Ind. Sept. 6, 2006) (citing *Blanchard v. Edgemark Financial Corp.*, 175 F.R.D. 293, 303 (N.D. Ill. 1997)); *see also Dowe v. AMTRAK*, 2004 WL 1375692, 2004 U.S. Dist. LEXIS 9450 (N.D. Ill. May 26, 2004) (imposing monetary sanctions pursuant to the court's inherent authority where defendant's counsel violated the court's *in limine* ruling at least twice); *Schmude v. Sheahan*, 312 F.Supp.2d 1047, 1098 (N.D. Ill. 2004) (imposing $5,000 monetary sanction against attorneys that "disobeyed the orders of the United States District Court and acted improperly by seeking and obtaining numerous awards of attorney fees, as improperly appointed counsel, in the Circuit Court of Cook County, after the entire cause of action had been removed to the United States District Court").

For the foregoing reasons, the Court finds that a $5,000.00 monetary sanction payable to the clerk of the court no later than July 20, 2010 is proportionate to the gravity of Plaintiffs' counsel's direct violation of a court order. The Court further grants Defendants' requests for costs and fees associated with the filing of this motion. Defendants have until July 7, 2010 to file their fee petition. Plaintiffs' response by July 14, 2010.

---

[1] Plaintiffs also object to the imposition of sanctions by arguing that Defendants did not comply with the meet and confer provisions of Local Rule 37.2, but Plaintiffs have not established that the Rule is applicable here. Local Rule 37.2 only applies to "any and all motions for discovery and production of documents under Rule 26 though 37." This is not a discovery dispute, but instead a question enforcement of a previously entered court order.