IN THE UNITED STATES COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD FARMER, POMPEY HICKS, ANTWON WILLIAMS, individually, and on behalf of all others similarly situated, and STEVEN EMLING, SILAS JUNIOUS, and ODELL STIFFEND, individually, <br><br> Plaintiffs, <br><br> v. <br><br> DIRECTSAT USA, LLC, UNITEK USA, LLC, JAY HEABERLIN, LLOYD RIDDLE, and DAN YANNANTUONO, <br><br> Defendants. | Case No. 08 CV 3962 <br><br> Judge John Z. Lee <br><br> Magistrate Judge Maria Valdez |

PLAINTIFFS' MOTION FOR SURREPLY
_____

Plaintiffs, GERALD FARMER, POMPEY HICKS, and ANTWON WILLIAMS, individually and on behalf of all other similarly situated employees, by and through their counsel of record, respectfully move this Court to permit this short surreply addressing arguments raised for the first time in Defendants' decertification reply (D.E. 375). In support of their motion, plaintiffs state as follows:

1. Defendants moved to decertify the class action arguing that class-wide damages are indeterminable with certainty. (D.E. 367.)

2. Plaintiffs contend that Defendants' application of *Espenscheid v. DirectSat USA*, ___ F.3d ___, 2013 WL 407446 (7th Cir. February 4, 2013), to this case errs because: (1) Judge St. Eve found material facts for trial (D.E. 212 at 19-20); (2) Judge St. Eve held that "Plaintiffs have adduced enough evidence to permit a reasonable jury to conclude that they have demonstrated the amount and extent of work performed by Plaintiffs by a

1

matter of just and reasonable inference" (D.E. 212 at 31-32); and class-wide questions predominate (D.E. 212 at 40-41).

3. Simply put, once Plaintiffs prove Defendants' time records inaccurate, through common evidence of Defendants' policy not to record specific compensable drive time and representative testimony confirmed by GPS records, the burden shifts to the employer that failed to accurately record their employee's work time to prove the exact time or that Plaintiffs' inference is unreasonable. *Brown v. Family Dollar Stores of IN, LP*, 534 F.3d 593, 596 (7th Cir. 2008).

4. Defendants provided no new facts or evidence to justify decertification other than this Court's *Daubert* ruling.[1]

5. Nothing prevents the class from proceeding to trial without a damages expert. Class action damage calculations need not be exact. The law of class actions as well as wage and hour law provides that the risk of uncertainty "should be thrown upon the wrongdoer instead of upon the injured party." 2 Herbert B. Newberg and Alba Conte, Newberg on Class Actions § 10.01 (3d ed. 1992) (citing *Story Parchment Co. v. Paterson Parchment Paper Co.*, 282 U.S. 555, 563 (1931)); *see People ex rel. Illinois Department of Labor v. 2000 W. Madison Liquor Corp.*, 394 Ill. App. 3d 813, 818-819 (1st Dist. 2009) (adopting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). The Supreme Court held that the only certainty attained by requiring injured parties in such actions to show exact damages, "would be the certainty of injustice." *Story Parchment*, 282 U.S. at 563; *see also Mt. Clemens Pottery, 328 U.S. at 687 (citing Story Parchment*, 282 U.S. at 563).

---

[1] Defendants incorporated this Court's *Daubert* ruling into their reply affording Plaintiffs no opportunity to address that argument. (D.E. 375 at 7.)

6. Defendants provided no new law other than the Seventh Circuit's finding no abuse of discretion by the district court judge decertifying the FLSA collective action and three separate state law class actions after the plaintiffs refused to adopt her suggested trial plans. *Espenscheid*, 2013 WL 407446, at \*\* 4-5. The *Espenscheid* court specifically recognized the value of bifurcation and the use of a special master to determine damages. *Id.* at • 4.

7. In the event this Court finds Defendants' *Espenscheid* arguments persuasive, the Court should first afford Plaintiffs the opportunity to discuss and consider what alternative trial plans this Court might find manageable, as did the district court in *Espenscheid*. These could include bifurcation with use of a special master for damages, or subclasses. *See Id.* ("Bifurcation would not eliminate variance in damages across class members, but once liability is established damages claims can usually be settled with the aid of a special master, and trials thus avoided"); *Alvarez v. City of Chicago*, 605 F.3d 445, 449 n.1 (7th Cir. 2010); *Simer v. Rios,* 661 F.2d 655, 672 n. 29 (7th Cir.1981) ("[Decertification] ignores the possibility of subclassing, a viable alternative in resolving such problems."); *Landsman & Funk PC v. Skinder-Strauss Associates*, 640 F.3d 72, 95 (3rd Cir. 2011) ("where common issues certainly exist, a district court might consider subclassing in lieu of decertification."); *Jones v. Ford Motor Credit Co.,* 358 F.3d 205, 216 (2nd Cir. 2004) (approving use of management tools to uphold certification such as bifurcating the litigation, certifying a limited class, or using other management tools); *See Thiessen v. Gen. Elec. Capital Corp.,* 267 F.3d 1095, 1106 (10th Cir. 2001) (reversing district court decision to decertify where bifurcation of liability and damages was possible); *see Flanagan v. Allstate Ins. Co.*, 242 F.R.D. 421, 433 (N.D.Ill. Feb. 9, 2007)

(approving use of subclasses).[2].

8. Furthermore, "the court could enter a judgment of liability, leaving class members to pursue damage claims in separate law suits." *Tardiff v. Knox County,* 365 F.3d 1, 7 (1st Cir. 2004); *see also In re Visa Check/MasterMoney Antitrust Litig.,* 280 F.3d 124, 141 (2d Cir. 2001) (superceded by statute on unrelated grounds) (listing solutions to individual damage issues, such as "bifurcating liability and damage trials with the same or different juries ... [and] decertifying the class after the liability trial and providing notice to class members concerning how they may proceed to prove damages").

9. Class decertification is a drastic remedy at this point in the litigation as it would necessarily require notifying every class member. Also, since this action was filed and the class was certified in 2008 (D.E. 1, 40), the limitations period will necessarily need to be tolled to permit those former class members that were notified that their claims were to addressed by this Court as a class, to file their own individual claims. *See Alvarez v. City of Chicago*.

WHEREAS, Defendants argued facts that were not available in their reply memorandum, Plaintiffs respectfully move this Court to accept this speaking motion as their surreply in opposition to class decertification.

                                                   Respectfully submitted,

Dated: March 29, 2013            /s/ *Brian D. Massatt*
                                                One of Plaintiffs' counsel

---

[2] Rule 23 itself provides management tools that a court may utilize as a class action proceeds. *See* Fed.R.Civ.P. 23(c)(1)(C), 23(c)(5), 23(d) (setting forth case management tools that allow the court to alter or amend the class certification, to certify subclasses, and to issue orders to help manage the case).

| | |
|---|---|
| Ryan F. Stephan | Jac A. Cotiguala |
| James B. Zouras | Brian D. Massatt |
| STEPHAN ZOURAS, LLP | JAC A. COTIGUALA & ASSOCIATES |
| 205 North Michigan Avenue, Suite 2560 | 431 South Dearborn Street, Suite 606 |
| Chicago, IL  60601 | Chicago, IL 60605 |
| Telephone:  (312) 233-1550 | Telephone: (312) 939-2100 |