IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GERALD FARMER, *et al.*, | |
| Plaintiffs, | CIVIL ACTION |
| v. | No. 08-cv-3962 |
| DIRECTSAT USA, LLC, *et al.*, | JUDGE JOHN Z. LEE |
| Defendants. | |

**DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE TESTIMONY AND DOCUMENTS FROM PLAINTIFFS' PROPOSED EXPERT WHO WAS ALREADY BARRED FROM TESTIFYING BY THE COURT IN ITS MARCH 22, 2013 RULING**

Defendants respectfully move *in limine* to preclude trial testimony and documents from Plaintiffs' former proposed expert, Gerald Becker, who was already barred from testifying by the Court in its March 22, 2013 Daubert ruling.

1. Despite this Court's unequivocal and crystal clear ruling on March 22, 2013 precluding Gerald Becker from testifying (see D.E. 373 and 374), Plaintiffs are nonetheless stubbornly committed to calling Mr. Becker as an expert witness at trial and attempting to introduce several documents prepared by him as trial exhibits. See Ex. 1, E-mail from J. Zouras to J. Christman, et al., dated Aug. 20, 2013; Ex. 2, E-mail from B. Massatt to J. Christman, et al., dated Sept. 4, 2013. In doing so, Plaintiffs disregard the significant expert briefing related to Mr. Becker's proposed opinion (see D.E. 293-294, 302, 304, 308-309, 313, and 314) and blatantly rebuff this Court's eminently clear ruling that emphasized and discussed at length the "fatal flaws" in Mr. Becker's purported expert testimony. (See D.E. 373 and 374.)

2. In no uncertain terms, Mr. Becker was precluded from testifying at trial because he is unqualified (see D.E. 374 at 7), he "failed to demonstrate that he used a reliable methodology" (id.), he "failed to demonstrate that his data and analysis are grounded in the

methods and procedure of science" (id. at 8), he "failed to demonstrate that the data upon which he relies are reliable or provide sufficient factual underpinnings for his testimony" (id.), he "failed to establish the reliability of the assumptions and applications of his methodology" (id. at 12), he "simply made mistakes" that rendered his testimony "not simply shaky, but unreliable" (id. at 14-15), and his testimony contains "numerous" and "improper" legal conclusions (id. at 15). Indeed, this Court found that the very heart of Mr. Becker's proposed expert opinion contained "fatally flawed" assumptions and no purported report addendum could "cure the fatal flaws of Becker's testimony." (Id. at 12, and 16, n.6.) For all these reasons, this Court held that Becker must be precluded from testifying and his testimony "cannot be presented to the finder of fact." (Id. at 1, 7, and 15.)

3. In the six months since this Court's Daubert ruling precluding Mr. Becker from testifying in this matter, nothing has changed to alter the "fatal flaws" and the unreliable data, analysis, assumptions, methodology, application of said methodology, and improper legal conclusions in Mr. Becker's purported expert opinion. That opinion remains as "fatally flawed" now as it was when this Court issued its March 22, 2013 ruling. Notwithstanding, Plaintiffs continue to attempt to introduce testimony from Mr. Becker.

4. Additionally, this Court must also bar Plaintiffs from introducing as evidence at trial Plaintiffs' Proposed Trial Exhibit Nos. 117 (a purported "summary" of DirectSat's manager reports prepared by Mr. Becker) and 118 (a "supplemental expert damages report" prepared by Mr. Becker). See Ex. 3, E-mail from B. Massatt to J. Christman, et al., dated Aug. 30, 2013. As Plaintiffs' counsel admits, these materials were prepared by Mr. Becker and are based upon his unreliable and precluded testimony. As such, they too must be deemed inadmissible and Plaintiffs must be prohibited from introducing such evidence at trial.

5. Defendants conferred with Plaintiffs on this matter, the matter is in dispute, and the Plaintiffs intend to introduce as evidence at trial testimony of Gerald Becker and certain materials prepared by him as trial exhibits.

WHEREFORE, Defendants respectfully request that the Court enter an Order precluding Plaintiffs from introducing as evidence at trial testimony of Gerald Becker and certain materials prepared by him as trial exhibits.

Respectfully submitted,

/s/ Colin D. Dougherty

| | |
|---|---|
| Jason S. Dubner<br>J. David Winters<br>Butler Rubin Saltarelli & Boyd LLP<br>70 West Madison Street, Suite 1800<br>Chicago, IL 60602<br>(312) 444-9660 | Colin D. Dougherty<br>Jonathan D. Christman<br>Fox Rothschild LLP<br>10 Sentry Parkway, Ste. 200, P.O. Box 3001<br>Blue Bell, PA 19422-3001<br>(610) 397-6500 |
| DATED: September 6, 2013 | *Attorneys for Defendants* |

**CERTIFICATE OF SERVICE**

I, Colin D. Dougherty, hereby certify that, on this date, I caused the foregoing document to be filed electronically with this Court, where it is available for viewing and downloading from the Court's ECF system, and that such electronic filing automatically generates a Notice of Electronic Filing constituting service of the filed document, upon the following:

Jac A. Cotiguala, Esquire
Brian D. Massatt, Esquire
Jac A. Cotiguala & Associates
431 South Dearborn Street, Suite 606
Chicago, IL 60605

Ryan F. Stephan, Esquire
James Zouras, Esquire
Andrew C. Ficzko, Esquire
Stephan Zouras, LLP
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601

Attorneys for Plaintiffs

/s/ Colin D. Dougherty
COLIN D. DOUGHERTY

DATED: September 6, 2013