```
                                                                       1

 1                 IN THE UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3
     GERALD FARMER, et al.,          ) Docket No. 08 C 3962
 4                                   )
                         Plaintiffs,)
 5                                   )
                vs.                  )
 6                                   )
     DIRECTSAT USA, LLC, also known  )
 7   as Unitek USA, et al.,          ) Chicago, Illinois
                                     ) March 23, 2010
 8                       Defendants.) 9:15 o'clock a.m.

 9
            TRANSCRIPT OF PROCEEDINGS - STATUS & MOTIONS
10              BEFORE THE HONORABLE AMY J. ST. EVE

11
     APPEARANCES:
12

13   For the Plaintiffs:       STEPHAN ZOURAS
                               BY:  MR. JAMES B. ZOURAS
14                                  MR. RYAN F. STEPHAN
                               205 N. Michigan Ave., Suite 2560
15                             Chicago, Illinois  60601

16                             JAC A. COTIGUALA & ASSOCIATES
                               BY:  MR. JAC A. COTIGUALA
17                             431 South Dearborn Street, Ste 606
                               Chicago, Illinois  60605

18

19   For the Defendants:       BUTLER, RUBIN, SALTARELLI & BOYD
                               BY:  MS. URSULA TAYLOR
20                             Three First National Plaza
                               Suite 1800
21                             Chicago, Illinois  60602

22
     For the Defendants        FOX ROTHSCHILD, LLP
23   via teleconference:       BY:  MR. COLIN D. DOUGHERTY
                               10 Sentry Parkway, Suite 200
24                             Blue Bell, Pennsylvania  19422

25
```

```
 1   APPEARANCES (Cont'd):

 2
     Court Reporter:            MR. JOSEPH RICKHOFF
 3                              Official Court Reporter
                                219 S. Dearborn St., Suite 1232
 4                              Chicago, Illinois  60604
                                (312) 435-5562
 5
                    * * * * * * * * * * * * * * * * *
 6
                         PROCEEDINGS RECORDED BY
 7                        MECHANICAL STENOGRAPHY
                      TRANSCRIPT PRODUCED BY COMPUTER
 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

|    |    |
|---|---|
| 1  | (Whereupon, the following further proceedings were |
| 2  | had in open court, in part via telephone conference, to |
| 3  | wit:) |
| 4  | THE CLERK: 08 C 3962, Farmer vs. DirectSat. |
| 5  | THE COURT: Good morning. |
| 6  | MS. TAYLOR: Good morning, your Honor, Ursula Taylor |
| 7  | on behalf of the defendants. |
| 8  | MR. DOUGHERTY: Good morning, your Honor, Colin |
| 9  | Dougherty on behalf of the defendants. |
| 10 | Thank you, again, for allowing me to appear by phone. |
| 11 | THE COURT: Mr. Dougherty, I do not mind on routine |
| 12 | statuses if you appear by phone; but, when we do have more |
| 13 | meaty motions that are up, you should be present. |
| 14 | MR. DOUGHERTY: Yes, your Honor. |
| 15 | THE COURT: Good morning. |
| 16 | MR. COTIGUALA: Good morning, your Honor, Jac |
| 17 | Cotiguala on behalf of plaintiffs. |
| 18 | MR. ZOURAS: Good morning, Judge, James Zouras for |
| 19 | the plaintiffs. |
| 20 | MR. STEPHAN: Good morning, your Honor, Ryan Stephan |
| 21 | on behalf of the plaintiffs. |
| 22 | THE COURT: Good morning. |
| 23 | I have multiple motions before me. You are also here |
| 24 | on a status. |
| 25 | Plaintiffs' motion for -- well, I do not want to |

```
 1  start with that one.
 2          Defendants' motion for sanctions.  I need a written
 3  response on this.
 4          How much time --
 5          MR. COTIGUALA:  Yes, your Honor.
 6          THE COURT:  -- would you like to respond?
 7          MR. COTIGUALA:  Seven days.
 8          THE COURT:  I will enter the motion.  Your response
 9  is due March 30th.
10          And your reply, how much time, Ms. Taylor?
11          MS. TAYLOR:  Seven days, Colin, for reply?
12          THE COURT:  April 6th --
13          MS. TAYLOR:  Seven days.
14          THE COURT:  -- is when your reply is due.
15          Okay.  Defendants' motion for reassignment.
16          Have you seen the motion?
17          MR. COTIGUALA:  Yes, your Honor, we have.
18          THE COURT:  And what is your --
19          MR. COTIGUALA:  We believe that's totally in your
20  discretion.  However, your Honor, we do not believe that they
21  meet all of the factors for reassignment.  Under Local Rule
22  40.4, they do not really meet Requirements No. 3 or 4.
23          We have no objection to your Honor -- if your Honor
24  wants to exercise discretion to take this case.  We're
25  perfectly happy before you.  However, we really don't think
```

```
 1   that 3 or 4 are met unless the defendant wants to do things to
 2   make -- the cases are not susceptible to disposition in a
 3   single proceeding --
 4            THE COURT:  Here is my concern --
 5            MR. COTIGUALA:  -- the way they're met.
 6            THE COURT:  -- dealing with the 40.4 factors, is the
 7   cases are in very different postures.
 8            MR. COTIGUALA:  Yes.
 9            THE COURT:  And Jacks was just filed.  We are far
10   along in Farmer, and it has been a long road to get here.
11   While you certainly meet the other factors, I do not want
12   Jacks to delay Farmer.  And that is my concern.
13            Ms. Taylor, what about that?
14            MS. TAYLOR:  Your Honor, they're nearly identical
15   complaints.
16            THE COURT:  That is not the issue.  I do not disagree
17   with that.  But no discovery has been done in Jacks.  It was
18   just filed.  I am not even sure you have answered Jacks yet.
19            MS. TAYLOR:  No, we have not.
20            THE COURT:  So, isn't that going to delay the Farmer
21   case?
22            MS. TAYLOR:  Your Honor, we don't feel it will.
23            THE COURT:  Why?
24            MS. TAYLOR:  Discovery is not yet over in Farmer, it
25   is my understanding.  There's --
```

```
 1                THE COURT:  It is not, but it is --
 2                MS. TAYLOR:  -- depositions that still need to be
 3    taken.
 4                THE COURT:  -- well on the way.  Discovery ends April
 5    1st.
 6                MS. TAYLOR:  And the gentlemen that are named as
 7    plaintiffs in the Jacks action are class members in the Farmer
 8    action.  And, so, the same discovery will overlap a bit.
 9                And I think overall, it would be more efficient to
10    reassign the matter before your Honor, even though there may
11    be a bit of delay on the Farmer action.  Judicial savings and
12    savings to the parties will be obtained if they are --
13                THE COURT:  But my guess is you are going to want --
14    even though discovery might overlap, you are going to want --
15    to issue written discovery in Jacks.  You are going to want to
16    take separate depositions in Jacks.  You are going to want to
17    take -- Jacks' deposition has not been taken, I assume.
18                So, I will take this under advisement, but I am
19    certainly leaning against it, given the completely different
20    stages that these cases are at, because I do not think
21    judicial efficiency will be served by delaying this '08 case
22    even further.  But I will take it under advisement and rule on
23    it shortly.
24                MR. COTIGUALA:  Thank you, your Honor.
25                THE COURT:  The next motion is plaintiffs' motion for
```

1 a rule to show cause regarding the production of the documents
2 that Judge Valdez ordered back in November.
3      Is it plaintiffs' position that none of these
4 documents have been produced?
5      MR. STEPHAN: Thank you, Judge.
6      Up until this past Friday, after we filed this
7 motion, none of the documents had been produced. On Friday,
8 after we filed this motion, we got a disc with defendants'
9 Bate ranges attached. We haven't had the opportunity to go
10 through and analyze the data that was just recently produced.
11 So, we'd ask that this motion be entered and continued for 14
12 days.
13      MR. DOUGHERTY: Your Honor, if I may speak to that?
14      THE COURT: Yes.
15      MR. DOUGHERTY: Your Honor, that information that was
16 provided was -- and that motion was -- based on a subpoena of
17 a third party. We received the information and we were in
18 contact with the third party's counsel in Texas, as plaintiffs
19 had previously been in contact with them. We got the
20 information early last week. We copied it and put it in the
21 mail Thursday. They filed their motion on Thursday.
22      We weren't in control of it. We haven't altered the
23 disc in any way. We copied it and turned it over. That's the
24 response to their third-party subpoena. I'm not sure it's
25 characterized correctly as defendants' production.

1    THE COURT: Did you have any of that, Mr. Dougherty,
2 in your possession or your client's possession?
3    MR. DOUGHERTY: No, your Honor. It came from the --
4 Trimble @Road in response to plaintiffs' subpoena.
5    THE COURT: Have you produced everything you received
6 from that third party?
7    MR. DOUGHERTY: Yes, your Honor. We copied the disc
8 and sent it on. It's even Trimble's Bates range. We didn't
9 even Bates stamp the information.
10    THE COURT: I am going to deny this motion without
11 prejudice to renew if you feel like you do not have
12 everything. But given the representations, I think it is
13 moot. And if there is an issue, it sounds like you need to go
14 to the third party, not back to defendants -- or go to
15 defendants who have to go to the third party. But we can take
16 that up if we need to.
17    The last motion is plaintiffs' fourth motion to
18 compel.
19    It seems to me that you should be able to get in the
20 same room and agree to the search terms here.
21    MR. STEPHAN: Judge, we have agreed to the search
22 terms. What we haven't agreed to is how those -- how that
23 keyword search is going to be conducted.
24    We filed the motion to compel. That was granted back
25 in November.

1         THE COURT: Right. I know we are on the fourth
2 version.
3         MR. STEPHAN: Right.
4         THE COURT: Yes.
5         MR. STEPHAN: We've expended incredible amounts of
6 time having Rule 37 efforts. We sent one keyword search; they
7 said that was too broad. So, we revised that. We cut that
8 down to 35 terms and, I think, 15 e-mail accounts. That's not
9 a whole lot in a case like this. Defendant --
10         MR. DOUGHERTY: Your Honor, with all due respect --
11         THE COURT: Wait, wait.
12         MR. DOUGHERTY: -- I disagree.
13         THE COURT: Mr. Dougherty, let him finish. Let him
14 --
15         MR. DOUGHERTY: I'm sorry. I thought he was.
16         THE COURT: That is part of the problem with the
17 phone.
18         Go ahead.
19         MR. STEPHAN: Defendant responded as part of the Rule
20 37 and said that they were consulting with an outside vendor.
21 We didn't hear anything back. We sent additional Rule 37
22 correspondence. About a week or two ago, we got a letter from
23 Mr. Dougherty saying that they had hired an intern to do a
24 manual search of e-mails and it was going to cost up to
25 $75,000 per account or some --

1      THE COURT: And take 35 weeks, which is unacceptable.
2      MR. STEPHAN: Right.
3      And what we did afterwards was, consistent with the
4 Seventh Circuit principles on ESI, we said, "Can you run a
5 keyword search? What kind of software do you have? Let's
6 coordinate this." We haven't heard back on that.
7      So, all we're asking is that this keyword search --
8 which we've really made a lot of efforts to cull down and make
9 it reasonable -- be run and that responsive e-mails be
10 produced, your Honor.
11      THE COURT: Mr. Dougherty, why can't this keyword
12 search be done electronically?
13      MR. DOUGHERTY: Your Honor, the IT person -- I'm
14 dealing with the head of IT for the company and he is not
15 aware of any software and he is not aware of a way to do it.
16 So --
17      THE COURT: I find that shocking.
18      I would like an affidavit from him to that effect --
19      MR. DOUGHERTY: Yes, your Honor.
20      THE COURT: -- because I find that, in this day and
21 age, completely shocking.
22      File an affidavit from him to that effect by the 31st
23 of March.
24      MR. DOUGHERTY: Your Honor, we were supposed to talk,
25 again, last week and plaintiffs' counsel never followed up

1  either.  They filed this motion.
2          THE COURT:  Although given that I granted this once,
3  you should be able to reach agreement on this.
4          I am going to enter and continue this motion.  I want
5  the affidavit from defendants' IT person by March 31st.  I
6  want you to meet and confer and see if you can reach agreement
7  on this; and, if not, I will set this over for a status on
8  April 12th and I will rule then.
9          If you wish to respond to the motion -- hopefully you
10 can resolve it and you do not have to, but if you wish to
11 respond to the motion -- you need to do so by April 5th.
12         What else in terms of status, and what about
13 settlement?
14         MR. STEPHAN:  Thank you, Judge.
15         If I could address one other discovery issue before
16 your question?
17         THE COURT:  Sure.
18         There were not any other motions, were there?
19         MR. STEPHAN:  No, but in the motion to compel, we ask
20 that the defendants supplement their Rule 26 disclosures.
21         THE COURT:  Thank you.  I saw that.  To supplement to
22 identify insurance agreements that may be used to satisfy all
23 or part of a judgment.
24         MR. STEPHAN:  Right.
25         And what's happened since the last status, we had

1  some additional individuals who were named as defendants.
2  Defendant produced some insurance policies that we believe
3  apply to them for director and officer coverage or error and
4  omission coverage. They produced I forget how many documents,
5  but it was a lot, Judge.
6          So, we simply asked them, "Do any of those policies
7  provide any coverage for any of the individual defendants;
8  and, if so, please supplement your Rule 26 disclosures."
9          THE COURT: What about that, Mr. Dougherty? That
10 seems to be clearly called for under --
11         MR. DOUGHERTY: Your Honor, we had a conference call
12 on this and we told them that it does not. They asked us to
13 recheck. We rechecked, and the client has said it does not.
14 There is no insurance coverage in this case.
15         The D&O policy is a claims-made policy. So, it would
16 be a 2010 policy, and it has a specific exclusion for FLSA
17 cases. There is no policy that covers insurance.
18         We turned over all the insurance documents they asked
19 for, which was all insurance from 2006, '7 and '8 for the
20 companies, and we turned that over. And, I mean, I don't
21 know -- Mr. Farmer seems disappointed with the answer that
22 there's no insurance and they filed this motion.
23         THE COURT: Doesn't that satisfy what you are looking
24 for?
25         MR. STEPHAN: Judge, it does.

1             But we're not disappointed.  The discussion we had --
2    there's different policies at issue.  The employment practice
3    liability policy does exclude the FLSA.  It does exclude state
4    law claims for wage and hour violations.  We didn't see that
5    on the D&O policies or the other policies that applied to the
6    individuals.
7             So, at the last discussion, we asked them to check
8    those particular policies -- not the EPLI that carves out the
9    FLSA, but the other ones -- to see if those provided coverage
10   for the individuals.  If their answer is it doesn't, that's
11   fine.
12            THE COURT:  It does not, and you have it on the
13   record.
14            So, that aspect of the motion is denied as moot, and
15   I will enter and continue the rest.
16            What else in terms of status, and have you had any
17   further settlement discussions?
18            MS. TAYLOR:  Your Honor, there is one more issue that
19   we hoped to bring up with you today --
20            THE COURT:  Can you answer --
21            MS. TAYLOR:  -- as part of the status.
22            THE COURT:  -- that question first, and then we will
23   come back.
24            MS. TAYLOR:  Okay.
25            THE COURT:  Have you had any further settlement

Case: 1:08-cv-03962 Document #: 547 Filed: 04/11/14 Page 14 of 18 PageID #:10424

14

1  discussions?

2  MR. STEPHAN: We have, Judge. We've asked them to
3  respond to our demand letter. They said that their offer was
4  nothing.

5  THE COURT: Okay.

6  MR. DOUGHERTY: Your Honor, that's not entirely true.
7  We responded to the demand letter, which we felt -- told them
8  that was outrageous. They've admitted that it's at least 200
9  percent too high. It graciously offers to settle for what
10  would be the plaintiffs in the class of the Jacks case. And
11  we said that if -- "Basically, you did the math wrong. If you
12  correct the math and give us a new demand, we can talk." And
13  they won't correct the math.

14  So, I mean, I could waste everyone's time and say,
15  "Fine, our offer is $5,000," and be equally unreasonable.
16  Then we're just in this stalled posture.

17  THE COURT: Okay.

18  Before --

19  MR. STEPHAN: Judge --

20  THE COURT: I do not want to hear anymore.

21  MR. STEPHAN: Sure.

22  THE COURT: Before you come back on the 12th, I am
23  directing you to meet and confer, pursuant to Rule 26(f),
24  regarding settlement and let me know if you have any interest
25  in going to see Magistrate Judge Valdez for a settlement

1 conference.

2 Yes, Ms. Taylor, you had one more issue?

3 MS. TAYLOR: Yes, your Honor.

4 It's with regard to depositions of unnamed class
5 members. And Mr. Dougherty can elaborate, but we issued
6 subpoenas to -- which we withdrew, to -- unnamed class
7 members. And we're faced with a bit of an issue in that these
8 unnamed class members are mentioned in declarations and in
9 other deposition testimony as being purpose -- people who
10 directed some of the wrongful activity or, in other words, are
11 perhaps the witnesses who would be instrumental to them --
12 their establishing liability.

13 So, we would like to depose them. But lead counsel
14 has been in a bit of a back-and-forth on that issue, and we
15 seek your guidance. On the one hand, plaintiffs' counsel has
16 a conflict in contacting these individuals and they've
17 indicated to us that they don't wish for us to contact these
18 individuals either.

19 MR. DOUGHERTY: Yes, your Honor. We've accomplished
20 -- since the last status, we've accomplished -- five of the
21 six named plaintiffs. The sixth named plaintiff, Mr. Farmer,
22 is scheduled for deposition this Friday. We've had a bit of
23 an up-and-down time getting his deposition scheduled because,
24 I believe, he has some health -- some significant health --
25 problems.

1            We also noticed subpoenas for the individuals who
2   were managers or supervisors that -- in the declarations filed
3   for the class certification and in deposition testimony where
4   the individuals identified as the people alleged to have
5   directed the named class members to underreport their time or
6   not report all of their time.  These individuals, particularly
7   the managers, would arguably be represented by defense counsel
8   for what they have done.  They're also unnamed class members.
9            Mr. Stephan and I had a conversation about this a few
10  months ago regarding Taun Bridges, who they wanted to notice
11  for deposition.  I brought up this conflict.  They backed off
12  noticing for deposition.  I was instructed that I was not
13  allowed to contact him since he was a class member.  I
14  suggested that they shouldn't contact him because he's a
15  manager.
16           So, we noticed -- we subpoenaed these depositions
17  because we don't really know any other way.  We can't notice
18  them.  We don't think it's appropriate for us to notice them.
19  So, we subpoenaed them and plaintiffs' counsel objected that
20  they're unnamed class members and it's not appropriate to
21  subpoena them.
22           And we're sort of at a loss.  We don't know how we
23  get these people before the Court to take discovery when
24  they're arguably represented by both sides and both sides then
25  can't contact them.  And depending on what they say,

1 plaintiffs' counsel may have a significant conflict similar to
2 the conflict that we previously discussed in this case.
3     MR. STEPHAN: Judge, thank you.
4     This happens all the time in these types of cases
5 where class members are class members and maybe held a second
6 job or another job, a supervisory job. This is very common in
7 these cases. If this was that big an issue, none of these
8 employment class cases would be able to proceed.
9     Secondly, we don't know why they're bringing this
10 issue to attention at this very late stage. We've got a
11 discovery cutoff of April 1st. If this was such a big issue,
12 we think that the dep subpoenas or notices should have gone
13 out a long time ago.
14     Third, Judge, to take depositions of class members,
15 the defendant has the burden to show cause why those people
16 should be deposed. We haven't seen anything in writing.
17 There's nothing before the Court. And if this is going to be
18 an issue, we think we should be allowed to brief it because,
19 as of today, there are no conflicts. They're perceived
20 conflicts or conflicts they anticipate, but, as of today,
21 there are none.
22     THE COURT: File a motion if you want.
23     I do question why you are raising this with me for
24 the first time when fact discovery closes in about ten days.
25     MR. DOUGHERTY: Your Honor, this isn't raised for the

1    first time.  In fact, plaintiffs' counsel wanted to depose
2    Mr. Bridges until we brought this issue up two months ago.
3    Given that fact discovery was closed and given that we were
4    traveling out to take Mr. Farmer's deposition, we noticed the
5    subpoenas for the same time so that we could take the economy
6    of travel and we noticed them for this week.  We still have a
7    week before discovery closes if there was any issues.
8           THE COURT:  I am saying you raised it for the first
9    time with me today.  I do not recall this coming up before.
10          But if you need to, you can file a motion.
11          MR. DOUGHERTY:  Yes, your Honor.
12          THE COURT:  April 12th.  I will see you then.
13          Thank you.
14          MR. DOUGHERTY:  Thank you, your Honor.
15          MR. STEPHAN:  Thank you, Judge.
16          MR. COTIGUALA:  Thank you, your Honor.
17                    *    *    *    *    *
18
19   I certify that the foregoing is a correct transcript from the
     record of proceedings in the above-entitled matter.
20
21
     /s/ Joseph Rickhoff                          March 25, 2014
22   Official Court Reporter
23
24
25