IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GERALD FARMER; POMPEY HICKS; ANTWON WILLIAMS; SILAS JUNIOUS; And ODELL STIFFEND, | ) ) ) ) ) |
| Plaintiffs, | ) 08-cv-3962 |
| v. | ) ) Judge John Z. Lee |
| DIRECTSAT USA; UNITEK USA, LLC; JAY HEABERLIN; LLOYD RIDDLE; and DAN YANNANTUONO, | ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Gerald Farmer, Pompey Hicks, Antwon Williams, Silas Junious, and Odell Stiffend ("Plaintiffs") sued Defendants DirectSat USA, Unitek USA, LLC, Jay Heaberlin, Lloyd Riddle, and Dan Yannantuono ("Defendants"), alleging that Defendants failed to pay their employee technicians to the full extent required by law. To vindicate these rights, Plaintiffs have asserted individual claims under the Fair Labors Standards Act ("FLSA") and a class claim under the Illinois Minimum Wage Law ("IMWL"). After class certification was initially granted under Fed. R. Civ. P. 23, the Court subsequently ruled that class treatment of the IMWL claim was not appropriate and decertified the class.

The individual claims eventually were settled, and Plaintiffs filed a petition for attorneys' fees and costs, which was referred to Magistrate Judge Valdez for a report and recommendation. Judge Valdez reduced the request by a substantial

amount, and Plaintiffs now object to her recommendation. For the reasons stated below, the Court overrules Plaintiffs' objections and adopts Judge Valdez's March 18, 2015, Report and Recommendation ("R&R") in its entirety.

## I. Factual Background

The factual background of this case is summarized in the R&R and elsewhere. *See* R&R at 1–2; *Farmer v. DirectSAT USA, LLC*, No. 08 C 3962, 2013 WL 2457956, at *2 (N.D. Ill. June 6, 2013) ("Decertification Order"). In short, Plaintiffs allege that Defendants failed to compensate fully approximately 512 employee technicians for the hours they had performed on the job. They filed individual claims under the FLSA, as well as a class claim under the IMWL.

The Court certified the IMWL claim on December 30, 2008. But after the Seventh Circuit issued *Espenscheid v. DirectSAT USA, LLC*, 705 F.3d 770 (7th Cir. 2013), Defendants filed a motion to decertify, and that motion was granted on June 6, 2013. *See* Decertification Order.

The Court set a trial date for the six individual FLSA claims. But on October 18, 2013, three days before that trial was to begin, the parties reached a settlement. *See* R&R at 2. The parties' Consent Decree and Judgment ("Consent Decree") provided that Defendants would pay Plaintiffs $25,000.00 for the claims of the six named plaintiffs. *See id.* (quoting 2/11/14 Consent Decree & J., ¶ 3.1). The Consent Decree also contemplated that Defendants would pay reasonable attorneys' fees and costs as determined by the Court. *See id.* (quoting 2/11/14 Consent Decree & J., ¶

2

3.7). The judgment was entered on February 11, 2014. *See* 2/11/14 Consent Decree & J.

Plaintiffs filed their petition for attorneys' fees and costs on May 12, 2014. *See* Pls.' Pet. Attys.' Fees. The Court referred Plaintiffs' petition to Judge Valdez for a report and recommendation. *See* 10/9/14 Min. Entry. Judge Valdez issued her R&R on March 18, 2015. Plaintiffs now object.

## II. Standard of Review

Under Federal Rule of Civil Procedure 72(b)(2), after a magistrate judge issues a report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "Rule 72(b) of the Federal Rules of Civil Procedure requires a party that disagrees with a magistrate judge's report and recommendation on a dispositive motion to file 'written, specific objections' to the report." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). "A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). After these responses are made, a district judge reviews *de novo* "any part of the magistrate judge's disposition that has been properly objected to . . . . The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Seventh Circuit has further articulated the *de novo* standard thusly:

> *De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any

3

presumptive weight to the magistrate judge's conclusion. The district judge is free, and encouraged, to consider all of the available information about the case when making this independent decision. A district judge may be persuaded by the reasoning of a magistrate judge or a special master while still engaging in an independent decision-making process.

*Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). "Being persuaded by the magistrate judge's reasoning, even after reviewing the case independently, is perfectly consistent with *de novo* review." *Id.* That said, "[t]he magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur v. L.A. Weight Loss Ctrs., Inc.,* 577 F.3d 752, 760 (7th Cir. 2009).

### III. Objections

Plaintiffs make three specific objections to the R&R. Plaintiffs argue that: (1) Judge Valdez's eighty percent reduction of attorneys' fees incurred post-decertification is unreasonable; (2) Judge Valdez improperly reduced to 13.7 hours the time Plaintiffs spent preparing their fee petition; and (3) the Consent Decree did not require Plaintiffs to file a separate bill of costs under Local Rule 54.1, and thus their request for costs was timely and recoverable.

#### A. Eighty Percent Reduction of Post-Decertification Fees

Plaintiffs first object to Judge Valdez's eighty percent reduction to their fees for work performed post-decertification, *i.e.*, after June 6, 2013. *See* Pls.' Obj. 2–3. In so doing, Plaintiffs do not challenge Judge Valdez's denial of fees incurred to pursue issues related to class certification or otherwise related to the classwide claims. *See* R&R at 8. Nor do they challenge Judge Valdez's denial of fees in those

4

instances where the time records did not adequately segregate fees related to class issues from those related to the individual claims. *See* R&R at 9 n.4. Similarly, Plaintiffs do not object to Judge Valdez's eighty percent reduction of attorneys' fees incurred prior to June 6, 2013, the date of decertification. Instead, Plaintiffs' objection is limited to Judge Valdez's discount of their fees after June 6, 2013.

"Prevailing plaintiffs, which may include plaintiffs who favorably settle their cases, are entitled to reasonable attorney's fees under the FLSA." *Small v. Richard Wolf Med. Instruments Corp.*, 264 F.3d 702, 707 (7th Cir. 2001). In calculating fees, "[w]hen making adjustments to the determined lodestar amount, a court must provide a 'concise but clear explanation of its reasons' for any adjustment." *Reid v. Unilever United States, Inc.*, No. 12 C 6058, 2015 WL 3653318, at *3 (N.D. Ill. June 10, 2015) (quoting *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 409 (7th Cir. 1999)).

Plaintiffs' principal argument is that they are entitled to recover for all hours billed post-decertification. *See* Pl.'s Objs. 2–4. As an initial matter, the Court notes that Plaintiffs did not raise this argument to support their petition before Judge Valdez, and thus cannot rely on it here. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). "[A]rguments not made before a magistrate judge are normally waived . . . . there are good reasons for the rule that district courts should not consider arguments not raised initially before the magistrate judge, even though their review in cases governed by 28 U.S.C. § 636(b)(1) is *de novo*." *Id.* (internal citations omitted); *see also United States v. Furr*, No. 07-CR-57, 2015 WL 1034056, at *2 (E.D. Wis. Mar. 10, 2015) ("Arguments not raised in front of the

5

magistrate judge and raised for the first time in objections made to the district judge are waived."). Plaintiffs are not entitled to ignore an argument in their initial briefing, only take it up after they lose. "[A] willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Melgar*, 227 F.3d at 1040.

But even on the merits, Plaintiffs' objection falls short. Plaintiffs suggest that any reduction applied to fees accrued after June 6, 2013, is impermissible because, post-decertification, the fees could only have been for work on the individual claims. But this line Plaintiffs draw between pre- and post- June 6, 2013 time entries is not as crisp as Plaintiffs would have the Court believe. Looking at the time sheets, there are a number of entries *after* June 6, 2013, that relate to class issues. *See, e.g.*, Pls.' Mem. Supp. Mot. Attys' Fees, Ex. 1a, Part III, 21–22 (entries such as "With Kerry re class lists" and "[r]eview defense response to Rule 23(f) petition") (dated June 25, 2013 and July 9, 2013, respectively). Given this, the lack of specificity between fees related to class versus individual claims plagued the fee petition both pre- and post- decertification. As such, the distinction between pre- and post- June 6, 2013 fees, upon which Plaintiffs rely, is not determinative here.

Moreover, as Defendants point out, Judge Valdez identified a number of additional reasons that support a post-decertification reduction of the fee award. *See* Defs.' Resp. Pls.' Objs. 7–9. Notably, Judge Valdez found that Plaintiffs' FLSA case should not result in an award of over eleven times the amount of settlement

6

recovery, *see* R&R at 11. Indeed, based on the record and the nature of the claims, she concluded that she "would not expect counsel to have received more than $100,000 in fees at the stage this case settled." *Id.* Viewing Plaintiffs' fee request, a "very large tail [had] wagged a very small dog," *Scott v. Sunrise Healthcare Corp.*, No. 95 C 1277, 1999 WL 787624, at *3 (N.D. Ill. Sept. 23, 1999), and Judge Valdez reduced the award for what was reasonable for a "typical FLSA action with few plaintiffs." R&R at 11. She also noted excessive staffing, as well as the many time entries for attorney conferences that lacked justification. *See id.* These are all appropriate grounds to reduce the requested fee both pre- and post- decertification and are well grounded in the record. *See Tauber v. City of Chicago*, 33 F. Supp. 2d 699, 701 (N.D. Ill. 1999) (noting that "a reduction of the award without parsing the specific hours to be eliminated" is appropriate in the Seventh Circuit).

Plaintiffs also argue that, because Defendants continued to vigorously defend the lawsuit, Plaintiffs were forced to incur significant hours post-decertification. *See* Pl.'s Objs. 3; Pl.'s Reply 3. But Judge Valdez took stock of the "parties' contentious history" when arriving at her conclusions, which are supported by the record. *See* R&R at 10. And in any event, Plaintiffs' vigorous pursuit of this action post-certification does not excuse the noted deficiencies in their time records.

For these reasons, Plaintiffs' objections to Judge Valdez's eighty percent reduction as applied to post-decertification fees are overruled. The Court finds that, based on the reasoning in Judge Valdez's Report and Recommendation, an eighty percent reduction is appropriate. The Court adopts in full Judge Valdez's

7

recommendation that such a reduction be applied, resulting in a calculation of $288,662.00. To this amount, the Court adds the $152.00 that Judge Valdez found appropriate for legal research as part of Plaintiffs' attorneys' fees award. *See* R&R 13–14.[1] This results in a final calculation of $288,814.00.

## B. Recoverable Fee Petition Hours

Plaintiffs also object to Judge Valdez's determination that they are only entitled to 13.7 hours for preparation of their fee petition. *See* Pls.' Obj. 4–6. In particular, Plaintiffs argue that Judge Valdez applied an incorrect legal standard in determining the fee award and unjustly penalized Plaintiffs for Defendants' failure to comply with the Local Rules. Neither objection is well-founded.

"While time expended in preparation of a fee petition is compensable, the Seventh Circuit has observed that lawyers often 'litigate fee issues with greater energy and enthusiasm than they litigate any other type of issue.'" *Gibson v. City of Chi.*, 873 F. Supp. 2d 975, 992 (N.D. Ill. 2012) (quoting *Ustrak v. Fairman,* 851 F.2d 983, 987–88 (7th Cir. 1988)). Therefore, to determine the reasonableness of hours spent preparing a fee petition, "the relevant inquiry is whether the hours claimed to have been expended on the fee request bear a rational relation to the number of hours spent litigating the merits of the case." *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 554 (7th Cir. 1999). "Where the time expended preparing a fee petition is disproportionate to the time spent on the merits of the case, courts reduce the

---

[1] Judge Valdez allowed Plaintiffs to recover $759.99 for Westlaw computer research as part of the attorneys' fees award, citing *Tchemkou v. Mukasey*, 517 F.3d 506, 512–13 (7th Cir. 2008). *See* R&R at 13–14. But Judge Valdez found that this award should also be reduced by eighty percent. *See id.* at 14. After reviewing the record, the Court agrees with Judge Valdez's reasoning.

8

amount of time recoverable for the preparation of the fee petition." *Valerio*, --- F. Supp. 3d at ---, 2015 WL 1059362, at *15.

Judge Valdez concluded that the hours spent preparing the fee petition did not bear a rational relation to the fees spent on pursuing individual claims asserted in the case. *See* R&R at 9. While she recognized Defendants' own "recalcitrance in the Local Rule 54.3 process," Judge Valdez found the fee petition excessive, given its failure to focus on the fees that were recoverable – the fees necessary to pursue to the individual claims. *Id.* ("The Court might have found Plaintiffs to be justified in expending a substantial number of hours on the fee petition . . . had that time been well spent in identifying and explaining only those fees attributable to Plaintiffs' individual claims.").

In fact, a review of the petition reveals that the vast bulk of the petition was focused on fees related to class issues, and the Court agrees that Plaintiffs' attorneys would have spent considerably fewer hours if they had focused on the fees that were actually recoverable in this case. Nevertheless, Plaintiffs request that they be awarded fifty percent of the 300 hours they spent on the fee petition. But this amount — $47,915.50 — is disproportionately high when compared to the $288,814.00 awarded here. *Accord Gibson*, 873 F. Supp. 2d at 992 (noting that where "the prevailing party's attorney spent 15 minutes preparing the fee petition for every hour spent litigating the merits" the ratio was too high and should be reduced). And, after reviewing the time records, the Court agrees that 13.7 hours would have been reasonably sufficient for that purpose. Plaintiffs' objections to

9

Judge Valdez's award of 13.7 hours for the time spent preparing their fee petition are overruled.

### C. Reimbursement of Costs

Lastly, Plaintiffs object to Judge Valdez's determination that Plaintiffs cannot recover their costs, because their bill of costs was untimely under Local Rule 54.1. *See* Pl.'s Objs. 6–8. Plaintiffs argue that the parties' Consent Decree and Local Rule 54.3 provide another route for recovering their costs, one which avoids the time limitations imposed by Local Rule 54.1. *See id.*

Local Rule 54.1(a) provides that "[w]ithin 30 days of the entry of a judgment allowing costs, the prevailing party shall file a bill of costs with the clerk and serve a copy of the bill on each adverse party." N.D. Ill. LR 54.1(a). If a party does not meet this deadline all costs shall be deemed waived. *See* N.D. Ill. LR 54.1(a). Judgment was entered in this case on February 11, 2014. *See* 2/11/14 Consent Decree & Judgment. As Judge Valdez noted, Plaintiffs' bill of costs was therefore due on or before March 13, 2014. *See* R&R at 12. It is undisputed that Plaintiffs did not file a bill of costs until May 12, 2014, *see* Pl.'s Petition (filed 5/12/14), approximately two months late. *See Oshana v. Coca-Cola Co.*, 487 F. Supp. 2d 961, 979 (N.D. Ill. 2007) ("Taxable costs (other than clerk's costs) are waived if a bill of costs is not filed within 30 days of entry of judgment."); *see also Helms v. Local 705 Int'l Bhd. of Teamsters Pension Plan,* No. 97 C 4788, 2002 WL 356516, at *3 (N.D. Ill. Mar. 6, 2002) (holding untimely filing of bill of costs waived taxable costs).

10

Plaintiffs now argue that Local Rule 54.1 does not apply here. But, for the reasons previously discussed, Plaintiffs did not advance this argument – or any other argument regarding the timeliness of the bill – before Judge Valdez and cannot do so here. *See Melgar*, 227 F.3d at 1040.

Additionally, Plaintiffs' arguments are incorrect on the merits. In support of their argument that Local Rule 54.1 does not apply in cases involving fee-shifting statutes, Plaintiffs cite an older case from this district, *NLFC, Inc. v. Devcom Mid–America,* 916 F. Supp. 751, 762 (N.D. Ill. 1996), and elsewhere, *Thalheimer v. City of San Diego*, No. 09CV2862-IEG BGS, 2012 WL 1463635, at *9 (S.D. Cal. Apr. 26, 2012). But at least two more recent cases from this district have applied Local Rule 54.1, even in the context of fee-shifting statutes. *See Oshana*, 487 F. Supp. 2d at 980 (Local Rule 54 applies "even in the face of a fee shifting statute"); *Helms*, 2002 WL 356516, at *3 (in context of ERISA). The Court finds these recent cases more persuasive.

Plaintiffs also contend that the Consent Decree exempted Plaintiffs from complying with Local Rule 54.1. *See* Pl.'s Objs. 7. The Consent Decree, however, provides only that Local Rule 54.3 will guide the determination of the reasonableness of Plaintiffs' requested fees and costs. It says nothing about the time for filing a bill of costs. In any event, Local Rule 54.3 provides Plaintiffs no comfort as it is expressly limited to non-taxable expenses and excludes costs that are taxed pursuant to Fed. R. Civ. P. 54(a)(1). *See* L.R. 54.3(a)(1) (defining a fee motion under the rule as "a motion, complaint or any other pleading seeking only an

award of attorneys' fees and related nontaxable expenses"); L.R. 54.3(a)(4) (finding "related nontaxable expenses" to be any expenses "other than costs that are taxed by the clerk pursuant to Fed. R. Civ. P. 54(a)(1).").

Furthermore, to the extent that the costs in Plaintiffs' submissions fall under the rubric of "non-taxable expenses," *see Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997 (noting "travel" and "meal expenses"), Plaintiffs have not submitted any documentation that would justify these costs under Local Rule 54.3. "[E]xpenses such as the ones charged here can properly be part of a fee-shifting award only on a reasonable showing of the particularized need for the expense at issue." *Davis v. Budz*, No. 99 C 3009, 2011 WL 1303477, at *9 (N.D. Ill. Mar. 31, 2011) (invoices alone insufficient). Indeed, even in response to Judge Valdez's identification of these deficiencies, *see* R&R at 13, Plaintiffs have not submitted any supporting documentation. *See generally* Pls.' Objs., Ex. D.

Similarly, Plaintiffs' argument that Defendants were not prejudiced by their untimely bill of costs is unavailing. The terms of Local Rule 54.1 are mandatory: "If the bill of costs is not filed within 30 days, costs other than those of the clerk, taxable pursuant to 28 U.S.C. §1920, *shall be deemed waived.*" N.D. Ill. LR 54.1(a) (emphasis added). The Court may, on a motion filed within the thirty day time period, extend the time for filing. *See id.* But Plaintiffs made no such motion here.[2]

---

[2] Additionally, the Court concurs with Judge Valdez's conclusion that, even if the bill of costs were timely filed, the amount Plaintiffs seek is unreasonable. Indeed, a significant portion of the requested costs related solely to the class claims, and others suffered from inadequate documentation. For example, Plaintiffs seek costs related here to class action experts. *See* Defs.' Resp. Pls.' Objs. 13; Pls.' Objs., Ex. D, 1–4. And Plaintiffs failed to

12

For these reasons, Plaintiffs' objections to Judge Valdez's recommendation that they not be awarded any taxable costs for failure to comply with Local Rule 54.1 is overruled.

## IV. Conclusion

For the reasons provided herein, the Court overrules Plaintiffs' objections and adopts in all respects Judge Valdez's Report and Recommendation [588] granting in part and denying in part Plaintiffs' petition for attorneys' fees and costs [550]. The Court awards Plaintiffs $288,814.00 in fees.

**SO ORDERED**                           **ENTER: 9/24/15**

                                        _____

                                        **JOHN Z. LEE**
                                        **United States District Judge**

---

provide the necessary documentation with regards to their travel and photocopying expenses. *See* Defs.' Resp. Pls.' Objs. 14.